# EXHIBIT 1

## EMPLOYMENT AGREEMENT

### Introduction

This Agreement made and entered into as of this ____ day of June, 2019, by and between CLAYTON COUNTY, GEORGIA, a body politic, (hereinafter called "Employer" and RAMONA THURMAN BIVINS, (hereinafter called "Employee") an individual who has the education, training and experience in local government management, both of whom agree as follows:

### Section 1: Term

The term of this Agreement shall be for an initial period commencing on July 1, 2019 and ending June 30, 2022, if not sooner terminated in accordance with the terms hereof. Thereafter, this Agreement may be automatically renewed for an additional three (3) year period unless Employer takes positive action to terminate the Agreement in accordance with Section 6 of this Agreement. Nothing herein shall be construed as binding any successor Board of Commissioners nor construed as precluding future agreements between the Parties. Further, nothing herein shall be construed as precluding the termination of this Agreement during the initial term or any succeeding term.

### Section 2: Duties and Authority

Employer agrees to employ RAMONA THURMAN BIVINS as Chief Financial Officer (herein referred to as "CFO") to perform the functions and duties specified in the Code of Clayton County, Georgia for said position. The CFO shall perform those duties under the daily direction of the Chairman and shall perform such other duties imposed upon her from time to time by action of the Board. The provisions of the Clayton County Civil Service Act shall not be applicable to the position of CFO.

### Section 3: Compensation

Employer agrees to pay Employee an annual base salary of ONE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($150,000.00), payable in installments at the same time that the other management employees of the Employer are paid.

### Section 4: Benefits

Employer agrees to provide Employee with all rights, privileges and benefits associated with employment in Clayton County given to a full-time employee not covered under the Civil Service System. Given the nature of the responsibilities of the CFO, the Parties acknowledge that the vehicle assigned to the Employee may be used for non-business use as defined by the Internal Revenue Service, and the Parties agree that non-business use as defined under the applicable IRS rules is permitted under this Agreement and will be reimbursed in accordance with IRS rules and regulations.

## Section 5: General Business Expenses

1. Employer agrees to budget for and to pay for professional dues and subscriptions of the Employee necessary for continuation and full participation in national, regional, state, and local associations, and organizations necessary and desirable for the Employee's continued professional participation, growth, and advancement, and for the good of the Employer.

2. Employer agrees to budget for and to pay for travel and subsistence expenses of Employee for professional and official travel, meetings, and occasions to adequately continue the professional development of Employee and to pursue necessary official functions for Employer, including but not limited to such other national regional, state and local government groups and committees in which Employee serves as a member.

3. Employer also agrees to budget for and to pay for travel and subsistence expenses of Employee for short courses, institutes, and seminars that are necessary for the Employee's Professional development and for the good of the Employer.

4. Employer acknowledges the value of having Employee participate and be directly involved in local civic clubs or organizations. Accordingly, Employer shall pay for the membership fees and/or due to enable the Employee to become an active member in local civic clubs or organizations.

5. Employer shall provide Employee with a computer, software, fax/modem, cell phone and other communications devices required for the Employee to perform the job and to maintain communication.

## Section 6: Termination

For the purpose of this Agreement, termination shall occur when:

1. The governing body votes to terminate Employee at a duly authorized public meeting in accordance with the requirements of the law of Clayton County, Georgia.

2. If the Employee resigns following an offer to accept resignation, whether formal or informal, by the Employer as representative of the majority of the governing body that the Employee resign, then the Employee may declare a termination as of the date of the suggestion.

3. The governing body declares its intent not to renew this Agreement by a vote at a duly authorized public meeting in accordance with the requirements of the law of Clayton County, Georgia.

4. Breach of contract is declared by either party with a thirty (30) day cure period for either Employee or Employer. Written notice of a breach of contract shall be provided in accordance with the provisions of Section 13.

5.     In the event of termination, except termination as a result of the conviction of Employee of a felony, Employee shall be afforded forty-eight (48) business hours after she has been notified of such termination in order to remove her personal belongings from her office.

**Section 7: Severance**

1.     Subject to the provisions of subparagraph 2 of this Section, severance shall be paid to the Employee when employment is terminated as defined in Section 6. If the Employee is terminated, the Employer shall pay to Employee the compensation called for herein for a period of six (6) months following the date of the termination.

2.     If the Employee is terminated because of a conviction of a felony, then the Employer is not obligated to pay severance under this Section.

**Section 8: Resignation**

In the event that Employee voluntarily resigns her position with Employer, Employee shall provide a minimum of sixty (60) days' notice unless the Parties agree otherwise.

**Section 9: Outside Activities**

The employment provided for by this Agreement shall be the Employee's sole employment. Recognizing that certain outside consulting or teaching opportunities provide indirect benefits to the Employer and the community, the Employee may elect to accept limited teaching, consulting or other business opportunities with the understanding that such arrangements shall not constitute interference with nor a conflict of interest with her responsibilities under this Agreement.

**Section 10: Indemnification**

Beyond that required under Federal, State or Local Law, Employer shall defend, save harmless and indemnify Employee against any tort, professional liability claim or demand or other legal action, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of Employee's duties as CFO or resulting from the exercise of judgment or discretion in connection with the performance of duties or responsibilities, unless the act or omission involved willful or wanton conduct. The Employer shall indemnify Employee against any and all losses, damages, judgments, interest, settlements, fines, court costs and other reasonable costs and expenses of legal proceedings including attorney's fees, and any other liabilities incurred by, imposed upon, or suffered by such Employee in connection with or resulting from any claim, action, suit, or proceeding, actual or threatened, arising out of or in connection with the performance of her duties. Any settlement of any claim must be made with prior approval of the Employer in order for indemnification, as provided in this Section, to be available.

Employee recognizes that Employer shall have the right to compromise and settle any claim or suit in which Employee is named as a defendant.

### Section 11: Bonding

Employer shall bear the full cost of any fidelity or other bonds required of the Employee under any law or ordinance.

### Section 12: Other Terms and Conditions of Employment

The Employer, only upon agreement with Employee, shall fix any such other terms and conditions of employment, as it may determine from time to time, relating to the performance of the Employee, provided such terms and conditions are not inconsistent with or in conflict with the provisions of this Agreement, the Organizational Act of Clayton County or any other law.

### Section 13: Notices

Notice pursuant to this Agreement shall be given by depositing in the custody of the United States Postal Service, postage prepaid, addressed as follows:

(1) EMPLOYER:
CLAYTON COUNTY, GEORGIA
112 SMITH STREET
JONESBORO, GEORGIA 30236
ATTN: CHAIRMAN

(2) EMPLOYEE:
RAMONA BIVINS
Redacted

Alternatively, notice required pursuant to this Agreement may be personally served in the same manner as is applicable civil judicial service. Notice shall be deemed given as of the date of personal service or as of the date of deposit of such written notice in the course of transmission in the United States Postal Service.

### Section 14: General Provisions

1. Integration. This Agreement sets forth and establishes the entire understanding between the Employer and the Employee relating to the employment of the Employee by the Employer. Any prior discussions or representations by or between the Parties are merged into and rendered null and void by this Agreement. The Parties by mutual written agreement may amend any provision of this Agreement during the life of the Agreement. Such amendments shall be incorporated and made a part of this Agreement.

2. Binding Effect. This Agreement shall be binding on the Employer and the Employee as well as their heirs, assigns, executors, personal representatives and successors in interest.

3.  Effective Date. This Agreement shall become effective on the latter of the date of approval by the Board of Commissioners and acceptance by Employee.

4.  Severability. The invalidity or partial invalidity of any portion of this Agreement will not affect the validity or any other provision. In the event that any provision of this Agreement is held to be invalid, the remaining provisions shall be deemed to be in full force and effect as if they have been executed by both Parties subsequent to the expungement or judicial modification of the invalid provision.

EMPLOYER:

CLAYTON COUNTY, GEORGIA

BY: _____
JEFFREY TURNER
CHAIRMAN

ATTEST:

_____
COUNTY CLERK

SEAL

EMPLOYEE:

_____
RAMONA THURMAN BIVINS