**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FELICIA FRANKLIN, in her individual | ) | CIVIL ACTION FILE NO.: |
| and official capacities; | ) | 1:22-cv-04149-WMR |
| ALIEKA ANDERSON, in her individual | ) | |
| and official capacities; | ) | |
| GAIL HAMBRICK, in her individual | ) | |
| and official capacities; and | ) | |
| CLAYTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALIEKA ANDERSON'S ANSWER TO PLAINTIFF'S
COMPLAINT**

COMES NOW, Alieka Anderson, Defendant in the above-styled action

("Defendant Anderson"), and hereby files this, her Answer to Plaintiff's Complaint,

and shows the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted

against this Defendant.

**SECOND DEFENSE**

The actions of this Defendant were not the proximate cause of any alleged

injury or damages complained of in the Complaint and by reason of such lack of

proximate causation, Plaintiff is not entitled to recover any sum whatsoever from this Defendant.

### THIRD DEFENSE

Any injury or damages suffered by Plaintiff were the result of an independent intervening cause and not the result of any alleged negligence or other actions or inactions of this Defendant.

### FOURTH DEFENSE

Defendant Anderson raises the defense of qualified immunity, acting within her discretionary duties as a member of the Clayton County Board of Commissioners, and Plaintiff cannot show any clearly established right protected by 42 U.S.C. § 1983.

### FIFTH DEFENSE

The allegations set forth in Plaintiff's Complaint do not rise to the level of a constitutional deprivation under color of state law and therefore do not support a claim for relief under 42 U.S.C. § 1983.

### SIXTH DEFENSE

Plaintiff has no basis for any supervisory liability against Dr. Anderson.

### SEVENTH DEFENSE

Defendant Anderson asserts the defenses of good faith defense, and the same decision would have been made absent any discrimination.  McKennon v. Nashville

Banner Publishing Co., 513 U.S. 352 (1995); Kolstad v. American Dental Association, 527 U.S. 526 (1999); Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274 (1977); Price Waterhouse v. Hopkins, 490 U.S. 228, 252-253 (1989).

## EIGHTH DEFENSE

Retaliation for allegedly engaging in protected conduct was not the but-for cause of, or a substantial or motivating factor for, the acts or omissions challenged by Plaintiff.

## NINTH DEFENSE

Defendant Anderson raises the defense of after-acquired evidence.

## TENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## ELEVENTH DEFENSE

To the extent Plaintiff has failed to mitigate alleged damages or caused the alleged damages by her own conduct or actions, if any, any damage award to which she may otherwise be entitled must be reduced.

## TWELFTH DEFENSE

Plaintiff's claims fail under Section 1983 because of the "class of one" defense set forth in the *Engquist* case.

## THIRTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of laches, waiver, estoppel, unjust enrichment, unclean hands, and other equitable doctrines.

## FOURTEENTH DEFENSE

Defendant Anderson reserves any mixed motive defense that may be applicable in this case.

## FIFTEENTH DEFENSE

Punitive damages are not appropriate against Dr. Anderson, in her individual capacity, because such damages are only available upon proof of a "reckless or callous disregard for the plaintiff's rights, [or] intentional violations of federal law." *Smith v. Wade*, 461 U.S. 30, 51 (1983). Punitive damages are not appropriate against Dr. Anderson, in her official capacity, because such damages are actually against Clayton County and punitive damages are not permitted against a governmental entity. *Brandon v. Holt*, 469 U.S. 470 (1985).

## SIXTEENTH DEFENSE

Defendant Anderson reserves the right to raise any additional affirmative defenses as may be discovered during the course of these proceedings.

Without waiving any of the above Defenses, but reserving and relying upon all of said Defenses, Defendant Anderson responds to the specific allegations and averments contained in Plaintiff's Complaint as follows:

## **INTRODUCTION**

Defendant Anderson denies generally any allegation of wrongdoing contained in the unnumbered paragraph preceding Paragraph 1 of Plaintiff's Complaint, and further denies that Plaintiff is entitled to any relief in this matter.

## **PARTIES, JURISDICTION AND VENUE**

1.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 1 of Plaintiff's complaint, and as such the allegations stand denied.

2.

Defendant Anderson admits that Felicia Franklin is on the Clayton County Board of Commissioners for District 3.  Defendant Anderson is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 2 of Plaintiff's complaint, and as such the allegations stand denied.

3.

Defendant Anderson admits the allegations in Paragraph 3 of Plaintiff's complaint.

4.

Defendant Anderson admits that Gail Hambrick is on the Clayton County

Board of Commissioners for District 2.  Defendant Anderson is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 4 of Plaintiff's complaint, and as such the allegations stand denied.

5.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations set forth in Paragraph 5 of Plaintiff's complaint, and as such the allegations stand denied.

6.

Defendant Anderson admits the allegations set forth in Paragraph 6 of Plaintiff's complaint.

7.

Defendant Anderson partially admits the allegations set forth in Paragraph 7 of Plaintiff's Complaint but denies that 28 USC § 1367(a) states that jurisdiction "would serve the interests of judicial economy, convenience and fairness of the parties."  Except as admitted herein, all remaining allegations are denied.

8.

Defendant Anderson admits the allegations set forth in Paragraph 8 of Plaintiff's complaint.

# FACTS

## Ms. Bivins's Background and Employment at Clayton County

9.

Defendant Anderson admits that the Plaintiff was the Chief Financial Officer for Clayton County but is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 9 of Plaintiff's complaint, and as such those allegations stand denied.

10.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 10 of Plaintiff's complaint, and as such the allegations stand denied.

11.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 11 of Plaintiff's complaint, and as such the allegations stand denied.

12.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 12 of Plaintiff's complaint, and as such the allegations stand denied.

13.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 13 of Plaintiff's complaint, and as such the allegations stand denied.

14.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 14 of Plaintiff's complaint, and as such the allegations stand denied.

15.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 15 of Plaintiff's complaint, and as such the allegations stand denied.

16.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 16 of Plaintiff's complaint, and as such the allegations stand denied.

17.

Defendant Anderson denies the allegations of Paragraph 17 of Plaintiff's complaint.

18.

Defendant Anderson is without information or knowledge sufficient to admit

or deny the allegations of Paragraph 18 of Plaintiff's complaint, and as such the allegations stand denied.

19.

Defendant Anderson admits that the contract provides for severance pay in some circumstances but is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 19 of Plaintiff's complaint, and as such those allegations stand denied.

20.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 20 of Plaintiff's complaint, and as such the allegations stand denied.

### *Bivins's Husband's Campaign Activities for Commissioner DeMont Davis*

21.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 21 of Plaintiff's complaint, and as such the allegations stand denied.

22.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 22 of Plaintiff's complaint, and as such the allegations stand denied.

23.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 23 of Plaintiff's complaint, and as such the allegations stand denied.

24.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 24 of Plaintiff's complaint, and as such the allegations stand denied.

25.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 25 of Plaintiff's complaint, and as such the allegations stand denied.

26.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 26 of Plaintiff's complaint, and as such the allegations stand denied.

27.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 27 of Plaintiff's complaint, and as such the allegations stand denied.

28.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 28 of Plaintiff's complaint, and as such the allegations stand denied.

29.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 29 of Plaintiff's complaint, and as such the allegations stand denied.

30.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 30 of Plaintiff's complaint, and as such the allegations stand denied.

31.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 31 of Plaintiff's complaint, and as such the allegations stand denied.

32.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 32 of Plaintiff's complaint, and as such the allegations stand denied.

33.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 33 of Plaintiff's complaint, and as such the allegations stand denied.

34.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 34 of Plaintiff's complaint, and as such the allegations stand denied.

35.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 35 of Plaintiff's complaint, and as such the allegations stand denied.

36.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 36 of Plaintiff's complaint, and as such the allegations stand denied.

**Bivins is terminated and denied contractually obligated severance**

37.

Defendant Anderson admits the allegations of Plaintiff's complaint in Paragraph 37.

38.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 38 of Plaintiff's complaint, and as such the allegations stand denied.

39.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 39 of Plaintiff's complaint, and as such the allegations stand denied.

40.

Defendant Anderson admits that Plaintiff's employment contract as CFO was terminated by the Clayton County Board of Commissioners by a 3-2 vote. Defendant Anderson is without information or knowledge sufficient to admit or deny the remaining allegations of Paragraph 40 of Plaintiff's complaint, and as such the allegations stand denied.

41.

Defendant Anderson admits the allegations of Paragraph 41 of Plaintiff's complaint.

42.

Defendant Anderson denies the allegations of Paragraph 42 of Plaintiff's complaint.

13

43.

Defendant Anderson denies the allegations of Paragraph 43 of Plaintiff's complaint.

44.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 44 of Plaintiff's complaint, and as such the allegations stand denied.

45.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 45 of Plaintiff's complaint, and as such the allegations stand denied.

46.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 46 of Plaintiff's complaint, and as such the allegations stand denied.

47.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 47 of Plaintiff's complaint, and as such the allegations stand denied.

48.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 48 of Plaintiff's complaint, and as such the allegations stand denied.

49.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 49 of Plaintiff's complaint, and as such the allegations stand denied.

50.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 50 of Plaintiff's complaint, and as such the allegations stand denied.

51.

Defendant Anderson denies the allegations of Paragraph 51 of Plaintiff's complaint.

52.

Defendant Anderson denies the allegations of Paragraph 52 of Plaintiff's complaint.

53.

Defendant Anderson admits the allegations of Paragraph 53 of Plaintiff's complaint.

15

54.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 54 of Plaintiff's complaint, and as such the allegations stand denied.

55.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 55 of Plaintiff's complaint, and as such the allegations stand denied.

56.

Defendant Anderson denies the allegations of Paragraph 56 of Plaintiff's complaint.

57.

Defendant Anderson denies the allegations of Paragraph 57 of Plaintiff's complaint.

**Anderson, Hambrick, and Franklin continue to retaliate after the termination**

58.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 58 of Plaintiff's complaint, and as such the allegations stand denied.

59.

Defendant Anderson denies the allegations of Paragraph 59 of Plaintiff's complaint.

60.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 60 of Plaintiff's complaint, and as such the allegations stand denied.

61.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 61 of Plaintiff's complaint, and as such the allegations stand denied.

62.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 62 of Plaintiff's complaint, and as such the allegations stand denied.

63.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 63 of Plaintiff's complaint, and as such the allegations stand denied.

64.

Defendant Anderson is without information or knowledge sufficient to admit

or deny the allegations of Paragraph 64 of Plaintiff's complaint, and as such the allegations stand denied.

65.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 65 of Plaintiff's complaint, and as such the allegations stand denied.

66.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 66 of Plaintiff's complaint, and as such the allegations stand denied.

67.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 67 of Plaintiff's complaint, and as such the allegations stand denied.

68.

Defendant Anderson admits the allegations of Paragraph 68 of Plaintiff's complaint.

69.

Defendant Anderson admits the allegations of Paragraph 69 of Plaintiff's complaint.

70.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 70 of Plaintiff's complaint, and as such the allegations stand denied.

71.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 71 of Plaintiff's complaint, and as such the allegations stand denied.

72.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 72 of Plaintiff's complaint, and as such the allegations stand denied.

73.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 73 of Plaintiff's complaint, and as such the allegations stand denied.

74.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 74 of Plaintiff's complaint, and as such the allegations stand denied.

75.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 75 of Plaintiff's complaint, and as such the allegations stand denied.

76.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 76 of Plaintiff's complaint, and as such the allegations stand denied.

77.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 77 of Plaintiff's complaint, and as such the allegations stand denied.

78.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 78 of Plaintiff's complaint, and as such the allegations stand denied.

79.

Defendant Anderson admits that the audit letter is correctly stated in Paragraph 79 of Plaintiff's complaint.

80.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 80 of Plaintiff's complaint, and as such the allegations stand denied.

81.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 81 of Plaintiff's complaint, and as such the allegations stand denied.

82.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 82 of Plaintiff's complaint, and as such the allegations stand denied.

83.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 83 of Plaintiff's complaint, and as such the allegations stand denied.

84.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 84 of Plaintiff's complaint, and as such the allegations stand denied.

85.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 85 of Plaintiff's complaint, and as such the allegations stand denied.

86.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations of Paragraph 86 of Plaintiff's complaint, and as such the allegations stand denied.

## COUNT ONE

**First Amendment Retaliation**
**Asserted Through 42 U.S.C. § 1983**
*Against Defendants Clayton County and Anderson, Franklin, and Hambrick in their individual and official capacities*

87.

Defendant Anderson reincorporates her responses and defenses to Paragraphs 1-86 as if fully restated herein.

88.

Defendant Anderson admits the allegations as to the recitation of First Amendment law of Paragraph 88 of Plaintiff's complaint as stated but denies any liability regarding the same.

89.

Defendant Anderson is without information or knowledge sufficient to admit

or deny the allegations as to the recitation of First Amendment law of Paragraph 89 of Plaintiff's complaint as stated but denies any liability regarding the same.

90.

Defendant Anderson is without information or knowledge sufficient to admit or deny the allegations as to the recitation of First Amendment law of Paragraph 90 of Plaintiff's complaint as stated but denies any liability regarding the same.

91.

Defendant Anderson denies the allegations of Paragraph 91 of Plaintiff's complaint.

92.

Defendant Anderson denies the allegations of Paragraph 92 of Plaintiff's complaint.

93.

Defendant Anderson denies the allegations of Paragraph 93 of Plaintiff's complaint.

94.

Defendant Anderson denies the allegations of Paragraph 94 of Plaintiff's complaint.

95.

Defendant Anderson denies the allegations of Paragraph 95 of Plaintiff's

complaint.

96.

Defendant Anderson denies the allegations of Paragraph 96 of Plaintiff's complaint.

97.

Defendant Anderson denies the allegations of Paragraph 97 of Plaintiff's complaint.

98.

Defendant Anderson denies the allegations of Paragraph 98 of Plaintiff's complaint.

99.

Defendant Anderson denies the allegations of Paragraph 99 of Plaintiff's complaint.

100.

Defendant Anderson denies the allegations of Paragraph 100 of Plaintiff's complaint.

101.

Defendant Anderson denies the allegations of Paragraph 101 of Plaintiff's complaint.

102.

Defendant Anderson denies the allegations of Paragraph 102 of Plaintiff's complaint.

103.

Defendant Anderson denies the allegations of Paragraph 103 of Plaintiff's complaint.

104.

Defendant Anderson denies the allegations of Paragraph 104 of Plaintiff's complaint.

105.

Defendant Anderson denies the allegations of Paragraph 105 of Plaintiff's complaint.

106.

Defendant Anderson denies the allegations of Paragraph 106 of Plaintiff's complaint.

107.

Defendant Anderson denies the allegations of Paragraph 107 of Plaintiff's complaint.

## COUNT TWO
## BREACH OF CONTRACT
### *Against Defendant Clayton County*

108.

Defendant Anderson reincorporates her responses and defenses to Paragraphs 1-107 as if fully restated herein.

109.

Defendant Anderson denies the allegations of Paragraph 109 of Plaintiff's complaint.

110.

Defendant Anderson denies the allegations of Paragraph 110 of Plaintiff's complaint.

111.

Defendant Anderson denies the allegations of Paragraph 111 of Plaintiff's complaint.

112.

Defendant Anderson denies the allegations of Paragraph 112 of Plaintiff's complaint.

113.

Defendant Anderson denies the allegations of Paragraph 113 of Plaintiff's complaint.

## **COUNT THREE**
### **Punitive Damages Under 42 U.S.C. § 1983**
***Against Defendants Franklin, Anderson, and Hambrick in their individual capacities***

114.

Defendant Anderson reincorporates her responses and defenses to Paragraphs 1-113 as if fully restated herein.

115.

Defendant Anderson is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 115 of Plaintiff's complaint, and as such the allegations stand denied.

116.

Defendant Anderson denies the allegations of Paragraph 116 of Plaintiff's complaint.

117.

Defendant Anderson denies the allegations of Paragraph 117 of Plaintiff's complaint.

118.

Defendant Anderson denies the allegations of Paragraph 118 of Plaintiff's complaint.

119.

Defendant Anderson denies the allegations of Paragraph 119 of Plaintiff's complaint.

**<u>PRAYER FOR RELIEF</u>**

To the extent that the section of the Plaintiff's complaint entitled "Prayer for

Relief" requires a response, Defendant Anderson denies Plaintiff's prayer for relief.

WHEREFORE, having answered all of the allegations in the Plaintiff's complaint, Defendant Anderson prays:

1. That Plaintiff's complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant Anderson;

2. For her costs and expenses in defending this action, including attorneys' fees; and

3. For such other relief as this Court deems just and proper.

Respectfully submitted this 22 day of November, 2022.

**GREGORY, DOYLE,**
**CALHOUN, & ROGERS, LLC**
Attorneys for Defendant Anderson

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar Number 255345
Dasha M. Jackson
Georgia Bar Number 386323

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com
djackson@gdcrlaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

RAMONA THURMAN BIVINS,     )
    )
    Plaintiff,     )
    )
v.     )
    )
FELICIA FRANKLIN, in her individual     )    CIVIL ACTION FILE NO.:
and official capacities;     )    1:22-cv-04149-WMR
ALIEKA ANDERSON, in her individual     )
and official capacities;     )
GAIL HAMBRICK, in her individual     )
and official capacities; and     )
CLAYTON COUNTY, GEORGIA,     )
    )
    Defendants.     )

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2022, I electronically filed **DEFENDANT ALIEKA ANDERSON'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Edward D. Buckley
Andrew R. Tate
Buckley Beal LLP
600 Peachtree Street NE
Ste. 3900
Atlanta, GA 30308
edbuckley@buckleybeal.com
atate@buckleybeal.com

29

**GREGORY, DOYLE,
CALHOUN, & ROGERS, LLC**
Attorneys for Defendant Anderson

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar Number 255345
Dasha M. Jackson
Georgia Bar Number 386323

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com
djackson@gdcrlaw.com

3650977_1