IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,<br><br>  Plaintiff,<br><br>vs.<br><br>FELICIA FRANKLIN, in her individual and official capacities;<br>ALIEKA ANDERSON, in her individual and official capacities;<br>GAIL HAMBRICK, in her individual and official capacities; and<br>CLAYTON COUNTY, GEORGIA,<br><br>  Defendants. | CIVIL ACTION NO.:<br>1:22-cv-04149-WMR |

### DEFENDANTS GAIL HAMBRICK AND CLAYTON COUNTY, GEORGIA'S MOTION TO STAY ALL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Defendants Gail Hambrick and Clayton County, Georgia ("these defendants"), and pursuant to Federal Rule of Civil Procedure 26(d) and L.R. 26.1, respectfully move this Court for an order staying all discovery in this action, including disclosures and planning conferences pursuant to Fed. R. Civ. P. 26 and L.R. 16.1 and 16.2, pending a final ruling on these defendants' Motion to Dismiss.[1]

---

[1] Defendants Felicia Franklin and Alieka Anderson consent to this motion to stay and the relief sought herein.

## I. INTRODUCTION

These defendants have filed a Motion to Dismiss based on the allegations contained in plaintiff's complaint (Doc. 1). In the Motion, these defendants seek an order dismissing plaintiff's claims against them for failure to state a claim and based on qualified immunity. Therefore, depending on the Court's ruling, plaintiff's claims may be dismissed entirely, thereby rendering discovery unnecessary. In the interests of efficiency and justice, and to prevent undue burden and expense, these defendants request that all discovery, including disclosures and planning conferences pursuant to Fed. R. Civ. P. 26 and L.R. 26.1, be stayed pending the Court's consideration of and ruling on these defendants' Motion to Dismiss.

## II. ARGUMENT AND CITATION TO AUTHORITY

This Court has broad discretion to control discovery. Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." FED. R. CIV. P. 26(d); see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558–59 (11th Cir. 1985) (court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion").

Pursuant to this authority, it is proper for a trial court to stay discovery while a dispositive motion is pending. Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (ruling that stay of discovery was proper pending district court's

disposition of a motion for judgment on the pleadings that challenged the sufficiency of the complaint's allegations). "Facial challenges to the legal sufficiency of a claim . . . such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins." Chudasma v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (holding that stay of discovery was proper pending district court's resolution of motion based on failure to state a claim for relief).

In exercising its discretion, the Court should stay discovery in this matter, thereby relieving the parties from having to expend time and resources on discovery pending a ruling on these defendants' Motion to Dismiss. A stay of discovery is warranted given the potentially dispositive arguments made in the Motion to Dismiss. Any discovery conducted before a ruling on the issues set forth in these defendants' Motion to Dismiss would be overly broad and encompass claims which are subject to dismissal. As the Eleventh Circuit has noted, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). The purpose of discovery is not "to enable a plaintiff to make a case when [her] complaint has failed to state a claim." Butler v. Sukhoi Co., 579 F.3d 1307, 1315 (11th Cir. 2009) (citing Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981)).

Rather, "[d]iscovery should follow the filing of a well-pleaded complaint." Kaylor, 661 F.2d at 1184.

In their Motion to Dismiss, these defendants have demonstrated to the Court that all of plaintiff's claims in the complaint are subject to dismissal. No discovery is necessary at this juncture, period. Because these defendants' Motion is limited to the allegations in plaintiff's complaint, there is no need for discovery at the present time as no factual development is necessary for the Court to pass upon the sufficiency of plaintiff's claims against these defendants. Mullins v. M.G.D. Graphics Systems Group, 867 F.Supp. 1578, 1579 (N.D. Ga. 1994) ("the Court must presume, for purposes of this motion, that all well-pleaded factual allegations of the Complaint are true and all contravening assertions in the movant's pleadings are false.").

Additionally, a stay of discovery is particularly warranted in this case as defendant Hambrick has asserted qualified immunity. This "entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Miracle by Miracle v. Spooner, 978 F. Supp. 1161, 1175 (N.D. Ga. 1997) (citing Griesel v. Hamlin, 963 F.2d 338, 340 (11th Cir. 1992)). The Supreme Court "repeatedly [has] stressed the importance of resolving immunity questions at the earliest possible stage in the litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991);

Siegert v. Gilley, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed.").

Therefore, an order staying all discovery, including disclosures and planning conferences pursuant to FED. R. CIV. P. 26 and L.R. 26.1, will protect all parties from expending time, effort, and resources on potentially irrelevant claims or issues.

### III.   CONCLUSION

For the foregoing reasons, these defendants request that the Court grant this Motion and stay all discovery, including disclosures and planning conferences pursuant to Fed. R. Civ. P. 26 and L.R. 26.1, pending the Court's consideration of and ruling on these defendants' Motion to Dismiss.

**FREEMAN MATHIS & GARY, LLP**

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960

-6-

        Attorneys for Defendants Clayton County, Georgia and Gail Hambrick

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 5th day of December, 2022.

FREEMAN MATHIS & GARY, LLP

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record who are CM/ECF system participants.

This 5th day of December, 2022.

                                      FREEMAN MATHIS & GARY, LLP

                                      */s/ A. Ali Sabzevari*
                                      A. Ali Sabzevari
                                      Georgia Bar No. 941527

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960