## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | 1:22-cv-04149-WMR |
| FELICIA FRANKLIN, in her | ) | |
| individual and official capacities; | ) | |
| ALIEKA ANDERSON, in her | ) | |
| individual and official capacities; | ) | |
| GAIL HAMBRICK, in her | ) | |
| individual and official capacities; | ) | |
| and CLAYTON COUNTY, | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FELICIA FRANKLIN'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Felicia Franklin ("Franklin") or ("this Defendant"), named as a defendant in her individual and official capacity as a Clayton County Commissioner in the above-styled action, by and through undersigned counsel, and submits this her Answer to Plaintiff's Complaint, showing as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Defendant Franklin.

**SECOND DEFENSE**

Defendant Franklin, in her individual capacity, did not violate clearly established law of which reasonable public officials would be on notice in the performance of their discretionary duties; therefore, she is entitled to the defense of qualified immunity.

**THIRD DEFENSE**

The allegations in Plaintiff's Complaint do not rise to the level of a constitutional deprivation under color of state law and, therefore, do not support a claim for relief under 42 U.S.C. § 1983.

**FOURTH DEFENSE**

Plaintiff did not engage in speech, expression, or association protected by the First Amendment of the United States Constitution.

**FIFTH DEFENSE**

Defendant Franklin denies that Plaintiff's alleged speech, expression, or association motivated her decisions or actions.  Franklin asserts that her decisions and actions with respect to Plaintiff and Plaintiff's invalid CFO contract were unconnected to Plaintiff's alleged speech, expression, association, or any other alleged protected activity engaged in by Plaintiff.

## SIXTH DEFENSE

The actions taken by Defendant Franklin were based on legitimate, non-discriminatory, and valid business reasons and reasonable factors completely separate and apart from Plaintiff's so-called speech, expression, or association.

## SEVENTH DEFENSE

The actions of Defendant Franklin were not the proximate cause of any alleged injury of damages complained of in the Complaint, and by reason of such lack of proximate causation, Plaintiff is not entitled to recovery any sum whatsoever from Defendant Franklin.

## EIGHTH DEFENSE

Any injury of damages suffered by Plaintiff was the result of an independent intervening cause and not the result of any alleged negligence or other action or inaction of Defendant Franklin.

## NINTH DEFENSE

Defendant Franklin raises and/or preserves the defense of after-acquired evidence.

## TENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## ELEVENTH DEFENSE

To the extent that Plaintiff has failed to mitigate her damages, or to the extent Plaintiff has caused the alleged damages by her own conduct or action, any damage aware to which Plaintiff may otherwise be entitled must be reduced.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrines of laches, waiver, estoppel, unjust enrichment, unclean hands, and/or other equitable defenses.

## THIRTEENTH DEFENSE

Defendant Franklin raises and/or reserves any mixed motive defense that may be applicable in this case.

## FOURTEENTH DEFENSE

Punitive damages are not appropriate against Defendant Franklin, in her individual capacity, because such damages are only available upon proof of a "reckless or callous disregard for the plaintiff's rights, [or] intentional violations of federal law." *Smith v. Wade*, 461 U.S. 30, 51 (1983). Punitive damages are not appropriate against Defendant Franklin, in her official capacity, because such damages are actually against Clayton County and punitive damages are not permitted against a governmental entity. *Brandon v. Holt*, 469 U.S. 470 (1985).

**FIFTEENTH DEFENSE**

The County did not properly amend their local acts under the Georgia Constitution when it attempted to create the position of Chief Financial Officer. As such, because the CFO position was never properly created, Plaintiff's claims regarding termination must fail. *See* Ga. Const. Art. 9, § 2, ¶ 1.

**SIXTEENTH DEFENSE**

Defendant Franklin raises the defenses, as applicable, of official immunity, good faith immunity, and legislative immunity.

**SEVENTEENTH DEFENSE**

Defendant Franklin raises the defense of good faith.

**EIGHTEENTH DEFENSE**

Retaliation for allegedly engaging in protected conduct was not the but-for cause of, or a substantial or motivating factor for, the acts or omissions challenged by Plaintiff.

**NINTEENTH DEFENSE**

Defendant Franklin reserves the right to raise any additional affirmative defenses that may be discovered during the course of these proceedings.

Without waiving any of the above Defenses, Defendant Franklin responds to the specific allegations and averments in Plaintiff's Complaint as follows:

## DEFENDANT FELICIA FRANKLIN'S RESPONSE TO "PARTIES, JURISDICTION, AND VENUE"

1.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, thus, they are denied.

2.

The allegations in the first and third sentences of Paragraph 2 of the Complaint are admitted. The allegation in the second sentence of Paragraph 2 is merely a statement of Plaintiff's legal theory to which no response is required. To the extent that sentence two of Paragraph 2 implies or infers liability against Defendant Franklin, it is expressly denied.

3.

In response to the allegations in Paragraph 3, of the Complaint, this Defendant admits that Alieka Anderson is the District 1 Commissioner of the Clayton County Board of Commissioners. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint and, thus, the remaining allegations are denied.

4.

In response to the allegations in Paragraph 4, of the Complaint, this Defendant admits that Gail Hambrick is the District 2 Commissioner of the Clayton County

Board of Commissioners. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint and, thus, the remaining allegations are denied.

5.

In response to the allegations in Paragraph 5, of the Complaint, this Defendant admits that Jeffrey E. Turner is the Chairman on the Clayton County Board of Commissioners. By way of further response, this Defendant shows that the method of service of process of a Georgia county is governed by FRCP 4 and no further response from this Defendant is required. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and, thus, the remaining allegations are denied.

6.

In response to Paragraph 6, this Defendant admits that this Court has subject matter jurisdiction over claims asserting alleged violations of federal law and that Plaintiff purports to bring such claims. However, this Defendant denies that Plaintiff can state a claim for relief against her.

7.

This Defendant denies the allegations in Paragraph 7 of the Complaint as pled.

8.

This Defendant admits the allegations in Paragraph 8 of the Complaint as to the propriety of venue, only, but denies Paragraph 8 of the Complaint to the extent that such allegations allege or infer that Plaintiff states a claim upon which relief can be granted against this Defendant.

## DEFENDANT FELICIA FRANKLIN'S RESPONSE TO "FACTS"

### Defendant Felicia Franklin's Response to "Ms. Bivins' Background and Employment at Clayton County"

9.

This Defendant admits that Ramona Bivins served in the position of Chief Financial Officer ("CFO") for Clayton County but is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint and, thus, the remaining allegations are denied.

10.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, thus, the allegations are denied.

11.

In response to the allegations in Paragraph 11 of the Complaint, this Defendant responds that the role of the Clayton County CFO is purported to be set forth by law in the County's local acts at Sec. 2-13.5, "Chief financial officers and

assistants," and, thus, no response is required.[1] This Defendant denies the allegations in Paragraph 11 to the extent that those allegations attempt to expand the role of the CFO or the Clayton County Finance Department beyond what is authorized by law, and to the extent that the position of CFO was not lawfully created by the Clayton County Board of Commissioners.

12.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, thus, the allegations are denied.

13.

In response to Paragraph 13, this Defendant denies that Ms. Bivins' performance as CFO was "exemplary" and denies that the so-called "strong evaluations" were accurate. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and, thus, the allegations are denied.

14.

In response to Paragraph 14, this Defendant responds that the Code of Clayton County, at Section 2-13.5(a), purports to place the CFO under the daily direction of

---

[1] This Defendant asserts that the Clayton County CFO position, purportedly created by amendment to the County's local laws, did not follow the mandates of the Georgia Constitution thus said amendment is a legal nullity.

the Clayton County Chair. Answering further, this Defendant asserts that, upon information and belief, the position of CFO does not exist in Clayton County as such position was allegedly created by an amendment to the Clayton County, Georgia enabling legislation undertaken in derogation of the Georgia Constitution. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 14, and those allegations are, thus, denied.

15.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, thus, the allegations are denied.

16.

In response to the allegations in Paragraph 16 of the Complaint, this Defendant shows that any purported contract will speak for itself and, thus, no response is required. By way of further response, this Defendant denies that any valid employment contract existed between Plaintiff and Clayton County and further denies that the CFO position was ever lawfully created. All other allegations in Paragraph 16 of the Complaint are denied.

17.

This Defendant denies the allegations in Paragraph 17 of the Complaint. Answering further, the terms of Plaintiff's purported contract speaks for itself as to what was purportedly authorized thereunder.

18.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, thus, the allegations are denied. Answering further, the terms of any purported contract between Clayton County and Mr. Stanford speaks for itself as to content and meaning, and is the best evidence thereof.

19.

In response to the allegations in Paragraph 19 of the Complaint, this Defendant shows that the terms of Plaintiff's purported contract speaks for itself and, thus, no response is required. By way of further response, this Defendant denies that any valid employment contract existed between Plaintiff and Clayton County and further denies that the position of CFO was ever lawfully created in Clayton County. Any further allegations in Paragraph 19 are denied.

20.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, thus, the allegations are denied.

### *Defendant Felicia Franklin's Response to "Bivins' Husband's Campaign Activities for Commissioner DeMont Davis"*

21.

In response to the allegations in Paragraph 21 of the Complaint, this Defendant admits, upon information and belief, that Plaintiff is married to Mr. Charlton Bivins, but states that she is without sufficient information or knowledge to form a belief as to whether they were married "at all times relevant" to the Complaint.

22.

In response to the allegations in Paragraph 22 of the Complaint, this Defendant admits, upon information and belief, that Plaintiff is married to Mr. Charlton Bivins, and that she has knowledge of same, but denies any allegation or implication that Plaintiff's marital relationship was a motivating factor in voting to terminate Plaintiff's employment and declare the purported contract invalid. By way of further response, this Defendant states that she is without sufficient information or knowledge to form a belief as to the knowledge of Commissioners Alieka

Anderson and Gail Anderson and, thus, the remaining allegations in Paragraph 22 of the Complaint are also denied.

23.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, thus, the allegations are denied.

24.

This Defendant admits to knowledge of Mr. Bivins' support of Commissioner Davis's reelection campaign, but denies any allegation or implication that such knowledge was a motivating factor in voting to terminate Plaintiff's employment and/or declare the purported contract invalid. By way of further response, this Defendant states that she is without sufficient information or knowledge to form a belief as to the knowledge of Commissioners Alieka Anderson and Gail Hambrick and, thus, the remaining allegations in Paragraph 24 of the Complaint are denied.

25.

This Defendant admits to supporting Ms. Scott's campaign but denies any allegation or implication that her support of Ms. Scott was a motivating factor in voting to terminate Plaintiff's employment and/or to declare the purported contract invalid. By way of further response, this Defendant states that she is without sufficient information or knowledge to form a belief as to the actions of

Commissioner Alieka Anderson or Victor Hill and, thus, the remaining allegations in Paragraph 25 of the Complaint are also denied.

26.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint and, thus, the allegations are denied.

27.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint and, thus, the allegations are denied.

28.

The allegations in Paragraph 28 are admitted insomuch as this Defendant did provide an audio recording to Ms. Kemp on or about May 23, 2022. By way of further response, this Defendant states that the referenced audio records—upon proper authentication—will speak for itself as to its contents.

29.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint and, thus, the allegations are denied.

30.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint and, thus, the allegations are denied. By way of further response, and without waiving any evidentiary objections, this Defendant shows that the audio recording—upon proper authentication—will speak for itself as to its contents.

31.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint and, thus, the allegations are denied. By way of further response, and without waiving any evidentiary objections, this Defendant shows that the articles referenced by Plaintiff in Paragraph 31 of the Complaint—upon proper authentication—will speak for themselves as to their content.

32.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint and, thus, the allegations are denied. By way of further response, and without waiving any evidentiary objections, this Defendant shows that the article referenced by Plaintiff in Paragraph 32 of the Complaint—upon proper authentication—will speak for itself as to its content.

33.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint and, thus, the allegations are denied. By way of further response, and without waiving any evidentiary objections, this Defendant shows that the article referenced by Plaintiff in Paragraph 33 of the Complaint—upon proper authentication—will speak for itself as to its content.

34.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint and, thus, the allegations are denied.

35.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, thus, the allegations are denied. By way of further response, and without waiving any evidentiary objections, this Defendant shows that the Facebook post referenced by Plaintiff in Paragraph 35 of the Complaint—upon proper authentication—will speak for itself as to its content.

36.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, thus, the allegations are denied. By way of further response, and without waiving any evidentiary objections, this Defendant shows that the Twitter post referenced by Plaintiff in Paragraph 36 of the Complaint—upon proper authentication—will speak for itself as to its content.

## Defendant Felicia Franklin's Response to "Bivins is terminated and denied contractually obligated severance"

37.

This Defendant admits the allegations in Paragraph 37 of the Complaint. By way of further response, this Defendant also shows that the Board of Commissioners' public agenda will speak for itself as to its content.

38.

In response to the allegations in Paragraph 38, this Defendant states that she is without sufficient information or knowledge to either admit or deny the allegations, and thus they must stand as denied. This Defendant further states that she cannot recall the specifics or contents of any conversations she may have had before the meeting with Commissioner Anderson on June 7, 2022.

39.

The allegations in Paragraph 39 are denied as pled.  Answering further, this Defendant shows that the duly adopted minutes and/or the video of the June 7, 2022 Clayton County Board of Commissioners meeting are the best evidence of what occurred at that meeting.  All allegations purporting to depict what occurred at that meeting, to the extent in conflict with the minutes and/or the video of the meeting, are denied.

40.

The allegations in Paragraph 40 are denied as pled.  Answering further, this Defendant shows that the duly adopted minutes and/or the video of the June 7, 2022 Clayton County Board of Commissioners meeting are the best evidence of what occurred at that meeting.  All allegations purporting to depict what occurred at that meeting, to the extent in conflict with the minutes and/or video of the meeting, are denied. Answering further, this Defendant acknowledges that at the June 7, 2022 meeting Plaintiff's position with Clayton County was terminated. Answering still further, this Defendant asserts that Clayton County's so-called contract with the Plaintiff was a legal nullity and further asserts that the position of CFO was never properly created.

41.

In response to the allegations in Paragraph 41 of the Complaint, this Defendant admits that the purported contract was declared "ultra vires" by a 3-2 vote of the Board. All allegations purporting to depict what occurred at that meeting, to the extent in conflict with the minutes and/or the video of the meeting, are denied. This Defendant denies any remaining allegations in Paragraph 41.

42.

Paragraph 42 is denied.

43.

Paragraph 43 is denied.  Answering further, all allegations purporting to depict what occurred at that meeting, to the extent in conflict with the minutes and/or meeting video, are denied.

44.

Paragraph 44 is denied as pled. By way of further response, this Defendant shows that the video recording and the minutes of the meeting speak for themselves as to what occurred during the meeting.

45.

Paragraph 45 is denied as pled. By way of further response, this Defendant shows that the video recording and the minutes of the meeting speak for themselves as to what occurred during the meeting.

46.

Paragraph 46 is denied as pled. By way of further response, this Defendant shows that the video recording and the minutes of the meeting speak for themselves as to what transpired during the meeting.

47.

The allegations contained in Paragraph 47 of the Complaint are admitted. By way of further response, this Defendant shows that the video recording and the minutes of the meeting speak for themselves as to what transpired during the meeting.

48.

In response to the allegations in Paragraph 48, this Defendant states that she is without sufficient information or knowledge to either admit or deny the allegations, and thus they must stand as denied. This Defendant further states that she cannot recall the specifics or contents of any conversations she may have had after the meeting with Commissioner Anderson on June 7, 2022.

49.

In response to the allegations in Paragraph 49 of the Complaint, this Defendant admits that she has not made a public statement regarding Plaintiff's termination. This Defendant is without sufficient information or knowledge to form

a belief as to the truth of the remaining allegations in Paragraph 49 of the Complaint and, thus, the remaining allegations are denied

50.

In response to the allegations in Paragraph 50 of the Complaint, this Defendant denies the allegations directed at her personal knowledge or actions. By way of further response, this Defendant shows that the remaining allegations are directed at the personal knowledge or actions of other and that she is, therefore, without sufficient information or knowledge to form a belief as to the truth of the remaining allegations. Thus, the remaining allegations in Paragraph 50 of the Complaint are also denied.

51.

The allegations in Paragraph 51 of the Complaint are denied.

52.

The allegations in Paragraph 52 of the Complaint are denied.

53.

The allegations in Paragraph 53 of the Complaint are admitted.

54.

The allegations in Paragraph 54 of the Complaint are admitted.

55.

In response to the allegations in Paragraph 55, this Defendant denies that, at the time Mr. Johnson was made interim CFO, that she had any knowledge regarding his alleged forthcoming medical-related retirement. This Defendant is without information or knowledge sufficient to form a belief as to whether Mr. Johnson had in fact already announced his retirement or as to what Commissioner Anderson may or may not have known at the time. As such, those allegations are also denied.

56.

Paragraph 56 is denied as pled. Answering further, this Defendant admits that Mr. Johnson chose to retire a few weeks after being appointed as Interim CFO, but is without information or knowledge sufficient to form a belief as to the motivation for Mr. Johnson's retirement.

57.

Paragraph 57 is denied as pled. Answering further, this Defendant admits that Mr. Johnson chose to retire a few weeks after being appointed as Interim CFO, but this Defendant denies taking any actions related to Mr. Johnson's retirement based upon "retribution for his perceived lack of loyalty."

**Defendant Felicia Franklin's Response to "Anderson, Hambrick, and Franklin continue to retaliate after the termination"**

58.

The allegations in Paragraph 58 of the Complaint are denied as pled. By way of further response, this Defendant acknowledges that no severance payments have been made to Plaintiff.

59.

Paragraph 59 is denied.

60.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 60 of the Complaint and, thus, the allegations are denied.

61.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, thus, the allegations are denied.

62.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 58 of the Complaint and, thus, the allegations are denied.  Answering further, any written positions asserted by Youngblood to the DOL are the best evidence of their content, context and meaning.

23

63.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and, thus, the allegations are denied.

64.

In response to the allegations in Paragraph 64 of the Complaint, this Defendant shows that the document referred to as "Employment Agreement" will speak for itself as to its contents.

65.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and, thus, the allegations are denied.

66.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and, thus, the allegations are denied.

67.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and, thus, the allegations are denied.  Answering further, the minutes and/or meeting video of

the October 5, 2021 Clayton County Board of Commissioners' meeting are the best evidence of what occurred as such meeting.

68.

The allegations in in Paragraph 68 of the Complaint are admitted.

69.

The allegations in in Paragraph 69 of the Complaint are admitted.

70.

The allegations in Paragraph 70 of the Complaint are admitted.

71.

Paragraph 71 is denied, as pled.  Answering further, any purported 2013–2016 CFO contract is a written document and the best evidence of its context, content, and meaning are contained within its four corners.

72.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and, thus, the allegations are denied.

73.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, thus, the allegations are denied.

74.

The allegations in Paragraph 74 of the Complaint are denied.

75.

In response to Paragraph 75, this Defendant admits that Clayton County has

psid for university courses taken by Clayton County COO Mr. Stanford. By way of

further response, this Defendant shows that she is without sufficient information or

knowledge regarding the details of those transactions to either admit or deny the

remaining allegations of Paragraph 75 and, thus, they are denied.

76.

This Defendant is without sufficient information or knowledge to form a

belief as to the truth of the allegations in Paragraph 76 of the Complaint and, thus,

the allegations are denied.

77.

The allegations in Paragraph 77 of the Complaint are denied as pled. By way

of further response, this Defendant shows that the vote of the Board on September

6, 2022, is memorialized in the official minutes which speak for themselves.

78.

Paragraph 78 is denied as pled.  Answering further, Paragraph 78 references

a written letter from Charles Reed to the Plaintiff, which speaks for itself as to its

content, context, and meaning, and is the best evidence thereof.  No further response is required.

79.

In response to the allegations in Paragraph 79 of the Complaint, this Defendant shows, without waiving any evidentiary objections to the admissibility of same, that the document referenced by Plaintiff—upon proper authentication—speaks for itself as to its contents and no response from this Defendant is required.

80.

Paragraph 80 is denied as pled.  Answering further, Paragraph 80 references excerpts from various written documents wherein said documents, in full, speak for themselves as to their respective content, context, and meaning, and are the best evidence thereof.  No further response is required.

81.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 81 of the Complaint and, thus, the allegations are denied.

82.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 82 of the Complaint and, thus, the allegations are denied.

83.

In response to the allegations in Paragraph 83 of the Complaint, this Defendant shows, without waiving any evidentiary objections to the admissibility of same, that the document referenced by Plaintiff—upon proper authentication—speaks for itself as to its contents and no response from this Defendant is required.

84.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint and, thus, the allegations are denied.

85.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and, thus, the allegations are denied.

86.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and, thus, the allegations are denied.

<u>DEFENDANT FELICIA FRANKLIN'S RESPONSE TO</u>
"COUNT ONE
**First Amendment Retaliation**
**Asserted Through 42 U.S.C. § 1983**
*Against Defendants Clayton County and Anderson, Franklin, and Hambrick in*
*their individual and official capacities***"**

87.

Defendant Felicia Franklin incorporates her responses to Paragraphs 1 through 86 as if full restated herein.

88.

The allegations in Paragraph 88 of the Complaint are a restatement of law to which no response from this Defendant is required. To the extent a response from this Defendant is required, this Defendant admits that the First Amendment to the Constitution of the United States of America prohibits governmental entities from retaliating against persons for protected speech, but this Defendant denies that any such retaliation occurred in this case and denies any wrongdoing or liability for her actions connected with the subject matter of this action.

89.

The allegations in Paragraph 89 of the Complaint are a restatement of law to which no response from this Defendant is required. To the extent a response from this Defendant is required, this Defendant admits that the First Amendment to the Constitution of the United States of America prohibits governmental entities from retaliating against persons for protected association, but this Defendant denies that

any such retaliation occurred in this case and denies any wrongdoing or liability for her actions connected with the subject matter of this action.

90.

The allegations in Paragraph 90 of the Complaint are a restatement of law to which no response from this Defendant is required. To the extent a response from this Defendant is required, this Defendant admits that the First Amendment to the Constitution of the United States of America protects political speech and expression by public employees and their spouses, but this Defendant denies any wrongdoing or liability for her actions connected with the subject matter of this action.

91.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint and, thus, the allegations are denied.

92.

In response to the allegations in Paragraph 92 of the Complaint, this Defendant admits to knowledge regarding Mr. Bivins' support of Commissioner Davis and admits to her support of Ms. Scott's campaign. However, this Defendant denies that her knowledge of Mr. Bivins' political activity or her support of Ms. Scott's campaign was a motivating factor in her vote to terminate Ms. Bivins' employment and declare the employment contract invalid. By way of further

response, this Defendant shows that she is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 92 of the Complaint to the extent they are directed at the knowledge and/or actions of others, and, thus, the remaining allegations are denied.

93.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 93 of the Complaint and, thus, the allegations are denied. Answering further, Paragraph 93 is a statement of legal conclusions to which no response is required.

94.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint and, thus, the allegations are denied. Answering further, Paragraph 94 is a statement of legal conclusions to which no response is required.

95.

The allegations in Paragraph 95 are denied. By way of further response, this Defendant states that the any "positive performance evaluations" are not indicative of Plaintiff's job performance, as Plaintiff was not evaluated by the entire Board of Commissioners.

96.

The allegations in Paragraph 96 of the Complaint are denied.

97.

The allegations in Paragraph 97 of the Complaint are denied.

98.

The allegations in Paragraph 98 of the Complaint are denied.

99.

The allegations in Paragraph 99 of the Complaint are denied.

100.

The allegations in Paragraph 100 of the Complaint are denied.

101.

The allegations in Paragraph 101 of the Complaint are denied.

102.

The allegations in Paragraph 102 of the Complaint are denied.

103.

The allegations in Paragraph 103 of the Complaint are denied.

104.

The allegations in Paragraph 104 of the Complaint are denied.

105.

The allegations in Paragraph 105 of the Complaint are denied.

106.

The allegations in Paragraph 106 of the Complaint are denied.

107.

The allegations in Paragraph 107 of the Complaint are denied.

## DEFENDANT FELICIA FRANKLIN'S RESPONSE TO "COUNT TWO
## BREACH OF CONTRACT
### *Against Defendant Clayton County*"

108.

Defendant Felicia Franklin incorporates her responses to Paragraphs 1 through 107 as if full restated herein.

109.

The allegations in Paragraph 109 are not directed to this Defendant. To the extent a response from this Defendant is required, the allegations are denied.

110.

The allegations in Paragraph 110 are not directed to this Defendant. To the extent a response from this Defendant is required, the allegations are denied.

111.

The allegations in Paragraph 111 are not directed to this Defendant. To the extent a response from this Defendant is required, the allegations are denied.

112.

The allegations in Paragraph 112 are not directed to this Defendant. To the extent a response from this Defendant is required, the allegations are denied.

113.

The allegations in Paragraph 113 are not directed to this Defendant. To the extent a response from this Defendant is required, the allegations are denied.

**DEFENDANT FELICIA FRANKLIN'S RESPONSE TO**
**"COUNT THREE**
**Punitive Damages Under 42 U.S.C. § 1983**
*Against Defendants Franklin, Anderson, and Hambrick [in] their Individual*
*Capacities"*

114.

Defendant Felicia Franklin incorporates her responses to Paragraphs 1 through 113 as if full restated herein.

115.

The allegations in Paragraph 115 of the Complaint are denied.

116.

The allegations in Paragraph 116 of the Complaint are denied.

117.

The allegations in Paragraph 117 of the Complaint are denied.

118.

The allegations in Paragraph 118 of the Complaint are denied.

119.

The allegations in Paragraph 119 of the Complaint are denied.

## **DEFENDANT FELICIA FRANKLIN'S RESPONSE TO "PRAYER FOR RELIEF"**

To the extent a response is required to Plaintiff's "Prayer for Relief," this Defendant denies the allegations therein and denies that Plaintiff is entitled any relief from this Defendant.

This Defendant denies any allegations of the Complaint not expressly admitted in this Answer.

WHEREFORE, having fully responded to Plaintiff's Complaint, this Defendant prays as follows:

(a) That Plaintiff's Complaint be dismissed in its entirety and judgment entered in favor of Defendant Felicia Franklin;

(b) That all costs and expenses be taxed against Plaintiff;

(c) That Defendant Felicia Franklin be awarded her reasonable attorney's fees incurred in defending this action;

(d) That Defendant Felicia Franklin be awarded such other relief as this Court deems just and proper.

Respectfully submitted this 12th day of December, 2022.

*/s/ Melissa A.Tracy*
Ken E. Jarrard
Georgia Bar No. 389550
kjarrard@jarrard-davis.com
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com
*Counsel for Defendant Felicia*
*Franklin*

JARRARD & DAVIS, LLP
222 Webb Street
Cumming, Georgia 30040
(678) 455- 7150

## CERTIFICATE OF COMPLIANCE

I hereby certify that the within and foregoing has been prepared in compliance

with Local Rule 5.1(B) in 14-point Times New Roman type face.

*/s/ Melissa A.Tracy*
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com

36

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,    ) | |
|                     ) | |
|     Plaintiff,         ) | |
|                     ) | |
| v.                  ) | Civil Action Number: |
|                     ) | 1:22-cv-04149-WMR |
| FELICIA FRANKLIN, in her    ) | |
| individual and official capacities;    ) | |
| ALIEKA ANDERSON, in her    ) | |
| individual and official capacities;    ) | |
| GAIL HAMBRICK, in her    ) | |
| individual and official capacities;    ) | |
| and CLAYTON COUNTY,    ) | |
| GEORGIA,         ) | |
|                     ) | |
|     Defendants.     ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the foregoing **Defendant Felicia Franklin's Answer to Plaintiff's Complaint** in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send notice of same to the attorneys of record.

This 12th day of December, 2022.

*/s/ Melissa A. Tracy*
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com