**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FELICIA FRANKLIN, in her individual | ) | CIVIL ACTION FILE NO.: |
| and official capacities; | ) | 1:22-cv-04149-WMR |
| ALIEKA ANDERSON, in her individual | ) | |
| and official capacities; | ) | |
| GAIL HAMBRICK, in her individual | ) | |
| and official capacities; and | ) | |
| CLAYTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALIEKA ANDERSON'S MOTION FOR JUDGMENT ON
THE PLEADINGS AND BRIEF IN SUPPORT THEREOF**

COMES NOW, Defendant ALEIKA ANDERSON (hereinafter "Anderson"),

by and through her undersigned counsel, and hereby files this Motion for Judgment

on the Pleadings and Memorandum of Law in Support Thereof, pursuant to Fed. R.

Civ. P. 12(c), moving the Court to dismiss all claims as follows:

I. **INTRODUCTION**

Plaintiff brings claims against Anderson, in her individual and official

capacities, wherein Plaintiff alleges adverse actions were taken in retaliation for

her husband's political activity. Specifically, Plaintiff brings a First Amendment

retaliation claim and a punitive damage claim against Anderson. (Counts I and III).

Plaintiff's First Amendment retaliation claim against Anderson in her official

capacity should be dismissed because it is duplicative of Plaintiff's claim against

Clayton County.

In addition, Plaintiff asserts First Amendment retaliation claim and punitive

damages claim against Anderson in her individual capacity, which should be

dismissed not only because the Complaint contains insufficient allegations to

support a First Amendment retaliation claim, but also because Anderson is entitled

to qualified immunity under the facts alleged.

Anderson filed a timely Answer to the Complaint on November 22, 2022,

pursuant to Fed. R. Civ. P. 12(B), denying any liability.  Discovery has been stayed

in the case.  (Doc. 24).

## II. **FACTUAL BACKGROUND**

Plaintiff Ramona Bivins served as the Chief Financial Officer ("CFO") for

Clayton County from April 8, 2013, until June 7, 2022. (Doc. 1, ¶ 9).  The

composition of the Board changed between 2019, the date the Board entered into

the employment agreement ("Agreement") at issue in this case, and 2022, when the

Board voted to declare the Agreement *ultra vires* and not to enter into another

Agreement with Plaintiff. (Id., ¶ 68, 96). At the time the relevant votes were taken

(and currently), the Board was comprised of Defendants Anderson, Franklin and

Hambrick, Commissioner DeMont Davis, and Commissioner Jeffrey Turner, who was the Chairman. (Id., ¶¶ 2–4, 14, 23). Three members of the Board constitute a majority. (Id., ¶ 39).  It is a five-member board.

At the Board of Commissioners' meeting on June 7, 2022, at which all Commissioners were present, Chairman Turner called for a scheduled vote on the Agreement between the County and Plaintiff. (Id., ¶ 37). Plaintiff's Agreement was for a term starting July 1, 2019 and ending June 30, 2022. (Id., ¶ 17, Exhibit 1 to the Complaint). Three Commissioners – Defendants Franklin, Anderson and Hambrick – did not vote to enter into a new Agreement with Plaintiff. (Id., ¶ 39). Defendants Franklin, Anderson and Hambrick affirmatively voted for each of Defendant Anderson's motions. (Id.).

Plaintiff asserts that, among other terms, the Agreement authorized the County to pay for her to attend the Leadership and Learning in Organizations Program at Vanderbilt University amounting to a $37,402.00 expenditure for the County. (Id., ¶ 17). Even assuming for purposes of this Brief that the Agreement was valid, however, the Agreement only agreed to pay for "travel and subsistence expenses" for "short courses, institutes, and seminars that are necessary for [Plaintiff's] professional development and good of [Clayton County]." (Exhibit 1 to the Complaint, pg. 3). Notwithstanding the Agreement's language, Plaintiff

alleges that Chairman Turner authorized the $37,402.00 education expenditure. (Doc. 1,¶ 78, 81). Plaintiff acknowledges that at a subsequent Board meeting, the Board voted to remove "significant responsibilities" from Chairman Turner and sought restitution of the $37,402.00 expense he had unilaterally authorized. (Id., ¶¶ 59, 77, 81).

Plaintiff also asserts that the Agreement authorized severance for her if she was involuntarily removed from the CFO position. (Id., ¶ 19). Following the Board's declaration that Plaintiff's Agreement was ultra vires, it has not paid Plaintiff's severance. (Id., ¶ 42).

Generally, Plaintiff alleges that the Defendants retaliated against her because her husband was campaigning for a candidate who was running against Commissioner Davis. (Id., ¶ 52). Although Plaintiff makes several conclusory allegations against "the Defendants," Plaintiff's specific allegations related to Anderson's alleged motive to retaliate against Plaintiff are as follows:

- Anderson knew that Ms. Bivins was married to Mr. Bivins (Id., ¶ 22; Doc. 19, ¶ 22 -- Anderson without information);

- Anderson "knew that Mr. Bivins openly supported Commissioner Davis's reelection campaign" (Doc. 1, ¶ 24; Doc. 19, ¶ 24 -- Anderson without information);

- Anderson voted to terminate Plaintiff's contract because it was ultra vires. (Doc. 1, ¶ 40-41; Doc. 19, ¶ 40-41 -- Anderson admits Plaintiff's contract was terminated because it was *ultra vires*); and

- Defendants retaliated against Plaintiff because she was married to C. Bivens and the Plaintiff engaged in associational express through her husband's campaign activity. (Doc. 1, ¶ 97; Doc. 19, ¶ 97-- Anderson denies).

III. **ARGUMENT AND CITATION OF AUTHORITIES**

A. Standard of Review

"After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings." Fed. R. Civ. P. 12(c); *Conner v. Tate*, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001). When a complaint fails to state a claim, the issue may be raised "by a motion under Rule 12(c)." *See* Fed. R. Civ. P. 12(h)(2)(B). The court should "accept the facts in the complaint as true and . . . view them in the light most favorable to the nonmoving party." *Hawthorne v. Mac Adjustment*, 140 F.3d 1367, 1370 (11th Cir. 1998) (citations omitted). A complaint should not be dismissed under Rule 12(c) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (citations and internal quotations

omitted). The standard for a motion for judgment on the pleadings is the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (*citing Twombly,* 550 U.S. at 556).

Courts apply a two-pronged approach to applying the pleading principles announced in *Twombly* and *Iqbal* when considering a motion to dismiss under Rule 12(b)(6). First, a court must "eliminate any allegations in the complaint that are merely legal conclusions" unsupported by factual allegations. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Second, "where there are well-pleaded allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Id.* If the facts alleged do not permit an inference beyond the mere possibility of misconduct, the complaint has not pled a valid claim. *See Iqbal*, 556 U.S. at 679. Instead, a complaint must present a factual narrative that is plausible enough to demonstrate a reasonable chance that the

plaintiff can substantiate his or her claims. *Id.* In other words, Plaintiff must "nudge his claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 683.

Yet, where there exist dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Official Capacity Claim Against Anderson Must Be Dismissed

Plaintiff's First Amendment retaliation claim against Defendant Anderson in her official capacity should be dismissed as redundant. Official capacity claims are simply "another way of pleading an action against an entity of which an officer is an agent." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). That means that "[w]hen a plaintiff chooses to sue a local governmental entity directly, it is then merely superfluous . . . also to name as defendant the individual official acting in his or her official capacity." *Payne v. DeKalb Cnty.*, 414 F.Supp. 2d 1158, 1179 (N.D. Ga. 2004). Here, Plaintiff alleges that Anderson was acting "under color of state and local law" when she allegedly retaliated against Plaintiff. (Doc. 1, ¶ 102). Since Plaintiff has also sued the County for the same claim, it is redundant for Plaintiff to name Anderson in her official capacity.

Accordingly, Plaintiff's First Amendment retaliation claim against Anderson in her official capacity is duplicative and should be dismissed.

C. Plaintiff's Complaint Fails to State a Plausible First Amendment claim against Defendant Anderson

Plaintiff has failed to allege that Anderson possessed the requisite degree of retaliatory animus for any protected speech claim under the First Amendment for two reasons: 1) Plaintiff's allegations of First Amendment retaliation are merely conclusory[1] and can be ignored by the Court; and 2) Anderson's non-retaliatory reason for non-renewal was that the contract was an *ultra vires* contract. Specifically, Plaintiff failed to set forth any factual, as opposed to conclusory, allegations that Anderson voted to non-renew Plaintiff because of Plaintiff's husband's alleged participation in the campaign.

To be sure, Plaintiff alleged, and Anderson agreed, that Anderson voted not to renew Plaintiff's contract because it was *ultra vires*. (Doc. 1, ¶ 41; Doc 19, ¶ 41 – Anderson agreed).

Next, Anderson voted to non-renew Plaintiff's contract because it was *ultra vires*, which is not a First Amendment retaliatory action. That is clearly a contract-based action. In sum, Plaintiff's allegations of First Amendment retaliation are merely conclusory and should be disregarded by the Court.

---

[1] Plaintiff merely alleged in conclusory fashion that Anderson knew that Plaintiff's husband supported Davis's reelection campaign and was motivated to terminate Plaintiff's employment because of the same. (Doc. 1, ¶ 24, 52).

Further, Anderson, by herself as one Board member, does not possess final policy making authority for the non-renewal of Plaintiff's contract. Plaintiff must assert a plausible allegation(s) that a majority of the Board members who voted to non-renew the contract possessed retaliatory animus. To be clear, Plaintiff must allege that at least three (3) of the Defendant Board members voted with retaliatory intent based on First Amendment protected activity. See *Rolle v. Worth County School District*, 128 Fed. Appx. 731, 733 (11th Cit. 2005) ("an improper motive of one member does not impart discrimination on the entire Board")[2]. Plaintiff's conclusory allegations regarding retaliation cannot survive the instant motion.

D. Qualified Immunity Bars Plaintiff's First Amendment Claim Because It is not "Clearly Established"[3]

The Plaintiff has failed to set forth that her alleged constitutional right was clearly established. To overcome the qualified immunity defense, a plaintiff must demonstrate that the official deprived him of a constitutional right that was "clearly established" when the alleged offense occurred. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). To be sure, the "clearly established" standard "requires a high degree of

---

[2] See also *Mason v. Village of El Portal*, 240 F.3d 1337, 1339 (11th Cir. 2001) ("[T]here can be no municipal liability unless all three members of the council who voted against reappointing Plaintiff shared the illegal motive.").
[3] In the Eleventh Circuit, the Defendant has the burden of showing he or she was performing a discretionary duty. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007).

specificity." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quotation omitted). This requirement "ensure[s] that before they are subjected to suit, officers are on notice their conduct is unlawful." *Saucier*, U.S. 194 at 206. "Put another way, the defendant must have fair notice of his conduct's unconstitutionality, which derives from one of the following sources: (1) the obvious clarity of constitutional or statutory language; (2) broad holdings or statements of principle in case law that are not tied to particularized facts; or (3) fact-specific judicial precedents that are not fairly distinguishable." *Eloy v. Guillot*, 289 F. App'x 339, 346 (11th Cir. 2008) (citing *Vinyard v. Wilson*, 311 F.3d 1340, 1350-52 (11th Cir. 2002)). For purposes of qualified immunity in this District, only decisions of the United States Supreme Court, the Eleventh Circuit Court of Appeals, and the Georgia Supreme Court constitute "clearly established" law. *See McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007) ("We have held that decisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state (here, the Supreme Court of Florida) can clearly establish the law."). In sum, "[q]ualified immunity protects all but the plainly incompetent or those who knowingly violate the law." *Hope v. Pelzer*, 536 U.S. 730, 752 (2002) (internal quotation marks omitted).[4]

---

[4] Anderson was acting within her discretionary authority when she voted as a County Commissioner to non-renew Plaintiff's employment agreement. The

A precedent with materially similar facts is not always required; but for a federal right to be clearly established, the applicable law "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Cagle v. Sutherland*, 334 F.3d 980, 990 n 15  (11th Cir. 2003).

Because  Plaintiff's allegations involve violations of the First Amendment, the Eleventh Circuit has opined that its *"decisions tilt strongly in favor of [qualified] immunity by recognizing that only in the rarest of cases will reasonable government officials truly know that the termination or discipline of a public employee violated 'clearly established' federal rights." *Hanson v. Soldenwagner*, 19 F.3d 573, 576 (11th Cir. 1994).  "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Post v. City of Ft. Lauderdale*, 7 F.3d 1552, 1557 (11th Cir. 1993).  In this case, there is no case from the U.S. Supreme Court or the 11th Circuit Court of Appeals that would inform

---

determination of whether an officer was acting within his discretionary authority is quite a low hurdle to clear. The burden is made so easy "because of the level of generality at which this requirement must be determined."  See, *Sweatt v. Bailey*, 876 F. Supp. 1571, 1576 (M.D. Ala. 1995). An official may show that an act was within his discretionary authority merely by showing that the acts "(1) 'were undertaken pursuant to the performance of his duties,' and (2) were 'within the scope of his authority.'" Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). Given that Plaintiff alleged that Anderson voted as a board of commissioner to non-renew the Plaintiff's contract, such action is discretionary for purposes of qualified immunity.

Anderson that voting to non-renew Plaintiff's contract because it was *ultra vires* would somehow violate Plaintiff's associational First Amendment rights.

Hence, the alleged violation of Plaintiff's First Amendment rights was not clearly established and qualified immunity shields Anderson for any liability in this case.

## CONCLUSION

For the reasons stated herein, Defendant Alieka Anderson respectfully requests that Plaintiff's Complaint be dismissed.

Respectfully submitted this 22nd day of December, 2022.

**GREGORY, DOYLE,
CALHOUN, & ROGERS, LLC**
Attorneys for Defendant Anderson

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

# <u>CERTIFICATION OF COUNSEL</u>

The undersigned pursuant to this Court's Local Rules hereby certifies that this

document has been prepared with Times New Roman 14 point.

This 22nd day of December, 2022.

**GREGORY, DOYLE,**
**CALHOUN, & ROGERS, LLC**
Attorneys for Defendant Anderson

<u>/s/ Randall C. Farmer</u>
Randall C. Farmer
Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FELICIA FRANKLIN, in her individual | ) | CIVIL ACTION FILE NO.: |
| and official capacities; | ) | 1:22-cv-04149-WMR |
| ALIEKA ANDERSON, in her individual | ) | |
| and official capacities; | ) | |
| GAIL HAMBRICK, in her individual | ) | |
| and official capacities; and | ) | |
| CLAYTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2022, I electronically filed **DEFENDANT**

**ALIEKA ANDERSON'S MOTION AND BRIEF** with the Clerk of Court using

the CM/ECF system which will automatically send email notification of such filing

to the following attorneys of record:

Edward D. Buckley
Andrew R. Tate
Buckley Beal LLP
600 Peachtree Street NE
Ste. 3900
Atlanta, GA 30308
edbuckley@buckleybeal.com
atate@buckleybeal.com

Kirsten S. Daughdril
A. Ali Sabzevari
Jack R. Hancock
Freeman Mathis & Gary, LLP
100 Galletria Parkway
Ste. 1600
Atlanta, GA 30339
kirsten.daughdril@fmglaw.com
asabzevari@fmglaw.com
jhancock@fmglaw.com

Melissa A. Tracy
Jarrard & Davis, LLP
222 Webb Street
Cumming. GA 30040
mtracy@jarrard-davis.com

**GREGORY, DOYLE,
CALHOUN, & ROGERS, LLC**
Attorneys for Defendant Anderson

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

3672011_1