# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | 1:22-cv-04149-WMR |
| FELICIA FRANKLIN, in her individual and official capacities; ALIEKA ANDERSON, in her individual and official capacities; GAIL HAMBRICK, in her individual and official capacities; and CLAYTON COUNTY, GEORGIA, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT FELICIA FRANKLIN'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Felicia Franklin ("Franklin") or ("this Defendant"), named as a defendant in her individual and official capacity as a Clayton County Commissioner in the above-styled action, by and through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15 and Local Rule 15.1, submits this, her First Amended Answer to Plaintiff's Complaint, as follows:

1.

This Defendant amends her previously filed Answer to Plaintiff's Complaint to attach the following Exhibits:

- **Exhibit "A"**: A Certified Copy of the Regular Business Meeting Minutes from the Clayton County Board of Commissioners Meeting on January 2, 2013; and

- **Exhibit "B"**: A Certified Copy of the Regular Business Meeting Minutes from the Clayton County Board of Commissioners Meeting on January 8, 2013.

2.

This Defendant's Affirmative Defense Number Fifteen is amended to read as follows (amended language shown by underline):

### FIFTEENTH DEFENSE

The County did not properly amend their local acts under the Georgia Constitution when it attempted to create the position of Chief Financial Officer. As such, because the CFO position was never properly created, Plaintiff's claims regarding termination must fail. *See* Ga. Const. Art. 9, § 2, ¶ 1. Specifically, the Clayton County Board of Commissioners' certified minutes attached hereto as Exhibits "A" and "B" demonstrate that the first reading of Ordinance 2013-15, purporting to create the position of Chief Financial Officer and to be adopted under Home Rule Powers, took place on January 2, 2013 (no vote taken), and the second reading and vote purporting to adopt the ordinance took place six (6) days later, on January 8, 2013. The Georgia Constitution provides that an ordinance amending the

County's local acts must be by "resolution or ordinance duly adopted at two regular consecutive meetings of the county governing authority not less than seven nor more than 60 days apart." Ga. Const. Art. 9, § 2, ¶ 1 (b)(1).

3.

Except as explicitly amended herein, this Defendant re-alleges and incorporates the entirety of her previously filed Answer to Plaintiff's Complaint as if set forth herein.

Submitted this 30th day of December, 2022.

/s/ Melissa A. Tracy
Ken E. Jarrard
Georgia Bar No. 389550
kjarrard@jarrard-davis.com
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com

*Counsel for Defendant Felicia Franklin*

JARRARD & DAVIS, LLP
222 Webb Street
Cumming, Georgia 30040
(678) 455- 7150

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the within and foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

>*/s/ Melissa A. Tracy*
>Melissa A. Tracy
>Georgia Bar No. 714477
>mtracy@jarrard-davis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing **DEFENDANT FELICIA FRANKLIN'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send notice of same to the attorneys of record.

This 30th day of December, 2022.

*/s/ Melissa A. Tracy*
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com