**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **RAMONA THURMAN BIVINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **NO: 1:22-cv-04149-WMR** |
| **FELICIA FRANKLIN, in her** | ) | |
| **individual and official capacities;** | ) | |
| **ALIEKA ANDERSON, in her** | ) | |
| **individual and official capacities;** | ) | |
| **GAIL HAMBRICK, in her** | ) | |
| **individual and official capacities;** | ) | |
| **and CLAYTON COUNTY,** | ) | |
| **GEORGIA** | ) | |
| **Defendants.** | ) | |

## DEFENDANTS GAIL HAMBRICK AND CLAYTON COUNTY, GEORGIA'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COME NOW, Gail Hambrick, in her individual and official capacities ("Commissioner Hambrick" or "Defendant Hambrick"), and Clayton County, Georgia, ("Clayton County" or "the County"), Defendants in the above-styled case, and file this Reply to Plaintiff's Response in Opposition to Defendants Clayton County's and Gail Hambrick's Motion to Dismiss ("Plaintiff's Response").[1]

---

[1]    Plaintiff fails to respond to Defendant Hambrick's argument that the official capacity claims against her should be dismissed, and those claims should be deemed

## I.   <u>INTRODUCTION</u>

In her Response, Plaintiff raises two meritless arguments regarding her First Amendment retaliation claim against Defendant Hambrick and the County. First, she argues that she is not required to establish Defendant Hambrick's retaliatory motive at the motion to dismiss stage. Second, she insists that, even if that requirement exists, she has met it. Plaintiff is wrong on both counts. Contrary to Plaintiff's assertions, Eleventh Circuit precedent establishes that the question of whether Plaintiff has sufficiently pled a retaliatory motive to support a First Amendment retaliation claim exists at the motion to dismiss stage. Indeed, in recognition of this requirement, Plaintiff raised explicit allegations suggesting retaliatory motive against the *other* individual Defendants – but <u>not</u> Defendant Hambrick. Instead, Plaintiff relies solely on inadmissible conclusory allegations against Defendant Hambrick. To compensate for this deficiency, Plaintiff impermissibly attempts to attribute allegations against the *other* individual Defendants to Defendant Hambrick. Plaintiff's attempts, however, are neither legally nor factually sufficient to avoid dismissal even at the motion to dismiss stage. Plaintiff's Response also fails to rebut Defendant Hambrick's "lawful" motivation for her votes, which is also pled in the

---

abandoned. <u>Holland v. Dep't of Health and Human Servs.</u>, 51 F. Supp. 3d 1357, 1376 (2014).

Complaint: the termination of Plaintiff's ultra vires contract with the County, which had led to significant expenses to the County. Plaintiff fails to defeat Defendant Hambrick's qualified immunity because the First Amendment did not (and cannot) prevent Defendant Hambrick from terminating an unauthorized contract – regardless of Plaintiff's husband's campaign activities. Since Plaintiff's First Amendment retaliation claim against Defendant Hambrick fails, her First Amendment claim against the County also fails because it relies entirely on Plaintiff's ability to establish the retaliatory motive of all three individual Defendants.

Plaintiff's arguments concerning her contract claim are similarly meritless. Like the interpretation of Plaintiff's contract, whether a government official had the authority to enter into a contract is also a matter of law. By any interpretation, Plaintiff's employment agreement was ultra vires and void.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff has not sufficiently pled a First Amendment retaliation claim against Defendant Hambrick in her individual capacity.

1. Plaintiff fails to meet the motion to dismiss standard for a First Amendment retaliation claim.

In her Response, Plaintiff misconstrues the standard she must meet to survive this Motion to Dismiss – especially in light of her allegations against the other Defendants. Specifically, Plaintiff argues that she is not required to establish

Commissioner Hambrick's "motivating factor at the pleadings stage," but this is a misstatement of Eleventh Circuit and Supreme Court precedent. (Doc. 33, p. 5). A complaint "does not need detailed factual allegations," but the allegations "must be enough to raise a right to relief above the speculative level." Bell v Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). At a minimum, the "factual content" of a complaint must "allow[] the court to draw the reasonable inference" that a plaintiff has met her pleading requirements. Speaker v. U.S. Dept. of Health and Human Svcs., 623 F.3d 1371, 1380 (11th Cir. 2010). "To succeed on a First Amendment association claim against a government employer," Plaintiff must "make two showings." Mt. Healthy City School Dist. v. Doyle, 429 U.S. 274, 287 (1977). First, she must show that she engaged in an activity protected by the First Amendment, an issue that is not in dispute. Mt. Healthy, 429 U.S. at 287. Second, "she must then produce sufficient evidence showing that the protected conduct amounted to a substantial or motivating factor in the decision to take adverse employment actions against her." Hatcher v. Bibb Cnty. Bd. of Public Ed. & Orphanage, 809 F.2d 1546, 1556 (11th Cir.1987).

In First Amendment retaliation claims, the Eleventh Circuit has held that plaintiffs are required to plead allegations that lead to a "reasonable inference" that "the defendant's retaliatory motive was the cause of the constitutional deprivation."

Watkins v. Central Broward Regional Park, 799 Fed. Appx. 659, 664 (11th Cir. 2020).  Plaintiff's argument that this analysis is available only on summary judgment is incorrect.  In Watkins, the Eleventh Circuit recently upheld the grant of a motion to dismiss a First Amendment retaliation claim. Watkins, 799 Fed. Appx. at 664 – 65. Specifically, as to one of the defendants, the Court found that the district court correctly dismissed the plaintiff's First Amendment retaliation claim based upon the plaintiff's failure to plausibly allege that the public officer's actions "**were motivated**" by the plaintiff's First Amendment activity. Id. at 664 (emphasis added). The Watkins Court found that since the complaint, on its face, contained facts supporting a lawful motive for the officer's action, it failed to establish the necessary "causal connection between retaliatory actions and speech." Id. (citing Nieves v. Bartlett, – U.S.–, 139 S. Ct. 1715, 1722  (2019)).

Plaintiff's reliance on Polion v. City of Greensboro, 614 Fed.  App'x. 396, 398-99 (11th Cir. 2015) to avoid her burden of establishing at least the *inference* of a motivating factor at the motion to dismiss stage is misplaced.  Polion is relevant in this case because it establishes the type of allegations that, if pled, could at least arguably lead to the "reasonable inference" of retaliatory motive causing a constitutional violation.  Indeed, Polion provides a veritable roadmap for plaintiffs of allegations to plead in First Amendment retaliation cases: statements connecting

the termination to the protected speech, varied explanations for the terminations, the identity of the initiator, evidence of the employer's hostility, and motive to retaliate. Id.

If these facts existed, Plaintiff easily could have pled them against Defendant Hambrick. But she did not. Plaintiff did, however, plead almost all the Polion factors against Defendants Franklin and Anderson:

- Defendants Franklin and Anderson "openly campaigned" against Commissioner Davis (Id., ¶ 25);

- Defendant Franklin "personally emailed" a reporter an audio recording related to an incident allegedly involving Mr. Bivins and Commissioner Davis's campaign signs (Id., ¶ 28);

- Defendant Anderson stated, "We're only going after [Plaintiff]" (Id., ¶ 76); and

- Defendants Anderson and Franklin "expressed glee" before and after the June 7, 2022 meeting allegedly related to their votes to end Plaintiff's Agreement. (Id., ¶¶ 38, 48).

Fatally missing from the Complaint are allegations that *Commissioner Hambrick* preferred a particular candidate in the election – Mr. Bivins's preferred candidate or otherwise. There are simply no allegations  that

Commissioner Hambrick had a "dog in the fight" with respect to the election that would explain her conduct in this case as being related to Mr. Bivins's campaign activities.[2] Plaintiff gives no explanation as to why the Polion factors (or the lack of these factors) should not be considered on a motion to dismiss given how easily they can be pled (had they existed). Instead, she seeks discovery to engage in the proverbial fishing expedition to cure her deficient pleadings. Plaintiff's argument, however, ignores that, under Twombly, these are factors that she was required to plead in her Complaint and her failure to do so should result in dismissal.

Plaintiff tries to circumvent her deficient Complaint in two ways. First, she attempts to impute alleged retaliation motive from one defendant onto another in contravention of Eleventh Circuit precedent. See Matthews v. Columbia Cnty., 294 F.3d 1294, 1297 (11th Cir. 2002); Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994). The clearest example of this is Plaintiff's insistence that Defendant **Franklin's** statement, "We're only going after [Plaintiff]" (Doc 1, ¶ 76), encompasses Defendant **Hambrick**.

---

[2]      Plaintiff makes an unsubstantiated leap from the Defendants' alleged failure to explain their conduct to the inference of retaliatory motive. (Doc. 33, p. 14). Notably, Plaintiff fails to point to any legal obligation requiring Defendants to make any statement.  Indeed, in today's litigious climate, it is hardly surprising that Defendants would stay silent.

Even at the motion for judgment stage (much less in response to a motion to dismiss), statements of one Defendant cannot be used to establish the retaliatory motive of another Defendant.  See Church, 30 F.3d at 1343.

Second, Plaintiff conflates factual allegations with conclusory allegations. "The district court must … disregard conclusory allegations" even on a motion to dismiss. Garcia v. Madison Cnty Alabama Sheriff's Off., 2021 WL 3238813, at *4 n.4 (11th Cir. July 30, 2021). The majority of the allegations Plaintiff uses in her attempt to link Defendant Hambrick to the other individual Defendants are nothing more than conclusory allegations. (Doc. 33, pp. 7 – 9 (citing Complaint (Doc 1, ¶¶ 42, 43, 51, and 52)).  For example, as evidence of Defendant Hambrick's retaliatory motive, Plaintiff relies on the allegation that "[f]ollowing the campaign sign incident, Anderson, Franklin, and Hambrick demonstrated a singular focus to use their power of elective office under of color of state law to diminish the lives of Mr. and Mr. Bivins." (Id., ¶ 51). That allegation, however, is a conclusory allegation that cannot support an inference that Defendant Hambrick had retaliatory motive against Plaintiff. Plaintiff simply fails to allege any facts from which the Court could reasonably infer that Defendant Hambrick's actions were in retaliation for Plaintiff's First Amendment conduct.

- 8 -

Plaintiff's inability to allege facts suggestive of Defendant Hambrick's alleged retaliatory motive is not surprising in light of Defendant Hambrick's *lawful* motive – the facts of which are also pled in Plaintiff's Complaint: the ultra vires nature of Plaintiff's Employment Agreement ("Agreement"). This case, then, is similar to Watkins. Specifically, Plaintiff's allegations establish a lawful motivation for Commissioner Hambrick's conduct, and, therefore fail to allege a "causal connection between retaliatory actions and speech." Watkins, 799 Fed. Appx. at 664. In her Complaint, Plaintiff admits that Defendants took contemporaneous action on Plaintiff's employment *and* the Agreement. (Doc 1, ¶¶ 39, 41 59, 77, 81). Plaintiff also admits that Defendants took subsequent action regarding the approval process for expenses, in general, and an attempt to recoup the invalid expenses expended as a result of the ultra vires contact, which further illustrates the Defendants' concern about the Agreement and expenses. (Id., ¶ 77). As pled by Plaintiff, the issues of Plaintiff's Agreement and the related expenses are clearly intertwined and, as in Watkins, indisputably establish the reasonable inference of a lawful motivation for Defendant Hambrick's conduct.[3] Therefore, even on a motion

---

[3]     For this reason, any attempt by Plaintiff to amend her Complaint would be futile. Watkins, 799 Fed. Appx. at 665.

to dismiss, Plaintiff has failed to meet her burden of establishing a First Amendment retaliation claim against Defendant Hambrick.

> 2.    Plaintiff fails to overcome Defendant Hambrick's qualified immunity from Plaintiff's First Amendment retaliation claim.

As noted above, Plaintiff failed to meet her burden of alleging that Defendant Hambrick violated her constitutional rights because she failed to plead sufficient facts supporting a reasonable inference that Defendant's alleged retaliatory motive was the cause of the Plaintiff's First Amendment violation. Watkins, 799 Fed. Appx. at 664. That failure, alone, should end the qualified immunity analysis. Saucier v. Katz, 533 U.S. 194, 200–01 (2001). Plaintiff, however, also fails to establish that Defendant Hambrick's conduct was prohibited by clearly established law. Plumhoff v. Rickard, 134 S. Ct. 2012, 2020 (2014).   Instead, Plaintiff ignores the Eleventh Circuit's instruction that a plaintiff cannot rely on general, conclusory allegations or broad legal truisms to show that a right is clearly established and engages in that exact analysis.  Kelly v. Curtis, 21 F.3d 1544, 1550 (11th Cir. 1994). Specifically, Plaintiff cites cases that address only  the "broad truism" that  "engaging in adverse employment actions against an employee because of their intimate relationship, such as marriage, violates the employee's right to intimate association." (Doc. 33, p. 12 citing, *e.g.*,  Gaines v. Wardynski, 871 F.3d 1203, 1212 (11th Cir. 2017)). "The salient question in a qualified immunity analysis, [however], is whether the official

had fair warning that their conduct was unlawful" based upon the unique facts of the case.[4] <u>Jackson v. Cowan</u>, No. 19013181, 2022 WL 3973705, at *4 (11th Cir. September 1, 2022) (cleaned up).  Plaintiff fails to point to any cases that remotely resemble the facts of this case that would have given Defendant Hambrick "fair warning" that she could not terminate Plaintiff's ultra vires contract – regardless of the fact that Plaintiff was married to someone involved in a political campaign.

Plaintiff's argument that Defendant incorrectly defines the constitutional right at issue misconstrues Defendant's argument. (Doc. 33, p. 10). Specifically, Plaintiff's argument ignores that – unlike other discretionary employment actions – Defendants had a legal obligation to terminate an agreement that was not legally authorized *even if* Plaintiff was married to someone who was campaigning. Plaintiff pounces on what she alleges is the failure to terminate another employee's agreement as evidence of pretext. Plaintiff's allegations, however, establish that the employee is not a proper comparator because he had a shorter agreement with no buyout provision.  (Doc. 33, p. 14 (citing Doc.1, ¶¶ 66–70)). Under Georgia law, the length

---

[4]    Plaintiff's argument that Defendant Hambrick's  description of her "beliefs" about the ultra vires nature of the Agreement is not appropriate on a motion to dismiss is spurious. (Doc. 33, 13).  Defendant's reliance on the word "beliefs" does nothing more than state the obvious: if Defendant Hambrick voted to declare the Agreement ultra vires, she believed the agreement to be ultra vires.

and cost of the contract are the two, critical factors that determine whether a contract is ultra vires – and neither of those factors *as pled by Plaintiff* favor this so-called comparator's contract being ultra vires. City of McDonough v. Campbell, 289 Ga. 216, 217 (2011); see (B) (2), below. And, even if he is a comparator, that does not change the unauthorized nature of *Plaintiff's* Agreement. Therefore, Plaintiff's comparison to other employees does not detract from Defendant Hambrick's obligation to terminate Plaintiff's Agreement.

Following Plaintiff's argument to its logical conclusion, under the First Amendment, the Commission would have been required to wait until the end of the campaign – perhaps months – to end an unauthorized employment contract solely because an employee's husband was involved in a campaign. Plaintiff cites no "clearly established" law to support this argument. Instead, Plaintiff's argument artificially expands the First Amendment in a way that does not exist, and Defendant Hambrick simply could not have anticipated. Accordingly, Defendant Hambrick has qualified immunity from all alleged retaliatory acts in this case.

**B.    Plaintiff's Claims Against Clayton County, Georgia Fail.**

   1.   Plaintiff's First Amendment retaliation claim against Clayton County should be dismissed because there is no "majority" action.

Plaintiff correctly notes that her failure to plead sufficient facts establishing that Defendant Hambrick violated her First Amendment rights is fatal to her claims

against Clayton County.  In her Response, Plaintiff fails to point to any cases where a plaintiff successfully imputed alleged retaliatory motive from one defendant to another as Plaintiff attempts to do in this case.  Indeed, Eleventh Circuit precedent precludes this.  See Matthews, 294 F.3d at 1297; Church, 30 F.3d at 1343; and Smith v. Cobb Cnty. School District, 1:10-CV-848-TWT, 2013 WL 4028856, at *5 (N.D. Ga. August 7, 2013). Since Plaintiff fails to allege sufficient facts regarding Defendant Hambrick's so-called retaliatory motive, Defendant Hambrick cannot be the third vote needed to constitute the majority vote of the County; and there is no county action that violated Plaintiff's First Amendment rights. Matthews, 294 F.3d at 1298.  Accordingly, Plaintiff's First Amendment retaliation claims against the County should be dismissed.

2.    Plaintiff's Breach of Contract Claim fails because her Agreement with Clayton County was void.

Plaintiff's argument that the analysis of Plaintiff's breach of contract is a matter of fact rather than law is incorrect. "The construction of a contract is, of course, a question of law." Efficiency Lodge, Inc. v. Neason, 363 Ga. App. 19, 22 (2022).  Further, whether a government entity has the authority to enter a contract is a matter of law. See O.C.G.A. § 36-30-3(a); Madden v. Bellow, 260 Ga. 530, 531 (1990); Campbell, 289 Ga. at 217 (2011). Significantly, in her Response, Plaintiff does not point to *any* cases in which a local government was found to have the

authority to enter into a multi-year employment agreement that bound subsequent commissions. Instead, Plaintiff bases her argument on an erroneous interpretation of Campbell.

 Plaintiff misreads Campbell to be a fact-specific analysis and misses the overarching principle of law.  In Campbell, the Georgia Supreme Court based its analysis of the contract on O.C.G.A. § 36-30-3(a) and found that, under its plain language, a multi-year public employee employment contract violates O.C.G.A. § 36-30-3(a). While not rejecting the judicially created "doctrine that a municipal corporation may make a valid contract to continue for a reasonable time beyond the official term of the officers entering into the contract," the Campbell Court limited it to the consideration of two factors, both of which are pled in Plaintiff's Complaint and can be considered by the Court on this motion to dismiss: (1) length of the contract's term; and (2) the cost of the contract.

Concerning the length of the contract, contrary to Plaintiff's argument, Plaintiff's Agreement is far more prohibitive than the one discussed in Campbell because Plaintiff's Agreement could only be terminated three years from when it was entered into, which clearly bound successive commissions.  In Campbell, the City at least had the ability to terminate the employment contract every year, and the

Campbell Court still found it too restrictive.[5] With respect to the cost of the Agreement, Plaintiff's proposed calculation for what renders a contract "exorbitant," misses the point.  It is axiomatic that *any* payment by taxpayers for services not rendered is "exorbitant" – much less a payment of $84,853.86.[6] Indeed, Plaintiff's argument blatantly runs afoul of the constitutional prohibition against gratuities. See Ga. Const. art. 3, § 6, para. 6.  Further, regardless of Plaintiff's statement that there were good reasons for the Agreement's terms – an ultra vires act cannot be cured by good reasons.  By any interpretation, Plaintiff's Agreement was ultra vires and null and void.  Accordingly, Plaintiff's breach of contract claim should be dismissed.

## IV.   CONCLUSION

For all the reasons set forth above, the Defendants' Motion to Dismiss should be granted, and all of Plaintiff's claims pled against them, including her claims for punitive damages and attorneys' fees  (Counts I–III) should be dismissed.

---

[5]    Plaintiff incorrectly states that the plaintiff in Campbell could only be terminated "for cause."  (Doc. 33, p. 18). There is no such finding in Campbell, and that determination was not relevant to the Court's analysis.

[6]    In comparison, in 2020, the median salary in Clayton County, Georgia was $49,460.00.  See https://datausa.io/profile/geo/clayton-county-ga (last visited January 18, 2023).

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Jack R. Hancock
Georgia Bar No. 322450
Jack.hancock@fmglaw.com
Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com

*Attorneys for Defendants Clayton County, Georgia and Gail Hambrick*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been

prepared in compliance with Local Rule 5.1(C) (Times New Roman font, 14-point).

This 30th day of January, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril
Georgia Bar No. 633350

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960
E: Kirsten.daughdril@fmglaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing **DEFENDANTS GAIL HAMBRICK AND CLAYTON COUNTY, GEORGIA'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to all counsel of record who are CM/ECF system participants.

This 30th day of January, 2023.

> **FREEMAN MATHIS & GARY, LLP**
>
> */s/ Kirsten S. Daughdril*
> Kirsten S. Daughdril
> Georgia Bar No. 633350
>
> *Attorney for Defendants Clayton County, Georgia and Gail Hambrick*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960
E: Kirsten.daughdril@fmglaw.com