## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FELICIA FRANKLIN, in her individual ) | CIVIL ACTION FILE NO.: |
| and official capacities; ) | 1:22-cv-04149-WMR |
| ALIEKA ANDERSON, in her individual ) | |
| and official capacities; ) | |
| GAIL HAMBRICK, in her individual ) | |
| and official capacities; and ) | |
| CLAYTON COUNTY, GEORGIA, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT ALIEKA ANDERSON'S REPLY BRIEF IN SUPPORT OF HER MOTION FOR JUDGMENT ON THE PLEADINGS

COMES NOW, Defendant ALEIKA ANDERSON (hereinafter "Anderson"), by and through her undersigned counsel, and hereby files this Reply Brief in Support of the Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), moving the Court to dismiss all claims as follows:

### I.   FACTUAL BACKGROUND

Plaintiff's response brief includes no "Factual Background" section. For the purposes of judicial efficiency, Defendant reincorporates its factual background from its motion as if fully set forth herein. (Doc. 27, p. 2).

## II. <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

The Parties do not disagree on the standard of review that the Court uses to review a motion for judgment on the pleadings.

### <u>A.</u> <u>Official Capacity Claim Against Anderson Must Be Dismissed</u>

Plaintiff does not respond to Anderson's argument on any official capacity claim. As a result, the Plaintiff abandoned any official capacity claim against Anderson. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007) (concluding that a plaintiff's failure to respond to defendant's motion to dismiss resulted in dismissal of those claims as abandoned); *Anderson v. Greene*, 2005 WL 1971116, *3 (S.D. Ala. Aug. 16, 2005) ( "[A party's] decision not to proffer argument or authority in response to the Motion [to Dismiss] is at his peril"). While the District Court can consider the failure to respond as a sufficient basis to dismiss the official capacity claim, Anderson, in the alternative, refers the District Court to its argument and citation to authority that any official capacity claim fails as a matter of law. (Doc. 29, p. 7). Accordingly, Plaintiff's First Amendment retaliation claim against Anderson in her official capacity is duplicative of any such claim against the Defendant School District and should be dismissed.

### B. No Plausible First Amendment Claim Against Defendant Anderson

Plaintiff has failed to allege that Anderson possessed the requisite degree of retaliatory animus for any protected speech claim under the First Amendment. Here, Anderson's non-retaliatory reason for non-renewal was that the contract was an *ultra vires* contract. To be clear, Plaintiff alleged, and Anderson agreed, that Anderson voted not to renew Plaintiff's contract because it was *ultra vires*. (Doc. 1, ¶ 41; Doc 19, ¶ 41 – Anderson agreed).

Next, Anderson voted to non-renew Plaintiff's contract because it was *ultra vires*, which is not a First Amendment retaliatory action. That is clearly a contract-based action. Plaintiff argued in her response brief (*See*, Doc. 34, p. 13) that Plaintiff sufficiently pled that Anderson violated the First Amendment when she voted to terminate Plaintiff and otherwise retaliate against her because Plaintiff was married to Charlton Bivins. (Doc 1 at ¶¶ 21-34, 37-52, 59, 74, 76, inter alia.). However, Plaintiff omitted any allegation that Anderson was upset or mad that Mr. Bivens campaigned for Davis or that Anderson had anything to do with the police being contacted for Mr. Bivens placing Davis campaign signs. (*See generally* Complaint (Doc. 1). In fact, Plaintiff's complaint alleged that it was the <u>campaign workers for Janice Scott</u>, not Anderson, who allegedly removed the Davis campaign signs[1].

---

[1] In *Randall v. Scott*, the 11th Circuit affirmed the District Court's motion to dismiss based on qualified immunity. The 11th Circuit affirmed the grant of qualified

3

Finally, perhaps to create some kind of knowledge of this incident in Anderson, Plaintiff alleged that a local newspaper reported a story of the incident and there was a tweet by Victor Hill, Clayton County Sheriff, regarding the same. (Doc 1 at ¶¶ 28-34). However, there is no plausible allegation that Anderson was involved with the removal of the campaign signs or read about the incident on any forum. Again, there is no plausible allegation that Anderson cared one way or another about any of this. In sum, Plaintiff's allegations of First Amendment retaliation are merely conclusory and should be disregarded by the Court.

Further, Anderson, by herself as one Board member, does not possess final policy making authority for the non-renewal of Plaintiff's contract. Plaintiff never fully addressed the final policy making authority issue in her response brief. (See Doc. 34 *generally*).

---

immunity on the basis that Scott's husband was allegedly angry at the candidacy of Randall for the Clayton County Election Office. Scott even informed Randall of her husband's displeasure with his candidacy. Under these "peculiar facts", the 11th Circuit affirmed the grant of qualified immunity because the alleged right was not clearly established. *Randall v. Scott*, 610 F.3d 701, 716 (11th Circuit 2010)("The peculiar facts of Randall's case must be 'so far beyond the hazy border between excessive and acceptable that [every objectively reasonable district attorney] had to know that [she] was violating the Constitution even without caselaw on point.'" *Priester v. City of Riviera Beach*, 208 F.3d 919, 926 (11th Cir. 2000)). Again, Plaintiff's complaint has no allegation that Anderson was ever upset or angry over Mr. Bivens' campaign activity or participated in any police report relating to any campaign signs. As such she is entitled to qualified immunity.

Next, Plaintiff must assert at least one plausible allegation that a majority of the Board members with final policy making authority who voted to non-renew the Plaintiff's contract possessed retaliatory animus. *Mason v. Village of El Portal*, 240 F.3d 1337, 1340 (11th Cir. 2001) ("[T]here can be no municipal liability unless all three members of the council who voted against reappointing [p]laintiff shared the illegal motive."). In sum, if the District Court grants one of the Defendants' motions, then the District Court must grant all of the Defendants' motions. Plaintiff's conclusory allegations regarding retaliation cannot survive the instant motion.

### C. Qualified Immunity Bars Plaintiff's First Amendment Claim Because It Is Not "Clearly Established"[2]

Plaintiff's response to Anderson's argument regarding the "clearly established" argument supports Anderson's position on the issue. It is clear that, to overcome the qualified immunity defense, a plaintiff must demonstrate that the official deprived him of a constitutional right that was "clearly established" when the alleged offense occurred. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001)[3]. To be

---

[2] In the Eleventh Circuit, the Defendant has the burden of showing he or she was performing a discretionary duty. *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007). Plaintiff's response brief (Doc. 34) provided no response or objection to this issue that Anderson was acting in a discretionary manner.

[3] "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)). By

5

sure, the "clearly established" standard "requires a high degree of specificity." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018) (quotation omitted).

Here, Plaintiff cited to **no** legal authority in her response brief that there is any case from the U.S. Supreme Court or the 11th Circuit Court of Appeals that would inform Anderson that voting to non-renew Plaintiff's contract because it was *ultra vires* would somehow violate Plaintiff's associational First Amendment rights[4]. Plaintiff's failure to identify any such case law is fatal to her First Amendment claim[5]. *See*, e.g., *Ensley v. Soper*, 142 F.3d 1402, 1406 (11th Cir. 1998)

---

imposing liability *only* for violations of clearly established law, the defense of qualified immunity "balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

[4] Plaintiff cited to the following inapposite cases: *Saucier v. Katz*, 533 U.S. 194 (2001)(police conduct case, not a termination for an *ultra vires* contract case); *GJR Investments, Inc. v. County of Escambia, Fla*., 132 F.3d 1359 (11th Cir. 1998) (involved a business development permit, not a termination for an *ultra vires* contract case). None of these cases establish that terminating an employee for an ultra vires contract violates the employee's First Amendment rights.

[5] Plaintiff argued in her response (Doc. 34, p. 13): "In her Complaint, Plaintiff also cited binding U.S. Supreme Court and Eleventh Circuit caselaw to demonstrate that Defendants' First Amendment violations were clearly established. (Doc. 1 at n. 1-2 (citing *Roberts*, 468 U.S. 609; *Rotary Club of Duarte*, 481 U.S. 537; *McCabe*, 12 F.3d at 1562-63)). Anderson completely ignores this caselaw in her brief." Plaintiff misapprehends (or perhaps tries to contort) Anderson's argument. Anderson moved to dismiss Plaintiff's complaint based on the sufficiency of Plaintiff's claim under *Twombly* for the lack of any plausible First Amendment retaliation claim. None of the cases cited by the Plaintiff address a *Twombly* analysis of a First Amendment

("Any case law that a plaintiff relies upon to show that a government official has violated a clearly established right must pre-date the officer's alleged improper conduct, involve materially similar facts, and 'truly compel' the conclusion that the plaintiff had a right under federal law."); *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1150 (11th Cir. 1994) ("For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances").

To overcome a qualified immunity defense, the plaintiff must make two showings. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199-1200 (11th Cir. 2007). First, she "must establish that the defendant violated a constitutional right." *Id.* Second, she must show the violated right was "clearly established." *Id.* Although the lower federal courts were once required to consider the first prong before the second, they are now "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 555 U.S. at 236.

---

retaliation claim where the Plaintiff's termination was based on an *ultra vires* contract.

Hence, the alleged violation of Plaintiff's First Amendment rights in the context alleged by Plaintiff (terminated for an *ultra vires* contract) was not clearly established and qualified immunity shields Anderson for any liability in this case.

## CONCLUSION

For the reasons stated herein, Defendant Alieka Anderson respectfully requests that Plaintiff's Complaint be dismissed.

Respectfully submitted this 3rd day of February, 2023.

**GREGORY, DOYLE,
CALHOUN, & ROGERS, LLC**
Attorneys for Defendant Anderson

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

## **CERTIFICATION OF COUNSEL**

The undersigned pursuant to this Court's Local Rules hereby certifies that this document has been prepared with Times New Roman 14 point.

This 3rd day of February, 2023.

                              **GREGORY, DOYLE,**
                              **CALHOUN, & ROGERS, LLC**
                              Attorneys for Defendant Anderson

                              /s/ Randall C. Farmer
                              Randall C. Farmer
                              Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FELICIA FRANKLIN, in her individual ) | CIVIL ACTION FILE NO.: |
| and official capacities; ) | 1:22-cv-04149-WMR |
| ALIEKA ANDERSON, in her individual ) | |
| and official capacities; ) | |
| GAIL HAMBRICK, in her individual ) | |
| and official capacities; and ) | |
| CLAYTON COUNTY, GEORGIA, ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed **DEFENDANT ALIEKA ANDERSON'S REPLY BRIEF IN SUPPORT OF THE MOTION FOR JUDGMENT ON THE PLEADINGS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Edward D. Buckley
Andrew R. Tate
Buckley Beal LLP
600 Peachtree Street NE
Ste. 3900
Atlanta, GA 30308
edbuckley@buckleybeal.com
atate@buckleybeal.com

Kirsten S. Daughdril
A. Ali Sabzevari
Jack R. Hancock
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Ste. 1600
Atlanta, GA 30339
kirsten.daughdril@fmglaw.com
asabzevari@fmglaw.com
jhancock@fmglaw.com

Melissa A. Tracy
Jarrard & Davis, LLP
222 Webb Street
Cumming. GA 30040
mtracy@jarrard-davis.com

**GREGORY, DOYLE, CALHOUN, & ROGERS, LLC**
Attorneys for Defendant Anderson

/s/ *Randall C. Farmer*
Randall C. Farmer
Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

3691667_1