IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: |
| | ) | 1:22-CV-04149-WMR |
| FELICIA FRANKLIN, in her | ) | |
| individual and official capacities; | ) | |
| ALIEKA ANDERSON, in her | ) | |
| individual and official capacities; | ) | |
| GAIL HAMBRICK, in her | ) | |
| individual and official capacities; | ) | |
| and CLAYTON COUNTY, | ) | |
| GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FELICIA FRANKLIN'S BRIEF IN SUPPORT OF HER MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW Defendant FELICIA FRANKLIN (hereinafter "Franklin"), in both her individual and official capacities, by and through her undersigned counsel, and hereby files this Brief in Support of her Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). Defendant Franklin shows the Court as follows:

**I.    INTRODUCTION**

Defendant Franklin is an elected member of the Clayton County Board of Commissioners. Plaintiff Ramona Thurman Bivins ("Plaintiff" or "Bivins") is the

former Chief Financial Officer ("CFO") for the Clayton County Board of Commissioners. In this action, Plaintiff brings a claim for First Amendment Retaliation against Franklin in both her individual and official capacities, alleging that Franklin took adverse action against Plaintiff in retaliation for Plaintiff's husband's political activity or expression. Plaintiff has also sued other members of the Clayton County Board of Commissioners ("Board") and Clayton County, asserting similar theories.

      A judgment on the pleadings as to Plaintiff's claims against Franklin is proper based on the substance of the pleadings and attachments thereto. Specifically, the pleadings support a judgment against Plaintiff because they demonstrate that Plaintiff cannot establish a *prima facie* showing of First Amendment Retaliation— as Plaintiff's previous position of CFO was never properly created by the Board. Therefore, no person is (or was) entitled to hold the position of CFO and Plaintiff's claim for First Amendment Retaliation must fail. Moreover, judgment on the pleadings is appropriate as to Plaintiff's claim against Franklin in her official capacity because it is duplicative of Plaintiff's claim against Defendant Clayton County. Finally, judgment on the pleadings is likewise appropriate as to Plaintiff's individual capacity claims against Defendant Franklin because Plaintiff's Complaint does not contain sufficient factual allegations to support a claim for relief.

Alternatively, even if Plaintiff's Complaint adequately states a claim for relief, Franklin, individually, is entitled to qualified immunity.

Defendant Franklin filed a timely answer to the Complaint on December 12, 2022, denying liability. Discovery is currently stayed. Defendants Clayton County and Gail Hambrick filed a Pre-Answer Motion to Dismiss which is currently pending. Defendant Alieka Anderson's Motion for Judgment on the Pleadings is also pending before this Court.

## II.    FACTUAL ALLEGATIONS

Bivins previously served as CFO for the Clayton County Board of Commissioners ("Board"). (Doc. 1, ¶ 9). Defendant Franklin is the District 3 Commissioner. (Doc. 1, ¶ 2), On June 7, 2022, Bivins' contract as CFO was terminated, via a 3-2 vote of the Board. (Doc. 1, ¶ 40). Plaintiff's purported employment contract was also declared ultra vires by the same majority vote. (Doc. 1, ¶ 41). Those voting in favor of terminating Plaintiff's employment and declaring the purported employment contract ultra vires were Defendants Franklin, Anderson, and Hambrick. Id.

Bivins alleges that Defendants Franklin, Anderson, and Hambrick (the "individual defendants") were motivated to terminate Bivins' employment and declare the purported employment contract ultra vires because Bivins' husband was campaigning for an incumbent candidate running for reelection, a candidate that the

3

individual defendants did not support. (Doc. 1, ¶ 52; *passim*). Bivins' Complaint sets forth the following relevant allegations related to Defendant Franklin's alleged motivations and actions in this case:

- Defendant Franklin knew that Ms. Bivins was married to Mr. Bivins. (Doc. 1, ¶ 22).

- Defendant Franklin knew that Mr. Bivins openly supported Commissioner Davis's reelection campaign. (Doc. 1, ¶ 24).

- Defendant Franklin campaigned in support of a candidate running against Commissioner Davis. (Doc. 1, ¶ 25).

- Defendant Franklin voted against a motion to extend Bivins' employment contract. (Doc. 1, ¶ 39).

- Defendant Franklin voted in favor of the motion to terminate Bivins' contract and declare the contract ultra vires. (Doc. 1, ¶ 40-41).

- Defendants took "adverse action" against Plaintiff by terminating Bivins, not renewing her contract, and declaring her agreement ultra vires. (Doc. 1, ¶ 96).

- Defendants retaliated against Bivins because she was married to Mr. Bivins. (Doc. 1, ¶ 97).

## III. ARGUMENT AND CITATION OF AUTHORITIES

A. Standard of Review

In reviewing a motion for judgment on the pleadings, "the allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff." *See* Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). "A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002). In deciding a motion for judgment on the pleadings under Rule 12, this Court may (1) consider documents attached to the pleadings; (2) consider documents that are central to a plaintiff's claims that are undisputed in terms of authenticity; and (3) take judicial notice of the public records and other judicial proceedings. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002); Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997); Universal Express, Inc. v. U.S. S.E.C., 177 Fed. Appx. 52, 53 (11th Cir. 2006); Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995).

B. <u>Defendant Franklin cannot set forth a claim for Frist Amendment Retaliation because the position of Chief Financial Officer was never created by the Clayton County Board of Commissioners.</u>

Plaintiff Bivins' former position as CFO was never lawfully created by the County pursuant to home rule dictates;[1] thereby establishing that *no one* was legally authorized to hold such position. Accordingly, Bivins cannot make out a *prima case* for First Amendment Retaliation in the employment context, which, by definition, requires the existence of a valid employment relationship prior to the alleged adverse employment action. A successful action for First Amendment Retaliation requires a showing of three elements: "1) that the speech can be fairly characterized as relating to a matter of public concern, 2) that her interests as a citizen outweigh the interests of the State as an employer, and 3) that the speech played a substantial or motivating role in the government's decision *to take an adverse employment action*." <u>Akins v. Fulton Cnty., Ga.</u>, 420 F.3d 1293, 1303 (11th Cir. 2005) (emphasis added).

Setting aside the first two elements of a retaliation claim, Bivins alleges that Franklin's vote(s) to terminate Plaintiff's contract *and* declare Bivins' contract ultra vires are sufficient to demonstrate an adverse employment action. (Doc. 1, ¶ 97). However, Bivins is estopped from pursuing an adverse employment action because <u>no</u> individual is entitled to hold the position of Clayton County CFO. Thus, the

---

[1] See, GA CONST Art. 9, § 2, ¶ I.

Board had no legal authority to bind the County to an employment contract for that position.

The Board attempted to create the position of CFO in 2013 by exercising its home rule powers to amend their local acts by ordinance.[2] The ordinance that the Board purported to adopt in 2013 is codified in Clayton County's Code at Sec. 2-13.5.[3] Under the Georgia Constitution, there are exacting substantive and procedural requirements that a local government *must* follow to exercise such power. *See* Ga. Const. Art. IX § II, ¶ 1. Per the Georgia Constitution, a county's local acts "may be

---

[2] The Clayton County Board of Commissioners was created by legislative act of the Georgia General Assembly on February 8, 1955 (Ga. Laws 1955, p. 2064). The General Assembly has made subsequent amendments to this enabling legislation, but no such amendments have provided for the position of CFO. *See* Ga. Const. Art. IX, § 2 ¶ 1(a) ("The governing authority of each county shall have legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government for which no provision has been made by general law and which is not inconsistent with this Constitution or any local law applicable thereto.") *Cf.* Ga. Laws 1983, p. 4503, § 10C (creating the position of Chief Administrative Assistant).

[3] Code Section 2-13.5 provides in pertinent part as follows:

> The position of chief financial officer is created. The chief financial officer shall be appointed by the board of commissioners. The duties of the chief financial officer shall be determined by the board of commissioners, and the chief financial officer shall perform those duties under the daily direction of the chairman and shall perform such other duties imposed upon him or her from time to time by action of the board. The provisions of the Clayton County Civil Service Act shall not be applicable to the position of chief financial officer.

amended or repealed by a resolution or ordinance *duly adopted* at two regular consecutive meetings of the county governing authority not less than seven nor more than 60 days apart." Id. at (b)(1).[4] As shown in the Board's certified minutes attached to Defendant Franklin's First Amended Answer, the Board did not follow this procedure. (Doc. 30, 30-1, 30-2). The minutes demonstrate that a <u>first read</u> of Ordinance 2013-15 (the Ordinance endeavoring to create the CFO position) occurred at the Board's meeting on January 2, 2013, but *no vote of approval was taken* (Doc. 30-1, p. 8). Then, only six days later (not the required seven), on January 8, 2013, the Board held a second read of Ordinance 2013-15 and voted to adopt it. (Doc. 30-2, pp. 5-6). In toto, the Board voted *once and only once* to implement the so-called home rule amendment.

The Board committed two fatal errors when it endeavored to amend its enabling legislation—first, the Board failed to adopt the Ordinance at two consecutive meetings, as only a first <u>read</u> took place on January 2, 2013. Second, even had a vote for adoption occurred at the January 2nd meeting, the subsequent meeting where the Ordinance was considered (January 8, 2013) occurred only six days thereafter, rather than the mandatory seven. *See*, <u>City of Baldwin v. Woodard & Curran, Inc</u>., 293 Ga. 19, 29 (2013) (holding that the June Proposal was ultra vires,

---

[4] The Home Rule provision of the Georgia Constitution is very clear. Any proposed amendment must be approved <u>at</u> two back-to-back meetings of the agency; not <u>following</u> two back-to-back meeting of the agency where the matter is presented.

void and not a binding contract based on failure of City Council to approve June Proposal in accord with substantive requirements of the City Charter.) Two fundamental errors – rendering the purported creation of the CFO position a nullity.

Clayton County's effort at creating the CFO position was and remains void, and the Board had no authority to employee any individual as CFO, much less to enter into an employment agreement with Bivins for that position. The County entered into a contract with Bivins regarding a position that did not exist. H.G. Brown Family Ltd. Partnership v. City of Villa Rica, 278 Ga. 819 (Ga. 2005) ('if a local government enters a contract in abrogation of its delegated power or in excess of its authority to enter contracts, then the contract is deemed ultra vires and void […] [a] municipality's method of contracting, once prescribed by law or charter, is absolute and exclusive.')

Bivins cannot claim that Franklin's vote to terminate her contract and declare said contract void and ultra vires were adverse employment decisions, because the position of CFO never existed. Further, the fact that Bivins did receive compensation or other benefits under the contract prior to the termination is irrelevant. *See e.g.*, Hoskins v. City of Orlando, Fla., 51 F.2d 901, 906 (5th Cir. 1931) (recognizing that estoppel cannot be invoked against a local government "to validate that which is unlawful or wholly ultra vires"); City of Baldwin v. Woodard & Curran, Inc., 293 Ga. 19, 29 (2013) (holding that where a purported contract with a local government

is void and ultra vires, the party seeking recovery under the contract is estopped from recovering under an equitable doctrine "even though the [party seeking damages] has performed its part of the bargain and might even have relied upon the contract to its detriment" (internal citation omitted)). Plaintiff, as a matter of law, cannot demonstrate an essential element of her claim – that she experienced an adverse employment action, and, therefore, Franklin is entitled to a dismissal of Plaintiff's claims against her.

C. The official capacity claim against Defendant Franklin should be dismissed as duplicative of the claim against Defendant Clayton County.

Notwithstanding the fact that Plaintiff's case should fail due to the CFO position having never been created, Plaintiff's official capacity claim against Defendant Franklin is independently subject to dismissal because it is duplicative of the claim brought against Defendant Clayton County.

Plaintiff purports to bring this action against Defendant Franklin in both her individual and official capacities as a member of the Clayton County Board of Commissioners. (Doc. 1, ¶ 2). Plaintiff has also sued Clayton County as a named party defendant. (Doc. 1, ¶ 5). Defendant Franklin is entitled to dismissal of Plaintiff's official capacity claim. As recognized by the 11th Circuit, suits against government officers sued in their official capacity and direct suits against the government are "functionally equivalent." Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985);

Brandon v. Holt, 469 U.S. 464, 471–72 (1985)). Therefore, keeping both an official capacity claim against Franklin and a claim against the County is redundant. Busby, 931 F.2d at 776. The claims against Defendant Franklin in her official capacity should be dismissed.

    D. <u>The Complaint fails to state a claim for First Amendment Retaliation against Defendant Franklin in her individual capacity.</u>

Defendant Franklin is also entitled to dismissal of Plaintiff's lawsuit because the Complaint, on its face, does not set forth allegations sufficient to assert a claim of First Amendment Retaliation against Franklin. Specifically, the Complaint fails to set forth factual allegations demonstrating that Plaintiff's protected speech or association "played a substantial or motivating role" in Franklin's decision to terminate Plaintiff and/or declare the contract ultra vires. *See* Akins, 420 F.3d at 1303. In order to survive a Motion for Judgment on the Pleadings, Plaintiff must rely on properly asserted *factual* averments. Mere conclusory statements are insufficient. The Complaint asserts, on its face, that the Defendants (including Franklin) had a non-retaliatory motive for finding Plaintiff's contract should be terminated; namely, that the contract was ultra vires and void. Moreover, the Complaint does not sufficiently allege that the three Board members who voted to terminate Plaintiff's contract acted with retaliatory intent.

Plaintiff's Complaint is premised entirely on the suggestion that Franklin's decision to terminate Plaintiff's contract and declare it ultra vires was due to

11

Plaintiff's husband's political activities. (Doc. 1, ¶¶ 91, 97). Franklin admits, as alleged by Plaintiff, that she had knowledge of Charlton Bivins' support for the incumbent candidate. (Doc., 1, ¶ 22 and Doc. 25, ¶ 22). Likewise, Franklin acknowledges that she supported the incumbent's challenger. (Doc. 1, ¶ 25 and Doc. 25, ¶ 25). However, Plaintiff [then] embarks on a conjecture-laden leap to suggest that because Franklin and Charles Bivins were backing different candidates, such differences must have been the motivating factor behind Franklin seeking to terminate Plaintiff's contract. With due respect to Plaintiff, such deductive leaps are specious.

Plaintiff is required to plead facts connecting her speech/expression and subsequent termination. Ford v. City of Oakwood, Ga., 905 F. Supp. 1063, 1065 (N.D. Ga. 1995) (*citing* L.S.T., Inc. v. Crow, 49 F.3d 679, 684 (11th Cir.1995)). *See also* Oxford, 297 F.3d at 1188. While Plaintiff alleges that Defendant Franklin's vote to the contract was motivated by a political disagreement, Plaintiff has failed to plead any facts that connect her speech or other protected expression to the alleged adverse action.

Furthermore, Plaintiff's complaint, on its face, demonstrates a nonretaliatory motive for Franklin's vote—namely, that Franklin (along with the other Commissioner voting in favor of the motion) determined that the contract the County had entered into with Plaintiff was ultra vires—meaning that it was void and of no

legal effect. See First Nat. Bank of Concord v. Hawkins, 174 U.S. 364, 370 (1899) (an ultra vires contract that is "outside the object of its creation as defined in the law of its organization, and therefore beyond the powers conferred upon it by the legislature,—is not voidable only, but wholly void and of no legal effect"). Under Georgia law, the concept of an ultra vires contract also extends to actions of the government. "Government action contrary to ... statute which a governmental entity has no power to take is ultra vires (beyond one's legal authority) and void." Xcaliber Int'l, Ltd. LLC v. Georgia ex rel. Carr, 253 F. Supp. 3d 1220, 1239 (N.D. Ga. 2017) (citing City of Holly Springs v. Cherokee Cty., 299 Ga.App. 451, 457, 682 S.E.2d 644 (2009) (quoting Quillian v. Employees' Retirement Sys. of Ga., 259 Ga. 253, 255, 379 S.E.2d 515 (1989)). As discussed, *supra*, at least one legitimate basis for a declaration that the contract was a nullity exists—that the position of CFO was never properly created by the Board.[5]

Finally, the allegations in the Complaint are insufficient to state a claim against Defendant Franklin because Plaintiff has not pled that *all* three individually named defendants acted with an improper motive in voting to terminate Plaintiff's contract. Even if there were sufficient factual allegations in the Complaint to support a claim for First Amendment Retaliation against Franklin, she cannot act alone to

---

[5] *See also* Defendant Clayton County's Motion to Dismiss, wherein the County discusses an additional legal basis for the contract's ultra vires nature based on the term of the agreement. (Doc. 22).

effectuate a vote of the Board. *See* Rolle v. Worth County School District, 128 Fed. Appx. 731, 733 (11th Cit. 2005) ("an improper motive of one member does not impart discrimination on the entire Board"). Plaintiff's failure to demonstrate that the "yes" votes of all three (3) of the individual defendants' votes shared an "improper motive," is yet another fatal flaw to Plaintiff's claims against Franklin.

E. Even if the Complaint states a plausible claim for First Amendment Retaliation against Defendant Franklin, Qualified Immunity operates to bar recovery against Defendant Franklin.

Even *if* Plaintiff's lawsuit sets forth a facial First Amendment Claim, Plaintiff's claims against Franklin, individually, are barred by qualified immunity. Qualified immunity "shields public officials for liability for civil damages when their conduct does not violate a constitutional right that was clearly established at the time of the challenged action." Bailey v. Wheeler, 843 F.3d 473, 480 (11th Cir. 2016). The officials must first show they were acting within the scope of their discretionary authority. Harbert International, Inc. v. James, 157 F.3d 1271, 1281 (11th Cir. 1998). When a defendant asserts qualified immunity, the plaintiff must show that (1) his constitutional right was violated and (2) the right was clearly established. Pearson v. Callahan, 555 U.S. 223, 232 (2009). For a right to be "clearly established," the law must be clear enough to provide the officials with "fair warning" that the conduct deprived the plaintiff of a constitutional right. Coffin v. Brandau, 642 F.3d 999, 1013 (11th Cir. 2011). The applicable standard is "whether

14

it would be clear to a reasonable [official] that his conduct was unlawful *in the situation [the defendant] confronted.*" Brosseau v. Haugen, 543 U.S. 194, 199 (2004) (emphasis added) (quotations omitted); Anderson v. Creighton, 483 U.S. 635, 639–41, (1987). The unlawfulness of a given act must be made truly obvious, rather than simply implied, by preexisting law. Id.; Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010).

A defendant acts within his discretionary authority when "his actions were undertaken pursuant to the performance of his duties and within the scope of his authority." Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988) (quotation omitted). In this case, Franklin acted within her official capacity as a member of the Board when she voted to terminate Plaintiff's contract and declare the contract ultra vires. *See generally* Code of Clayton County, Georgia, Sec. 2-10 (outlining powers and duties of Board of Commissioners); *see also* Carollo v. Boria, 833 F.3d 1322, 1328 (11th Cir. 2016) (city officials who voted to terminate city manager were acting in the scope of their discretionary authority).

Because it is clear that Franklin acted in the scope of her discretionary authority, it is Plaintiff's burden to "establish that (1) [her] complaint pleads a plausible claim that the defendant violated [her] federal rights (the "merits" prong), and that (2) precedent in this Circuit at the time of the alleged violation "clearly established" those rights (the "immunity" prong)." Carollo, 833 F.3d at 1328

15

(citation omitted). As previously discussed, Plaintiff's Complaint does not contain a sufficient factual basis to state a claim for First Amendment retaliation. There is no factual linkage between Franklin having a different political preference than Plaintiff's husband and Franklin's efforts in trying to annul a plainly void agreement. Plaintiff's effort at making this linkage, with no supporting facts, is tantamount to suggesting that a built-in presumption exists that elected officials *always* try to harm those with whom they politically disagree. Such a logical construct is built on sand, is not supported legally, and is merely a reflection of the cynical nature of our current political culture. Stated simply, Plaintiff cannot meet the first prong of the test outlined above (the "merits" prong) and therefore qualified immunity serves as a bar to Plaintiff's claims against Franklin.

## IV. CONCLUSION

For the foregoing reasons, Defendant Franklin respectfully requests that her Motion for Judgment on the Pleadings be granted and Plaintiff's lawsuit dismissed in its entirety.

Submitted this 3rd day of March, 2023.

/s/ *Melissa A. Tracy*
Ken E. Jarrard
Georgia Bar No. 389550
Melissa A. Tracy
Georgia Bar No. 714477

*Counsel for Defendant Felicia Franklin*

JARRARD & DAVIS, LLP
222 Webb Street
Cumming, Georgia 30040
(678) 455- 7150
kjarrard@jarrard-davis.com
mtracy@jarrard-davis.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that the within and foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

*/s/ Melissa A. Tracy*
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this date electronically filed the foregoing **DEFENDANT FELICIA FRANKLIN'S BRIEF IN SUPPORT OF HER MOTION FOR JUDGMENT ON THE PLEADINGS** in the above-styled civil action with the Clerk of Court by using the Court's CM/ECF system, which will automatically send notice of same to the attorneys of record. Additionally, a true and correct copy of same has been delivered to the following counsel of record:

Edward D. Buckley
Andrew R. Tate
Buckley Bala Wilson Mew LLP
Bank of America Plaza, Suite 3900
600 Peachtree Street NE
Atlanta, GA 30308
edbuckley@bbwmlaw.com
atate@bbwmlaw.com

Randall C. Farmer
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, GA 30060
rfarmer@gregorydoylefirm.com

Kirsten S. Daughdril
A. Ali Sabzevari
Jack R. Hancock
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Ste. 1600
Atlanta, GA 30339
kirsten.daughdril@fmglaw.com
asabzevari@fmglaw.com
jhancock@fmglaw.com

This 3rd day of March, 2023.

                                                          */s/ Melissa A. Tracy*
                                                          Melissa A. Tracy
                                                          Georgia Bar No. 714477
                                                          mtracy@jarrard-davis.com