## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RAMONA THURMAN BIVINS,**

    **Plaintiff,**

**vs.**

**FELICIA FRANKLIN, in her individual and official capacities; ALIEKA ANDERSON in her official and individual capacities, GAIL HAMBRICK, in her individual and official capacities; and CLAYTON COUNTY, GEORGIA,**

    **Defendants.**

**CIVIL ACTION NO.: 1:22-cv-04149-WMR**

## DEFENDANT CLAYTON COUNTY, GEORGIA'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND COUNTERCLAIM

COMES NOW Defendant and Counterclaimant, Clayton County, Georgia ("Clayton County," "Defendant," or "Counterclaimant Plaintiff"), and, pursuant to Rules 8(c) of the Federal Rules of Civil Procedure, files this, its Answer and Defenses to Plaintiff's Complaint for Damages and Injunctive Relief ("Answer"), and Counterclaim showing this Court the following:

## FIRST DEFENSE

Defendant asserts the defenses of sovereign, governmental, and absolute immunity to the extent allowed by law. To the extent that Defendant is entitled to immunity, Plaintiff's Complaint fails to state a claim within the subject matter jurisdiction of this Court.

## SECOND DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

At all times, Defendant's actions with regard to Plaintiff have been in conformance with all applicable laws, rules, and regulations, and Plaintiff's rights have not been violated.

## FOURTH DEFENSE

All actions taken by Defendant affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory and non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination or retaliation played a motivating part in any action at issue in this

case, the same action would have been taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## FIFTH DEFENSE

The Complaint fails to state a claim for punitive damages against the County and any individuals sued in their official capacity, as such damages may not be recovered against governmental entities as a matter of law. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002). In addition, Defendant never, either intentionally or willfully, violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendant act with any intent to injure or otherwise cause harm to Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she has failed to act reasonably to mitigate any damages claimed in the instant case, as required by law.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant asserts the affirmative defenses of failure of consideration, illegality,

statute of frauds, statute of limitations (including but not limited to failure to give timely and proper ante-litem notice), and waiver.

## EIGHTH DEFENSE

Defendant has not consented to be sued, has not waived its immunities, and is not liable for any cause or claim asserted.

## NINTH DEFENSE

Plaintiff's damages, if any, were not proximately caused by any official policy, practice, custom, or directive of Defendant, or one whose acts or edicts may be fairly said to represent official policy, and Defendant is not liable for any of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

## TENTH DEFENSE

The claims and allegations in the complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional violation.

## ELEVENTH DEFENSE

Defendant may not be held liable under 42 U.S.C. § 1983 on the basis of *respondeat superior*.  Because Plaintiff's alleged damages and injuries, if any, were not proximately caused by any ordinance, rule, regulation, policy, or custom promulgated by the governing authority of Defendant, or one whose acts or edicts

may fairly be said to represent official policy, Defendant is not liable for any of Plaintiff's claims.

## TWELFTH DEFENSE

Defendant did not violate the rights of Plaintiff under any provisions of or amendments to the United States Constitution.

## THIRTEENTH DEFENSE

Plaintiff's employment agreement attached as Exhibit 1 to Plaintiff's Complaint (hereinafter "Agreement") was ultra vires and void.

## FOURTEENTH DEFENSE

The Agreement between Plaintiff and Clayton County, Georgia lacked consideration.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches, waiver, estoppel, unjust enrichment, unclean hands, and/or other equitable defenses.

## SIXTEENTH DEFENSE

Defendant raises and/or preserves the defense of after-acquired evidence.

## SEVENTEENTH DEFENSE

Defendant raises and/or preserves any mixed motive defense that may be

applicable in this case.

## **EIGHTEENTH DEFENSE**

Defendant responds to the unnumbered and numbered allegations of the Complaint as follows:

## **ANSWER TO PARTIES, JURISDICTION**

### 1.

Upon information and belief, Defendant admits that Plaintiff is a citizen of the State of Georgia. Defendant admits that Plaintiff has filed the instant action and, therefore, submits herself to the jurisdiction of this Court.

### 2.

Upon information and belief, Defendant admits the allegations in paragraph 2 of the Complaint, but denies any liability based on Plaintiff's claims against Defendant Franklin.

### 3.

Upon information and belief, Defendant admits the allegations pled in paragraph 3 of the Complaint, but denies any liability based on Plaintiff's against Defendant Anderson.

4.

Upon information and belief, Defendant admits the allegations pled in paragraph 4 of the Complaint, but denies any liability based on Plaintiff's claims against Defendant Hambrick.

5.

The first sentence of paragraph 5 is a legal conclusion to which no response is required but Defendant admits that it has been named as a defendant in this action. Defendant admits the remaining allegations pled in paragraph 5 of the Complaint to the extent that Plaintiff's allegations concerning service conform to Fed. R. Civ. P. 4.

6.

Defendant admits that Plaintiff purports to bring a claim under 42 U.S.C. § 1983, a federal statute, in this action. Defendant denies that Plaintiff is entitled to any recovery under 42 U.S.C. § 1983.

7.

Defendant admits that Plaintiff purports to bring a breach of contract claim in this action. Defendant denies that Plaintiff is entitled to any recovery for a breach of contract claim. The remaining allegations pled in paragraph 7 are legal

conclusions to which no response is required; however, to the extent a response is required, Defendant denies such allegations.

8

Defendant admits that venue in the United States District Court for the Northern District, Atlanta Division is the proper venue for actions brought against Defendant. The remaining allegations pled in paragraph 8 are legal conclusions to which no response is required; however, to the extent is required, Defendant denies such allegations.

## RESPONSE TO ALLEGED FACTS

### Response to "Ms. Bivins' Background and Employment at Clayton County"

9.

Defendant admits that Plaintiff was the Chief Financial Officer ("CFO") for Clayton County Board of Commissioners from April 8, 2013 to June 7, 2022.

10.

Defendant admits that Plaintiff asserts that she has experience in the areas of governmental accounting, budgeting, and finance, and had previously worked for the Clayton County Board of Education and Atlanta Public Schools System. Defendant, however, is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 10 of the

Complaint and, therefore, denies same.

11.

Plaintiff's allegations concern the duties and responsibilities of the Clayton County CFO which are set forth in the County's local acts at Sec. 2-13.5, "Chief financial officers and assistants," and, as such, the local acts speak for themselves. To the extent a response is required to Plaintiff's allegations, Defendant denies Plaintiff's description of the position to the extent it conflicts and/or is different from the description in the local acts.

12.

The duties and responsibilities of the Clayton County CFO are set forth in in the County's local acts at Sec. 2-13.5, and, as such, speak for themselves. To the extent a response is required, Defendant denies Plaintiff's description of the position to the extent it conflicts with and/or is different from the description in the local acts. Defendant admits that Plaintiff, as the CFO, was the Secretary of the Clayton County Public Employees' Pension Board

13.

Defendant denies Plaintiff's characterizations of her job performance in paragraph 13. Further, to the extent that Plaintiff is referring to written performance evaluation, such evaluations speak for themselves. Defendant admits

that Plaintiff, at times, received pay raises, but denies Plaintiff's description of any such raises as being "regular merit pay raises."

14.

Defendant admits that Code of Clayton County at Sec. 2-13.5(a) sets forth the reporting hierarchy for the CFO position. To the extent that Plaintiff makes allegations concerning written performance evaluations, those evaluations speak for themselves. To the extent that Plaintiff is referring to evaluations other than written evaluations, this Defendant is without sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, denies such allegations.

15.

To the extent that Plaintiff makes allegations concerning written performance evaluations, those evaluations speak for themselves. To the extent that Plaintiff is referring to evaluations other than written evaluations, this Defendant is without sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, denies such allegations.

16.

This Defendant admits that, at the time of her termination, a purported agreement existed between Plaintiff and the County ("Agreement"), a copy of

which is attached as Exhibit 1 to the Complaint that sets forth the term as being from July 1, 2019 and ending June 30, 2022. Defendant affirmatively denies that the Agreement was a valid, enforceable contract.

17.

Defendant admits only that the Clayton County Finance Department erroneously remitted payment for Plaintiff to attend the Leadership and Learning in Organizations program at Vanderbilt University (hereinafter referred to as the "Vanderbilt Program"). Defendant denies any and all remaining allegations in paragraph 17 and denies that the Agreement and/or the County had authorized payment for Plaintiff to attend the Vanderbilt Program.

18.

This Defendant admits only that Clayton County may have paid for training for some employees, but to the extent that Plaintiff makes allegations concerning the terms of Employment Agreements of other employees/contractors/officers of Clayton County, Georgia, those Employment Agreements speak for themselves, and Defendant denies Plaintiff's interpretation of the referenced Employment Agreements and denies all remaining allegations in paragraph 18.

19.

To the extent that Plaintiff makes allegations concerning the terms of the purported Agreement in paragraph 19, the purported Agreement speaks for itself, and Defendant denies Plaintiff's interpretation of the purported Agreement. Defendant affirmatively denies that the Agreement was a valid, enforceable contract and denies that Plaintiff was/is entitled to severance.

20.

Defendant denies as pled the allegations in paragraph 20 of the Complaint, but admits that Plaintiff's salary at the time of her termination/non-renewal was $169,707.82

### Response to "Bivins' Husband Campaign Activities for Commissioner DeMont Davis"

21.

Defendant admits that, upon information and belief, Plaintiff was married to Charlton Bivins, but is without sufficient information or knowledge to form a belief as to whether they were married "at all times relevant" to the Complaint.

22.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations concerning what the individual Defendants allegedly "knew," and therefore denies such allegations. Further, Defendant

-12-

affirmatively denies that Plaintiff's marital status was a motivating factor in any decision concerning Plaintiff.

23.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies such allegations.

24.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of what the individuals allegedly "knew," and therefore denies such allegations and affirmatively denies that Plaintiff's marital status was a motivating factor any decision concerning Plaintiff.

25.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies such allegations.

26.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies such allegations.

27.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies such allegations.

28.

The allegations in paragraph 28 concern the actions of another Defendant in this action and, Defendant is without sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, denies such allegations. By way of further response, to the extent that the allegations in paragraph 28 reference an audio recording, that recording would speak for itself, and Defendant is without sufficient information or knowledge to form a belief as to the authenticity and accuracy of the recording.

29.

Plaintiff's allegations pled in paragraph 29 concern a statement contained in an article in the Clayton Crescent, and the article speaks for itself. Defendant admits that the article exists but is without sufficient information or knowledge to form a belief about the truth of contents of the article and therefore denies such allegations.

30.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies such allegations. Further, without waiving any evidentiary objections, to the extent an audio recording exists, it would speak for itself.

31.

Plaintiff's allegations pled in paragraph 31 concern an article in the Clayton Crescent, and the article speaks for itself. Defendant admits that the article exists but is without sufficient information or knowledge to form a belief about the truth of the contents of the article and, therefore, denies same. Defendant is without sufficient information or knowledge to form a belief as to the truth of Plaintiff's reference to "local media," and, therefore denies such allegations.

32.

Plaintiff's allegations pled in paragraph 32 concern statements made in a Clayton Crescent article and the article speaks for itself. Defendant admits that the article exists but is without sufficient information or knowledge to form a belief about the truth of contents of the article and, therefore, denies such allegations. Defendant also denies Plaintiff's allegation that Mr. Bivins' "allegiance to Davis and the Davis campaign was obvious."

33.

Plaintiff's allegations pled in paragraph 33 concern statements made in a Clayton Crescent article and the article speaks for itself. Defendant admits that the article exists but is without sufficient information or knowledge to form a belief about the truth of contents of the article and, therefore, denies such allegations.

34.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies such allegations. Further, without waiving any evidentiary objections, to the extent the referenced recording and/or social media posts exist, they would speak for themselves.

35.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies such allegations. Further, without waiving any evidentiary objections, to the extent the referenced social media posts exists, it would speak for itself.

36.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies such allegations. Further, without waiving any evidentiary objections, to the extent the referenced social media posts exists, it would speak for itself.

### Response to "Bivins is terminated and denied contractually obligated severance"

37.

Defendant admits the allegations pled in paragraph 37 of the Complaint to the extent that it conforms to the Commission's public agenda.

38.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies such allegations.

39.

The allegations in paragraph 39 are denied as pled. Defendant admits that at the June 7, 2022 meeting, Plaintiff's purported Agreement was not renewed, and that Plaintiff's employment relationship was terminated, but paragraph 39 contains allegations related to a Board meeting that was recorded and at which minutes

were taken.  Without waiving any evidentiary objections, the recording and minutes from that meeting speak for themselves, and Defendant denies the allegations in paragraph 39 to the extent that they conflict with or differ from the recording and/or minutes.

40.

The allegations in paragraph 40 are denied as pled.  Defendant admits that Plaintiff had been Clayton County's CFO for approximately nine years, that her employment relationship was terminated by a 3-2 vote at the June 7, 2022 meeting, and that she was asked to leave her office. By way of further response, Paragraph 40 of the Complaint contains allegations related to a Board meeting that was recorded and at which minutes were taken. Without waiving any evidentiary objections, the recording and minutes from that meeting speak for themselves, and Defendant denies the allegations in paragraph 40 to the extent that they conflict with or differ from the recording and/or minutes.

41.

Defendant admits that, at the June 7, 2022 meeting, the Board acknowledged that the Agreement was *ultra vires* and void. By way of further response, Paragraph 41 of the Complaint contains allegations related to a Board meeting that was recorded and at which minutes were taken. Without waiving any evidentiary

objections, the recording and minutes from that meeting speak for themselves, and Defendant denies the allegations in paragraph 41 to the extent that they conflict with or differ from the recording and/or minutes.

42.

Defendant denies the allegations pled in paragraph 42 of the Complaint.

43.

Defendant denies the allegations pled in paragraph 43 of the Complaint.

44.

Defendant denies the allegations in paragraph 44 as pled.  By way of further response, to the extent Plaintiff's allegations relate to a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves. Defendant denies any inference that the individual Commissioners were legally required to provide a response at the meeting.

45.

Defendant denies the allegation in paragraph 45 as pled.  By way of further response, to the extent Plaintiff's allegations relate to a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves and Defendant denies Plaintiff's subjective characterization of statements made at the meeting.

46.

Defendant denies the allegation in paragraph 46 as pled.  By way of further response, to the extent Plaintiff's allegations relate to a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves. Defendant denies that the individual Defendants had a legal obligation to respond to the questions referenced in paragraph 46.

47.

Defendant denies the allegation in paragraph 47 as pled.  By way of further response, to the extent Plaintiff's allegations relate to a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves.

48.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies such allegations.

49.

This Defendant admits that it has not made a statement regarding the reasons for Plaintiff's termination but is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 49 and, therefore, denies such allegations.

50.

Defendant denies the allegations pled in paragraph 50 of the Complaint.

51.

Defendant denies the allegations pled in paragraph 51 of Plaintiff's Complaint.

52.

Defendant denies the allegations pled in paragraph 52 of Plaintiff's Complaint.

53.

This Defendant admits that a formal successor had not been officially selected to take Plaintiff's place upon Plaintiff's termination.

54.

Defendant admits the allegations pled in paragraph 54 of the  Complaint.

55.

Defendant denies the allegations pled in paragraph 55 of the Complaint.

56.

This Defendant admits that Mr. Johnson retired after he began serving as the Interim CFO, but Defendant is without sufficient information or knowledge to

form a belief as to the remaining allegations pled in paragraph 56 of the Complaint and, therefore, denies such allegations.

57.

Defendant denies the allegations pled in paragraph 57 of the Complaint.

## **Response to "Anderson, Hambrick, and Franklin continue to retaliate after the termination."**

58.

This Defendant denies that Plaintiff is entitled to severance payments but admits that the County acknowledged that Plaintiff's Agreement was *ultra vires*, terminated the purported employment agreement between Plaintiff and this Defendant, and has not paid any severance payments to Plaintiff. Defendant denies any and all remaining allegations as pled in paragraph 58.

59.

Defendant denies the allegations pled in paragraph 59 of the Complaint.

60.

Defendant denies as pled the allegations in paragraph 60. Further, this Defendant objects to paragraph 60 of the Complaint on the basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with

unemployment proceedings are absolutely privileged, and that any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

61.

This Defendant denies as pled the allegations in paragraph 61 of the Complaint. Further, this Defendant objects to paragraph 61 of the Complaint on the basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with unemployment proceedings are absolutely privileged, and that any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

62.

This Defendant denies as pled the allegations in paragraph 62 of the Complaint. Further, this Defendant objects to paragraph 62 of the Complaint on the

basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with unemployment proceedings are absolutely privileged, and that any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

63.

This Defendant denies as pled the allegations in paragraph 63 of the Complaint. Further, this Defendant objects to paragraph 63 of the Complaint on the basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with unemployment proceedings are absolutely privileged, and that any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

64.

The purported Agreement Plaintiff references in paragraph 64 speaks for itself, and Defendant denies that the language Plaintiff cites in paragraph 64 is dispositive of the type employment relationship Plaintiff had with the County.

65.

Defendant admits the allegations pled in paragraph 65 but denies that these allegations are dispositive of the type of employment relationship Plaintiff had with the County.

66.

This Defendant denies as pled the allegations in paragraph 66 and, by way of further response, states that the contract referenced in paragraph 66 speaks for itself.

67.

This Defendant admits that the Board of Commissioners voted to approve Mr. Stanford as the Clayton County Chief Operating Officer ("COO"), but further responds that the minutes from the meeting of October 5, 2021 and the terms of the referenced contract speak for themselves, and Defendant denies such allegations to the extent that they do not accurately reflect the minutes or the contract.

68.

Defendant admits the allegations pled in paragraph 68 of the Complaint.

69.

Defendant admits the allegations pled in paragraph 69 of the Complaint.

70.

Defendant denies as pled the allegations in paragraph 70 of the Complaint but admits that Mr. Stanford's contract has not been declared *ultra vires* by the Board of Commissioners.

71.

Defendant admits that Plaintiff's first term as CFO began in 2013. Defendant is without sufficient information or knowledge to form a belief as to the remaining allegations of paragraph 71 and, therefore, denies such allegations.

72.

Defendant admits the allegations pled in paragraph 72 of the Complaint.

73.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, therefore, denies such allegations.

74.

Defendant denies as pled the allegations contained in paragraph 74 of the Plaintiff's Complaint. By way of further answer, Defendant denies that Plaintiff's Agreement permitted the County to pay Plaintiff's tuition for the Vanderbilt Program and/or that the Chairman without Board approval had the authority to enter into such an agreement or authorize such payments, but Defendant admits that the County has sought and continues to seek reimbursement of the unauthorized tuition payments. Defendant denies any remaining allegations in paragraph 74.

75.

Defendant admits that the Clayton County Finance Department erroneously paid for classes for COO Detrick Stanford but denies that the Board of Commissioners had authorized such payments. Defendant is without sufficient knowledge or information regarding the benefit to Mr. Stanford and, therefore, denies such allegations and denies any and all remaining allegations in paragraph 75.

76.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and, therefore, denies such allegations.

77.

The allegations in paragraph 77 are denied as pled. Defendant admits that the County is seeking reimbursement of the unauthorized tuition payments that were erroneously paid for Plaintiff to attend the Vanderbilt Program, but by way of further response, this Defendant shows that the vote of the Clayton County Board of Commissioners on September 6, 2022 is memorialized in the minutes of the meeting, which speak for themselves.

78.

Paragraph 78 contains allegations related to a letter dated September 29, 2022, which Defendant admits exists and speaks for itself. Defendant denies any allegation to the extent it does not accurately reflect the contents of the letter.

79.

Paragraph 79 contains allegations related to an audit by Terminus Municipal Advisors, LLC, which Defendant admits exists and speaks for itself. Defendant

denies any allegation to the extent that it does  not accurately reflect the contents of the audit.

80.

This Defendant denies as pled the allegations in paragraph 80.  Paragraph 80 contains allegations related to an audit by Terminus Municipal Advisors, LLC and a letter dated May 4, 2021, both of which Defendant admits exist and speak for themselves.  Defendant denies any allegation  to the extent they do not accurately reflect the contents of either document.

81.

This Defendant admits that COO Stanford has contended that he had authority from Chairman Turner, but this Defendant denies that Chairman Turner could provide such authority without action by the Board of Commissioners. By way of further response, Defendant denies that anyone other than the Board of Commissioners had the authority on behalf of the County to authorize payments for Plaintiff to attend the Vanderbilt Program.

82.

Defendant admits that tuition payments were erroneously paid to Vanderbilt University beginning in May 2021 but denies that these payments were authorized, denies that Mr. Stanford or Chairman Turner had the authority to authorize these

-29-

payments without Board approval, and denies any remaining allegations in paragraph 82 as pled.

83.

Paragraph 83 contains allegations related to an audit by Terminus Municipal Advisors, LLC, which speaks for itself.  Defendant denies Plaintiff's description of the audit's finding, i.e., "without any explanation," and denies any other/remaining allegation to the extent it is not accurately reflect the contents of the audit.

84.

Defendant denies as pled the allegations in paragraph 84 of the Complaint. By way of further response, the audit speaks for itself and, with respect to the remaining allegations in paragraph 84, this Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies same.  Defendant affirmatively denies that anyone, except the Board of Commissioners, could have given authority to Mr. Stanford to approve/authorize payment of the Vanderbilt Program for Plaintiff.

85.

Defendant denies the allegations pled in paragraph 85 of the Complaint.

86.

Paragraph 86 contains a legal conclusion to which no response is required; however, to the extent a response is required, Defendant denies such allegation.

## RESPONSE TO COUNT ONE
### First Amendment Retaliation
### Asserted Through 42 U.S.C. § 1983
### *Against Defendants Clayton County and Anderson, Franklin, and Hambrick in their individual and official capacities*

87.

Defendant incorporates its responses and defenses as set forth in paragraphs 1 through 86 as if fully stated herein.

88.

Paragraph 88 of the Complaint sets forth a legal conclusion and/or a restatement of law to which no response is required. To the extent that a response is required, Defendant admits that the First Amendment to the U.S. Constitution prohibits governmental entities against persons for engaging in protected speech, but this Defendant denies such retaliation occurred in this case and denies any wrongdoing or liability for any alleged actions by any of the Defendants in this case.

89.

Paragraph 89 of the Complaint sets forth a legal conclusion and/or restatement of law to which no response is required. To the extent that a response is required, Defendant admits that the First Amendment to the U.S. Constitution prohibits governmental entities against persons for engaging in protected speech, but this Defendant denies such retaliation occurred in this case and denies any wrongdoing or liability for any alleged actions by any of the Defendants in this case.

90.

Paragraph 90 of the Complaint sets forth a legal conclusion and/or restatement of law to which no response is required. To the extent that a response is required, Defendant admits that the First Amendment to the U.S. Constitution protects political speech and expression, but this Defendant denies any wrongdoing or liability for any alleged actions by of the Defendants in this case.

91.

Paragraph 91 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and, therefore, such allegations are denied.

92.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 92 of the Complaint and, therefore, such allegations are denied.

93.

Paragraph 93 contains legal conclusions to which no response is required. By way of further answer, however, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 93 of the Complaint and, therefore, denies such allegations.

94.

Paragraph 94 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations. Answering further, Defendant denies that any action was taken as a result of Plaintiff's marital status.

95.

Defendant denies as pled the allegations in paragraph 95 of the Complaint.

96.

Defendant denies the allegations pled in paragraph 96 of the Complaint.

97.

Defendant denies the allegations pled in paragraph 97 of the Complaint.

98.

Defendant denies the allegations pled in paragraph 98 of the Complaint.

99.

Defendant denies the allegations pled in paragraph 99 of the Complaint.

100.

Defendant denies the allegations pled in paragraph 100 of the Complaint.

101.

Defendant denies the allegations pled in paragraph 101 of the Complaint.

102.

Defendant denies the allegations pled in paragraph 102 of the Complaint.

103.

Defendant denies the allegations pled in paragraph 103 of the Complaint.

104.

Defendant denies the allegations pled in paragraph 104 of the Complaint.

105.

Defendant denies the allegations pled in paragraph 105 of the Complaint.

106.

Defendant denies the allegations pled in paragraph 106 of the Complaint.

107.

Defendant denies the allegations pled in paragraph 107 of the Complaint.

## RESPONSE TO COUNT TWO
### BREACH OF CONTRACT
### *Against Defendant Clayton County*

108.

Defendant incorporates its  responses and defenses as set forth in paragraphs 1 through 107 as if fully stated herein.

109.

Defendant denies the allegations pled in paragraph 109 of the Complaint.

110.

Defendant denies the allegations pled in paragraph 110 of the Complaint.

111.

Defendant denies the allegations pled in paragraph 111 of the Complaint.

112.

Defendant denies the allegations pled in paragraph 112 of the Complaint.

113.

Defendant denies the allegations pled in paragraph 113 of the Complaint.

## RESPONSE TO COUNT THREE
### Punitive Damages Under 42 U.S.C. § 1983
*Against Defendants Franklin, Anderson, and Hambrick in*
*their Individual Capacities*

114.

Defendant incorporates its responses and defenses as set forth in paragraphs

1 through 113 as if fully stated herein.

115.

Defendant denies the allegations pled in paragraph 115 of the Complaint.

116.

Defendant denies the allegations pled in paragraph 116 of the Complaint.

117.

Defendant denies the allegations pled in paragraph 117 of the Complaint.

118.

Defendant denies the allegations pled in paragraph 118 of the Complaint.

119.

Defendant denies the allegations pled in paragraph 119 of the Complaint.

120**.**

Defendant denies all allegations contained in Plaintiff's Complaint that are not expressly admitted in this answer.

## RESPONSE TO PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning with the word "WHEREFORE" and appearing immediately after 119, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief contained in paragraphs (a) through (k).

WHEREFORE, having fully listed its defenses and having fully answered the complaint, Defendant prays as follows:

(a)    That judgment be entered in favor of Defendant and against Plaintiff on the complaint;

(b)    That the costs of this action, including attorney's fees, be cast against Plaintiff; and

(c)    That the Court grant such other and further relief as it may deem just and proper.

## DEFENDANT (PLAINTIFF IN COUNTERCLAIM) CLAYTON COUNTY, GEORGIA'S COUNTERCLAIM AGAINST PLAINTIFF (DEFENDANT IN COUNTERCLAIM) RAMONA BIVINS

1.

Based on Ramona Bivins' filing of her Complaint, jurisdiction over Ms. Bivins and venue are properly before this Court.

## PARTIES

2.

Counterclaim Plaintiff Clayton County, Georgia ("Clayton County" or "the County") is a political subdivision of the State of Georgia and brings this action pursuant to O.C.G.A. § 9-4-3.

3.

Ramona Bivins ("Counterclaim Defendant") is a resident of Clayton County, Georgia, and may be served with process at 9141 Woodleaf Dr., Jonesboro, GA 30236.

## FACTUAL BACKGROUND

4.

Counterclaim Defendant served as the Chief Financial Officer ("CFO") for Clayton County from April 2013 until June 7, 2022.

5.

As the CFO of Clayton County, Counterclaim Defendant was responsible for the Internal Audits and Finance Departments.

6.

The Clayton County Board of Commissioners (hereinafter "the Board") is the governing authority of the County.

7.

On June 1, 2019, the Board was comprised of the following Board members: Jeffrey Turner, DeMont Davis, Felisha Franklin, Gail Hambrick, and Sonna Singleton Gregory.

8.

On June 7, 2022, the Board was comprised of the following members: Gail Hambrick, Felica Franklin, Alieka Anderson, Jeffrey Turner, and DeMont Davis.

9.

Counterclaim Defendant Bivins entered into a purported employment agreement ("Agreement") with Clayton County for a three-year term starting on July 1, 2019 and ending June 30, 2022.  A true and correct copy of the purported Agreement is attached hereto as **Exhibit "A"** and incorporated herein by reference.

10.

The Agreement included the following provisions, in relevant part:

**Section 5: General Business Expenses**

3. Employer also agrees to budget for and to pay for travel and subsistence expenses of Employee for short courses, institutes, and seminars that are necessary for the Employee's Professional development and for the good of the Employer.

<u>See</u> Exhibit A.

11.

At the Clayton County Board of Commissioners' meeting on Tuesday, June 7, 2022, the Board's agenda included a vote on the renewal of Counterclaim Defendant's Agreement.

12.

The Clayton County Board of Commissioners did not vote to renew Counterclaim Defendant's Agreement.

13.

At the June 7, 2022 Board meeting, the Board of Commissioners voted to terminate Counterclaim Defendant's purported Agreement and to declare the Agreement *ultra vires* and void.

14.

As of the date of her termination, Counterclaim Defendant's salary as CFO of Clayton County was $169,707.82, and she estimates that the County owed her $84,853.86 in severance.

15.

The County paid approximately $37,402.00 for tuition/transcript fees for Counterclaim Defendant to attend Vanderbilt University to take courses in the Leadership and Learning in Organizations program beginning May 2021 through December 2024 (hereinafter "the Vanderbilt Program").

16.

The completion of the Vanderbilt Program leads to a Doctor of Education degree (Ed.D.).

17.

The Vanderbilt Program consists of 54 credit hours and is designed to be completed in three to four years.

18.

The Vanderbilt Program was not a "short course[], institute[], and[or] seminar[]."

19.

The Agreement, by its plain terms (and even it had been a valid agreement), did not authorize Plaintiff to attend the Vanderbilt Program.

20.

The Clayton County Board of Commissioners did not authorize the payment of tuition for Plaintiff to attend the Vanderbilt Program.

21.

The Vanderbilt Program was for a term beginning in 2021 and ending in 2024 and that exceeded Plaintiff's term of employment set forth in the purported Agreement.

22.

Counterclaim Defendant received a significant and substantial benefit from attending the Vanderbilt Program.

23.

On or about September 29, 2022, the County sent a letter to Counterclaim Defendant and requested that she repay the funds issued by the County for the Vanderbilt Program within 30 days of the letter.

24.

To date, Counterclaim Defendant has not compensated the County for the payments it paid for her to attend the Vanderbilt Program.

25.

Counterclaim Defendant has brought an action for breach of contract and seeks severance from the County in the amount of $84,853.86 plus interest. *Bivins v. Clayton County et al.*, No. 1:22-cv-04149-WMR, filed October 17, 2022, Northern District of Georgia.

## COUNT I: DECLARATORY JUDGMENT

26.

The County incorporates each prior paragraph of this Complaint as if fully set forth herein.

27.

The nature of the Agreement between the County and Counterclaim Defendant is an actual controversy in which the County seeks this Court declare its rights and legal relations to the Agreement.

28.

The County is in a position of uncertainty and insecurity with respect to its rights, status, and other legal relations as to the Agreement.

29.

The County believes that the Agreement was *ultra vires* and void.

30.

The County believes that it is not required to pay Counterclaim Defendant severance because the Agreement was *ultra vires* and void.

31.

The County believes that it is not required to pay Counterclaim Defendant severance because it had no authority to enter into the Agreement.

32.

The County believes that it is not required to pay Counterclaim Defendant severance because the Agreement was not supported by consideration

33.

The County believes that the Agreement was *ultra vires* and void and that the Agreement could not provide authority for the County to  pay for Counterclaim Defendant to attend the Vanderbilt Program.

34.

The County believes it is not required to and/or is not authorized to pay Counterclaim Defendant severance.  However, without an order from this Court,

the County will remain in a position of uncertainty as to its rights under the Agreement.

35.

The County believes it had not authorized the payment of Counterclaim Defendant's tuition to attend the Vanderbilt Program. However, without an order from this Court, the County will remain in a position of uncertainty as to its rights under the Agreement.

36.

Therefore, the County seeks and is entitled to an order of this Court declaring that:

(a)    The Agreement was *ultra vires*, null and void;

(b)    The County was not authorized to enter into the Agreement;

(c)    Counterclaim Defendant has no interest or claim related to the Agreement; and

(d)    Counterclaim Defendant is not entitled to severance.

## COUNT II: UNJUST ENRICHMENT

39.

The County incorporates each prior paragraph of this Complaint as if fully set forth herein.

40.

The Agreement was not a legal, valid contract between the County and Counterclaim Defendant.

41.

The County paid approximately $37,402.00 for Counterclaim Defendant to attend the Vanderbilt Program.

42.

The County did not have the authority to enter into the Agreement and, therefore, did not have the authority through the Agreement to pay for Counterclaim Defendant to attend the Vanderbilt Program.

43.

The Clayton County Board of Commissioners had not authorized and/or approved to pay for Counterclaim Defendant to attend the Vanderbilt Program.

44.

Plaintiff's payment for the Vanderbilt Program contemplated payment for a time period that exceeded the terms of her employment term set forth in the Agreement and/or was for a time period during which Counterclaim Defendant was no longer employed by the County.

45.

Even assuming the Agreement was valid, under the terms of the Agreement, the County did not authorize payment for the Vanderbilt Program.

46.

Counterclaim Defendant received a benefit from attending the Vanderbilt Program.

47.

Counterclaim Defendant was not entitled to receive the benefit from the County of attending the Vanderbilt Program.

48.

Counterclaim Defendant was unjustly enriched by the County's payment for her attendance of the Vanderbilt Program.

49.

The County is entitled to an order of this Court awarding the County the amount of money paid for Counterclaim Defendant's attendance of the Vanderbilt Program.

**PRAYER FOR RELIEF**

WHEREFORE, the County  respectfully requests that this Court:

a.  Declare that the Agreement is ultra vires, null and void;

b.  Declare that Counterclaim Defendant is not entitled to any severance or other compensation under the Agreement;

c.  Order Counterclaim Defendant to compensate the County for the money it paid for Counterclaim Defendant to attend the Vanderbilt Program;

d.  For any and all further relief to which the Court deems just and proper;

e.  Enter judgment against Counterclaim Defendant for the County's reasonable attorney's fees and expenses; and

f.  All other and further relief at law or in equity as it may deem necessary or appropriate in the interest of justice.

**<u>COUNTERCLAIM PLAINTIFF DEMANDS TRIAL BY</u>**

**<u>JURY  ON ALL ISSUES SO TRIABLE ON THE</u>**

**<u>COUNTERCLAIM.</u>**

Respectfully submitted, this 24th day of August, 2023.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com

John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com

*Counsel for Defendant Clayton County, Georgia*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that I have prepared this document in Times New Roman, 14-point font, and that this document otherwise complies with Local Rule 5.1(C).

Respectfully submitted this <u>24th</u> August, 2023.

**FREEMAN MATTHIS & GARY, LLP**

*<u>/s/ Kirsten S. Daughdril</u>*
Kirsten S. Daughdril
Georgia Bar No. 633350
*Counsel for Defendant Clayton County, Georgia*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing **DEFENDANT CLAYTON COUNTY, GEORGIA'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF AND COUNTERCLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

This <u>24th</u> day of August, 2023.

**FREEMAN MATTHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril
Georgia Bar No. 633350
*Counsel for Defendant Clayton County, Georgia*