## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**RAMONA THURMAN BIVINS,**

    **Plaintiff,**

**vs.**

**FELICIA FRANKLIN, in her individual and official capacities; ALIEKA ANDERSON, in her individual and official capacities; GAIL HAMBRICK, in her individual and official capacities; and CLAYTON COUNTY, GEORGIA,**

    **Defendants.**

**CIVIL ACTION NO.: 1:22-cv-04149-WMR**

### DEFENDANT GAIL HAMBRICK'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Defendant Gail Hambrick ("Defendant"), in her individual and official capacities, and, pursuant to Rules 8(c) of the Federal Rules of Civil Procedure, files this, her Answer and Defenses to Plaintiff's Complaint for Damages and Injunctive Relief ("Answer"), showing this Court the following:

### FIRST DEFENSE

Defendant Hambrick asserts the defenses, as applicable, of qualified immunity, legislative immunity, official immunity, and good faith immunity. To

the extent that Defendant is entitled to immunity, Plaintiff's Complaint fails to state a claim within the subject matter jurisdiction of this Court.

## SECOND DEFENSE

Plaintiff's Complaint and each of its causes of action fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

At all times, Defendant Hambrick's actions with regard to Plaintiff have been in conformance with all applicable laws, rules, and regulations, and Plaintiff's rights have not been violated.

## FOURTH DEFENSE

All actions taken by Defendant Hambrick affecting Plaintiff and/or the terms or conditions of her employment were taken for legitimate, non-discriminatory and non-retaliatory reasons, and, as such, did not violate any legal right possessed by Plaintiff. In the alternative, even if Plaintiff was able to demonstrate that discrimination or retaliation played a motivating part in any action at issue in this case, the same action would have been taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## FIFTH DEFENSE

The Complaint fails to state a claim for punitive damages against Defendant Hambrick in her individual capacity because Defendant Hambrick never, either intentionally or willfully, violated Plaintiff's rights in any manner or acted maliciously or with reckless indifference with regard to Plaintiff or any aspect of her employment. At no time did Defendant act with any intent to injure or otherwise cause harm to Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent she has failed to act reasonably to mitigate any damages claimed in the instant case, as required by law.

## SEVENTH DEFENSE

To the extent as may be shown by the evidence through discovery, Defendant Hambrick asserts the affirmative defenses of failure to mitigate damages, failure of consideration, fraud, illegality, statute of frauds, statute of limitations (including but not limited to failure to give timely and proper ante-litem notice), and waiver.

## EIGHTH DEFENSE

Defendant Hambrick, in her individual capacity, did not violate clearly established law has not consented to be sued, has not waived its immunities, and is not liable for any cause or claim asserted.

## NINTH DEFENSE

Plaintiff's damages, if any, were not proximately caused by Defendant Hambrick and Defendant Hambrick is not liable for any of Plaintiff's claims brought pursuant to 42 U.S.C. § 1983.

## TENTH DEFENSE

The claims and allegations in the complaint, even if taken as true, do not state a claim for relief under 42 U.S.C. § 1983, as any deprivation alleged therein does not rise to the level of a constitutional violation.

## ELEVENTH DEFENSE

Defendant did not violate the rights of Plaintiff under any provisions of or amendments to the United States Constitution.

## TWELFTH DEFENSE

Plaintiff's employment agreement attached as Exhibit 1 to Plaintiff's Complaint (hereinafter "Agreement") was *ultra vires* and void.

### THIRTEENTH DEFENSE

The Agreement between Plaintiff and Clayton County, Georgia lacked consideration.

### FOURTEENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the doctrine of laches, waiver, estoppel, unjust enrichment, unclean hands, and/or other equitable defenses.

### FIFTEENTH DEFENSE

Defendant Hambrick raises and/or preserves the defense of after-acquired evidence.

### SIXTEENTH DEFENSE

Defendant Hambrick raises and/or preserves any mixed motive defense that may be applicable in this case.

### SEVENTEENTH DEFENSE

Defendant Hambrick responds to the unnumbered and numbered allegations of the Complaint as follows:

## ANSWER TO PARTIES, JURISDICTION

1.

Upon information and belief, Defendant Hambrick admits that Plaintiff is a citizen of the State of Georgia.  This Defendant admits that Plaintiff has filed the instant action and, therefore, submits herself to the jurisdiction of this Court.

2.

Upon information and belief, Defendant Hambrick admits the allegations in paragraph 2 of the Complaint but denies any liability based on Plaintiff's claims against Defendant Franklin.

3.

Upon information and belief, Defendant Hambrick admits the allegations pled in paragraph 3 of the Complaint but denies any liability based on Plaintiff's claims against Defendant Anderson.

4.

Defendant admits the allegations pled in paragraph 4 of the Complaint but denies any implied or inferred liability to Plaintiff.

5.

The first sentence of paragraph 5 is a legal conclusion to which no response is required, but Defendant admits that the County has been named a defendant in

this action. Defendant admits the remaining allegations pled in paragraph 5 of the Complaint to the extent Plaintiff's allegations conform to Fed. R. Civ. P. 4.

6.

This Defendant admits that Plaintiff purports to bring a claim under 42 U.S.C. § 1983, a federal statute, in this action. Defendant denies that Plaintiff is entitled to any recovery under 42 U.S.C. § 1983.

7.

This Defendant admits that Plaintiff purports to bring a breach of contract claim in this action. Defendant denies that Plaintiff is entitled to any recovery for a breach of contract claim. The remaining allegations pled in paragraph 7 are legal conclusions to which no response is required; however, to the extent a response is required, Defendant denies such allegations.

8

This Defendant admits that venue in the United States District Court for the Northern District, Atlanta Division is the proper venue for actions brought against Defendant.  The remaining allegations pled in paragraph 8 are legal conclusions to which no response is required; however, to the extent one is required, Defendant denies such allegations.

## RESPONSE TO ALLEGED FACTS

### Response to "Ms. Bivins' Background and Employment at Clayton County"

9.

Defendant admits that Plaintiff was the Chief Financial Officer ("CFO") from April 2013 until June 7, 2022.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint and, therefore, denies same.

11.

Plaintiff's allegations concern the duties and responsibilities of the Clayton County CFO which are set forth in the County's local acts at Sec. 2-13.5, "Chief financial officers and assistants," and, as such, the local acts speak for themselves. To the extent a response is required to Plaintiff's allegations, this Defendant denies Plaintiff's description of the position to the extent it conflicts and/or is different from the description in the local acts.

12.

To the extent Plaintiff's allegations concern the duties and responsibilities of the Clayton County CFO which are set forth in in the County's local acts at Sec. 2-

13.5, and, as such, speak for themselves. To the extent a response is required, Defendant denies Plaintiff's description of the position to the extent it conflicts with and/or is different from the description in the local acts. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, denies such allegations.

13.

This Defendant is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 13 and, therefore, denies such allegations.

14.

This Defendant admits the allegations concerning the reporting hierarchy "at all relevant times to this Complaint" to the extent they conformed to Code of Clayton County at Sec. 2-13.5(a).  To the extent that Plaintiff makes allegations concerning written performance evaluations, this Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, therefore, denies such allegations.

15.

Defendant is without sufficient information or knowledge to either admit or deny the allegations in paragraph 15 and, therefore, denies such allegations.

16.

This Defendant admits that, at the time of her termination, a purported agreement existed between Plaintiff and the County ("Agreement"), a copy of which is attached as Exhibit 1 to the Complaint, that sets forth the term as being from July 1, 2019 and ending June 30, 2022. Defendant affirmatively denies that the Agreement was a valid, enforceable contract.

17.

Defendant admits that, at the time of her termination, a purported agreement existed between Plaintiff and the County, attached as Exhibit 1 to the Complaint, which speaks for itself.  Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations and, therefore, denies all remaining allegations as pled in paragraph 17. Further, Defendant affirmatively denies that the Agreement was a valid, enforceable contract and/or that it permitted payment for Plaintiff to attend the Leadership and Learning in Organizations program at Vanderbilt University (hereinafter referred to as the "Vanderbilt Program").

18.

This Defendant admits only that Clayton County paid for training for some employees, but this Defendant is without sufficient information or knowledge to

form a belief as to the truth of any and all remaining allegations in paragraph 18, and therefore denies such allegations. Further, to the extent that Plaintiff makes allegations concerning the terms of specific Employment Agreements of other employees/contractors/officers of Clayton County, Georgia, those Employment Agreements speak for themselves, and Defendant denies Plaintiff's interpretation of the referenced Employment Agreements.

19.

To the extent that Plaintiff makes allegations concerning the terms of the purported Agreement in paragraph 19, the Agreement speaks for itself, but Defendant denies Plaintiff's interpretation of the Agreement. Further, Defendant affirmatively denies that the Agreement was a valid, enforceable contract and/or that Plaintiff is/was entitled to severance. This Defendant denies any remaining allegations in paragraph 19.

20.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and, therefore, denies such allegations.

***Response to "Bivins' Husband Campaign Activities for
Commissioner DeMont Davis"***

21.

Defendant admits that, upon information and belief, Plaintiff was married to
Charlton Bivins, but is without sufficient information or knowledge to form a
belief as to whether they were married "at all times relevant" to the Complaint.

22.

This Defendant admits that she knew that Plaintiff was married to Mr.
Bivins but is without sufficient information or knowledge to form a belief as to the
truth of the allegations concerning what the other individual Defendants allegedly
"knew," and therefore denies such allegations. Further, Defendant affirmatively
denies that Plaintiff's marital status was a motivating factor in any decision
concerning Plaintiff.

23.

This Defendant admits that, at some point, she became aware that Mr. Bivins
appeared to support DeMont Davis but is without information or knowledge to
form a belief as to the truth of the remaining allegations pled in paragraph 23 of the
Complaint and therefore denies such allegations. Defendant affirmatively denies
that Mr. Bivins' support of Mr. Davis was a motivating factor in any of the actions
she took.

24.

This Defendant admits that, at some point, she became aware that Mr. Bivins appeared to be supporting DeMont Davis but denies that Mr. Bivins' support was a motivating factor in any of the actions she took.  Further, this Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations of what the other Defendants allegedly "knew," and therefore denies such allegations and any remaining allegations in paragraph 24.

25.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and therefore denies such allegations.

26.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 26 of the Complaint and therefore denies such allegations.

27.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 27 of the Complaint and therefore denies such allegations.

28.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and therefore denies such allegations.

29.

Plaintiff's allegations pled in paragraph 29 concern a newspaper article in the Clayton Crescent, the contents of which speak for itself. By way of further response, this Defendant is without sufficient information or knowledge to form a belief as to the truth of the contents of the article and, therefore, denies such allegations.

30.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and therefore denies such allegations. Further, without waiving any evidentiary objections, to the extent an audio recording exists, it would speak for itself.

31.

This Defendant admits that there was an article in the Clayton Crescent, which speaks for itself, but Defendant is without sufficient information or

knowledge to form a belief as to the truth of the contents of the article and therefore denies such allegations.

32.

This Defendant admits that there was an article in the Clayton Crescent, which speaks for itself, but Defendant is without sufficient information or knowledge to form a belief as to the truth of the contents of the article and therefore denies such allegations.

33.

This Defendant admits that there was an article in the Clayton Crescent, which speaks for itself, but Defendant is without sufficient information or knowledge to form a belief as to the truth of the contents of the article and therefore denies such allegations.

34.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 34 of the Complaint and therefore denies such allegations.

35.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and therefore denies such allegations.

36.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and therefore denies such allegations.

**Response to "Bivins is terminated and denied contractually obligated severance"**

37.

Defendant admits the allegations pled in paragraph 37 of the Complaint to the extent that it conforms to the Commission's  public agenda.

38.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and therefore denies such allegations.

39.

The allegations in paragraph 39 of the Complaint are denied as pled. This Defendant admits that there was a call for a vote to terminate the purported

employment agreement with Plaintiff and declare the agreement ultra vires at the June 7, 2022 meeting, that Plaintiff's employment relationship was terminated, and that Plaintiff's contract was not renewed, but the remaining allegations in paragraph 39 relate to a description of a Board meeting that was recorded and at which minutes were taken and the recording and minutes speak for themselves.

40.

The allegations in paragraph 40 of the Complaint are denied as pled. Defendant admits that Plaintiff had been Clayton County's CFO for approximately nine years, that the purported employment agreement with Plaintiff was terminated and declared to be ultra vires by a 3-2 vote at the June 7, 2022 meeting, and that she asked to leave her office. By way of further response, paragraph 40 of the Complaint contains allegations related to a Board meeting that was recorded and at which minutes were taken. Without waiving any evidentiary objections, the recording and minutes from that meeting speak for themselves.

41.

Defendant admits that the Board acknowledged by a 3-2 vote that the Agreement was *ultra vires* at the June 7, 2022 meeting. By way of further response, paragraph 41 of the Complaint contains allegations related to a Board meeting that was recorded and at which minutes were taken. Without waiving any

evidentiary objections, the recording and minutes from that meeting speak for themselves.

42.

Defendant denies the allegations pled in paragraph 42 of the Complaint.

43.

Defendant denies the allegations pled in paragraph 43 of the Complaint.

44.

Defendant denies the allegations in paragraph 44 as pled. Defendant admits that she did not respond directly to any questions by Commissioner Davis, but by way of further response, to the extent Plaintiff's allegations relate to a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves. This Defendant denies any inference that she was legally required to provide a response at the meeting.

45.

Defendant denies the allegation in paragraph 45 as pled. By way of further response, to the extent Plaintiff's allegations relate to alleged statements made at a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves and this Defendant denies Plaintiff's subjective description of the statements of others in attendance at the meeting.

46.

Defendant denies the allegation in paragraph 46 as pled. By way of further response, to the extent Plaintiff's allegations relate to alleged statements made at a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves. Defendant denies that this Defendant had a legal obligation to respond to the questions referenced in paragraph 46.

47.

Defendant denies the allegation in paragraph 47 as pled.  By way of further response, to the extent Plaintiff's allegations relate to a Board meeting that was recorded, the recording and/or minutes of the meeting speak for themselves.

48.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 48 of the Complaint and therefore denies such allegations.

49.

This Defendant admits that she has not made any direct public statements regarding the reasons for Bivins' termination. This Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining in paragraph 49 of the Complaint and therefore denies such allegations.

50.

Defendant denies the allegations pled in paragraph 50 of the Complaint.

51.

Defendant denies the allegations pled in paragraph 51 of the Complaint.

52.

Defendant denies the allegations pled in paragraph 52 of the Complaint.

53.

This Defendant admits that a formal successor had not been officially selected to take Plaintiff's place when Plaintiff was terminated.

54.

This Defendant admits the allegations pled in paragraph 54 of the Complaint.

55.

This Defendant denies the allegations pled in paragraph 55 of the Complaint.

56.

This Defendant admits that Mr. Johnson retired after he had been serving as the Interim CFO, but Defendant is without sufficient information or knowledge to form a belief as to the remaining allegations pled in paragraph 56 of the Complaint and, therefore, denies such allegations.

57.

This Defendant denies the allegations pled in paragraph 57 of the Complaint.

**Response to the allegations that "Anderson, Hambrick, and Franklin continue to retaliate after the termination."**

58.

This Defendant denies that Plaintiff is entitled to severance payments but admits that the County acknowledged that Plaintiff's Agreement was *ultra vires*, terminated the purported employment agreement with Plaintiff, and has not paid any severance payments to Plaintiff. Defendant denies any and all remaining allegations as pled in paragraph 58.

59.

This Defendant denies the allegations pled in paragraph 59 of the Complaint.

60.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 60 and therefore denies such allegation. Further, this Defendant objects to paragraph 60 of the Complaint on the basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with unemployment proceedings are absolutely privileged, and that any finding of fact

or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

61.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 61 and therefore denies such allegation. Further, this Defendant objects to paragraph 61 of the Complaint on the basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with unemployment proceedings are absolutely privileged, and that any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

62.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 62 and therefore denies such

allegation.  Further, this Defendant objects to paragraph 62 of the Complaint on the basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with unemployment proceedings are absolutely privileged, and that any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

63.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 63 and therefore denies such allegation.  Further, this Defendant objects to paragraph 63 of the Complaint on the basis that such allegations violate O.C.G.A. § 34-8-122(a) and (b), which provides that all letters, reports, communications, or any other matters, either oral or written, from the employer or the employee to the Department of Labor in connection with unemployment proceedings are absolutely privileged, and that any finding of fact or law, judgment, determination, conclusion, or final order made by an adjudicator, examiner, hearing officer, board of review or other person acting under the

authority of the Commissioner of Labor is not admissible, binding, or conclusive in any separate or subsequent action or proceeding.

64.

The Agreement Plaintiff references in paragraph 64 speaks for itself, and this Defendant denies that the language Plaintiff cites in paragraph 64 is dispositive of the type employment relationship Plaintiff had with the County.

65.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 65 and, therefore, denies such allegations.

66.

This Defendant denies as pled the allegations in paragraph 66 and, by way of further response, states that the contract referenced in paragraph 66 speaks for itself.

67.

This Defendant admits that the Board of Commissioners, including Defendant, voted to approve Mr. Stanford as the Clayton County Chief Operating Officer ("COO"), and further responds that the minutes of the October 5, 2021 meeting and the referenced contract speak for themselves.

68.

This Defendant admits the allegations pled in paragraph 68 of the Complaint.

69.

This Defendant admits the allegations pled in paragraph 69 of the Complaint.

70.

This Defendant denies as pled the allegations contained in paragraph 70 but admits that Mr. Stanford's contract has not been declared *ultra vires* by the Board of Commissioners.

71.

Defendant admits that Plaintiff began as the County's CFO in 2013 but is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 71.

72.

Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 72.

73.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint and, therefore, denies such allegations.

74.

Defendant denies as pled the allegations contained in paragraph 74 of the Plaintiff's Complaint. By way of further answer, Defendant denies that Plaintiff's Agreement permitted the County to pay Plaintiff's tuition for the Vanderbilt Program and/or that the Chairman without Board approval had the authority to enter into such an agreement or authorize such payments, but Defendant admits that the County has sought and continues to seek reimbursement of the unauthorized tuition payments. Defendant denies any remaining allegations in paragraph 74.

75.

This Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 and, therefore, denies such allegations.

76.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 76 of the Complaint and, therefore, denies such allegations.

77.

The allegations in paragraph 77 are denied as pled.  Defendant admits that the County is seeking reimbursement of the unauthorized tuition payments that were paid for Plaintiff to attend the Vanderbilt Program but, by way of further response, this Defendant shows that the vote of the Clayton County Board of Commissioners on September 6, 2022 is memorialized in the minutes of the meeting, which speak for themselves.

78.

The allegations in paragraph 78 concern a letter dated September 29, 2022, which speaks for itself and this Defendant denies such allegations to the extent they do not accurately reflect the contents of the letter.

79.

Paragraph 79 contains allegations related to an audit by Terminus Municipal Advisors, LLC, which speaks for itself, and this Defendant denies such allegations to the extent they do not accurately reflect the contents of the audit.

80.

This Defendant denies the allegations in paragraph as pled. By way of further response, Paragraph 80 contains allegations related to an audit by Terminus Municipal Advisors, LLC and a letter dated May 4, 2021, both of which speak for themselves, and this Defendant denies such allegations to the extent they do not accurately reflect the contents of either document.

81.

This Defendant admits that COO Stanford has contended that he had authority from Chairman Turner, but this Defendant denies that Chairman Turner could provide such authority without action by the Board of Commissioners. By way of further response, Defendant denies that anyone other than the Board of Commissioners had the authority on behalf of the County to authorize payments for Plaintiff to attend the Vanderbilt Program.

82.

Defendant admits that tuition payments were erroneously paid to Vanderbilt University, but is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 82.

83.

Paragraph 83 contains allegations related to an audit by Terminus Municipal Advisors, LLC, which speaks for itself.  Defendant denies Plaintiff's description of the audit's finding, i.e., "without any explanation," and denies any other/remaining allegation  to the extent it does not accurately reflect the contents of the audit.

84.

Defendant denies as pled the allegations in paragraph 84 of the Complaint. By way of further response, the audit speaks for itself and, with respect to the remaining allegations in paragraph 84, this Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations and, therefore, denies same.  Defendant affirmatively denies that anyone could have given authority to Mr. Stanford to approve/authorize payment of the Vanderbilt Program for Plaintiff other than the Board of Commissioners

85.

This Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations in paragraph 85 and, therefore, denies such allegations.

86.

Paragraph 86 contains a legal conclusion to which no response is required; however, to the extent a response is required, Defendant denies such allegation.

## RESPONSE TO COUNT ONE
### First Amendment Retaliation
### Asserted Through 42 U.S.C. § 1983
*Against Defendants Clayton County and Anderson, Franklin, and Hambrick in their individual and official capacities*

87.

This Defendant incorporates her responses and defenses as set forth in paragraphs 1 through 86 as if fully stated herein.

88.

Paragraph 88 of the Complaint sets forth a legal conclusion and/or a restatement of law to which no response is required. To the extent that a response is required, this Defendant admits that the First Amendment to the U.S. Constitution prohibits governmental entities against persons for engaging in

protected speech, but this Defendant denies such retaliation occurred in this case and denies any wrongdoing or liability for any alleged actions.

89.

Paragraph 89 of the Complaint sets forth a legal conclusion and/or restatement of law to which no response is required. To the extent that a response is required, this Defendant admits that the First Amendment to the U.S. Constitution prohibits governmental entities against persons for engaging in protected speech, but this Defendant denies such retaliation occurred in this case.

90.

Paragraph 90 of the Complaint sets forth a legal conclusion and/or restatement of law to which no response is required. To the extent that a response is required, this Defendant admits that the First Amendment to the U.S. Constitution protects political speech and expression, but this Defendant denies any wrongdoing or liability for any alleged actions by of the Defendants in this case.

91.

Paragraph 91 contains a legal conclusion to which no response is required. To an extent a response is required, this Defendant is without sufficient

information or knowledge to form a belief as to the truth of the allegations in paragraph 91 of the Complaint and, therefore, such allegations are denied.

92.

This Defendant denies the allegations pled in paragraph 92 with respect to the allegations against her and is without sufficient information or knowledge to form a belief as to the truth of the remaining allegations in paragraph 92 of the Complaint and, therefore, such allegations are denied.

93.

The allegations in paragraph 93 are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies such allegations and further responds that this Defendant denies that Plaintiff's First Amendment rights were violated.

94.

Paragraph 94 contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies such allegations and further responds that this Defendant denies any inference that she took any action as a result of Plaintiff's marital status.

95.

This Defendant denies as pled the allegations in paragraph 95 of the Complaint.

96.

This Defendant denies the allegations as pled in paragraph 96 of the Complaint.

97.

This Defendant denies the allegations pled in paragraph 97 of the Complaint.

98.

This Defendant denies the allegations pled in paragraph 98 of the Complaint.

99.

This Defendant denies the allegations pled in paragraph 99 of the Complaint.

100.

This Defendant denies the allegations pled in paragraph 100 of the Complaint.

101.

This Defendant denies the allegations pled in paragraph 101 of the Complaint.

102.

This Defendant denies the allegations pled in paragraph 102 of the Complaint.

103.

This Defendant denies the allegations pled in paragraph 103 of the Complaint.

104.

This Defendant denies the allegations pled in paragraph 104 of the Complaint.

105.

This Defendant denies the allegations pled in paragraph 105 of the Complaint.

106.

This Defendant denies the allegations pled in paragraph 106 of the Complaint.

107.

This Defendant denies the allegations pled in paragraph 107 of the Complaint.

## <u>RESPONSE TO COUNT TWO</u>
### BREACH OF CONTRACT
### *Against Defendant Clayton County*

108.

This Defendant incorporates her responses and defenses as set forth in paragraphs 1 through 107 as if fully stated herein.

109.

This Defendant denies the allegations pled in paragraph 109 of the Complaint.

110.

This Defendant denies the allegations pled in paragraph 110 of the Complaint.

111.

This Defendant denies the allegations pled in paragraph 111 of the Complaint.

112.

This Defendant denies the allegations pled in paragraph 112 of the Complaint.

113.

This Defendant denies the allegations pled in paragraph 113 of the Complaint.

## **<u>RESPONSE TO COUNT THREE</u>**
**Punitive Damages Under 42 U.S.C. § 1983**
*Against Defendants Franklin, Anderson, and Hambrick in their Individual Capacities*

114.

This Defendant incorporates her responses and defenses as set forth in paragraphs 1 through 113 as if fully stated herein.

115.

This Defendant denies the allegations pled in paragraph 115 of the Complaint.

116.

This Defendant denies the allegations pled in paragraph 116 of the Complaint.

117.

This Defendant denies the allegations pled in paragraph 117 of the Complaint.

118.

This Defendant denies the allegations pled in paragraph 118 of the Complaint.

119.

This Defendant denies the allegations pled in paragraph 119 of the Complaint.

120**.**

This Defendant denies all allegations contained in Plaintiff's Complaint that are not expressly admitted in this Answer

.

## **RESPONSE TO PRAYER FOR RELIEF**

In response to the unnumbered paragraph beginning with the word "WHEREFORE" and appearing immediately after 119, Defendant denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief contained in paragraphs (a) through (k).

WHEREFORE, having fully listed her defenses and having fully answered the complaint, Defendant prays as follows:

(a)     That judgment be entered in favor of Defendant and against Plaintiff on the complaint;

(b)     That the costs of this action, including attorney's fees, be cast against

Plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just

and proper.

This 24th day of August, 2023.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com

*Counsel for Defendant Gail Hambrick*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960

## **CERTIFICATE OF COMPLIANCE**

I certify that I have prepared this document in Times New Roman, 14-point font, and that this document otherwise complies with Local Rule 5.1(C).

Respectfully submitted this 24th August, 2023.

**FREEMAN MATTHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril
Georgia Bar No. 633350
*Counsel for Defendant Gail Hambrick*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have electronically filed the foregoing **<u>DEFENDANT GAIL HAMBRICK'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This <u>24th</u> day of August, 2023.

**FREEMAN MATTHIS & GARY, LLP**

*<u>/s/ Kirsten S. Daughdril</u>*
Kirsten S. Daughdril
Georgia Bar No. 633350
*Counsel for Defendant Gail Hambrick*