IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAMONA THURMAN BIVINS,

      Plaintiff,

vs.

FELICIA FRANKLIN, in her individual
and official capacities;
ALIEKA ANDERSON, in her individual
and official capacities;
GAIL HAMBRICK, in her individual
and official capacities; and
CLAYTON COUNTY, GEORGIA,

      Defendants.

CIVIL ACTION NO.:
1:22-cv-04149-WMR

## DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL AND MEMORANDUM OF LAW IN SUPPORT

COME NOW Defendants in the above-styled civil action, and pursuant to Federal Rule of Appellate Procedure 8(a), respectfully move this Court to stay all proceedings, including discovery, pending Defendant Hambrick's appeal to the Eleventh Circuit.

Contemporaneously with the filing of this motion, Defendant Hambrick has filed a notice of appeal, seeking review of this Court's Order denying her qualified immunity as a matter of right pursuant to Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). See also Cottrell v. Caldwell, 85 F.3d 1480, 1487 (11th Cir. 1996) (qualified immunity is designed to insulate defendant not only from the burden of submitting to trial, but also from the burdens of discovery). "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Blinco v. Green Tree Servicing, LLC, 366 F.3d 1249, 1251–52 (11th Cir. 2004) (Eleventh Circuit analogizing the appeal of order denying motion to compel arbitration to an appeal of an order denying a defendant's claim of immunity from suit, because in both cases, the moving party asserts the right not to litigate at all) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)). The goal is to "avoid[] the confusion that would result from the simultaneous jurisdiction of two courts over the same matter." Showtime/The Movie Channel, Inc. v. Covered Bridge Condominium Assoc., Inc., 895 F.2d 711, 713 (11th Cir. 1990) (citing Griggs, 459 U.S. at 58). It is, therefore, axiomatic that "a federal district court and a federal court of appeals [cannot] ... assert jurisdiction over a case simultaneously," particularly when the only issue on appeal is whether the case should be litigated at all. Blinco, 366 F.

3d at 1251 (quoting <u>Griggs</u>, 459 U.S. at 58)). <u>See also Shewchun v. U.S.</u>, 797 F.2d 941, 943 (11th Cir. 1986) ("[n]ot only does the removal of the district court's jurisdiction during the pendency of an appeal serve "judicial economy ... [by] spar[ing] the trial court from passing on questions that may well be rendered moot by the decision of the Court of Appeals," but it also serves the interest of "fairness to parties who might otherwise be forced ... to fight a 'two front war' for no good reason"). In other words, where, as here, the precise issue that the appellate court must decide is whether defendant is immune from the burdens of litigation, proceedings in the district court should be stayed. <u>Bryant v. Jones</u>, 1:04-CV-2462-WSD, 2007 WL 113959 (N.D. Ga. Jan. 10, 2007).

A stay is especially warranted under the unique facts of this case. Specifically, although it is only Defendant Hambrick who is appealing the denial of qualified immunity, all Defendants seek a stay because if Defendant Hambrick is successful on her appeal, then there is no actionable "constitutional deprivation" in this case with the result that Plaintiff's First Amendment claim is no longer viable against the remaining Defendants. Stated another way, Plaintiff's success on her First Amendment retaliation claim requires her to demonstrate that *all of* the individually named Defendants in this matter – Defendant Hambrick, Defendant Franklin, and Defendant Anderson shared the same actionable motive when they voted to terminate Plaintiff's employment with Clayton County. *See* <u>Mathews v.</u>

Columbia Cnty., 294 F.3d 1294, 1297 (2002) (citing Mason v. Village of El Portal, 240 F.3d 1337, 1339 (11th Cir. 2001) (summary judgment granted to municipality when plaintiff failed to establish majority of the voting members were acting on an unconstitutional motive)); Church v. City of Huntsville, 30 F.3d 1332, 1343 (11th Cir. 1994) (comments of one councilman not enough to establish the council had an unconstitutional policy)); See also Smith v. Cobb Cnty. School District, 1:10-CV-848-TWT, 2013 WL 4028856, at *5 (N.D. Ga. August 7, 2013) (plaintiff failed to show that a majority of the Board approved her termination in retaliation for protected speech). If Defendant Hambrick's appeal is successful, there will be nothing left to litigate with respect to Plaintiff's First Amendment claim and, therefore, it makes sense from a "judicial economy" perspective and in the "interest of fairness" to stay the case pending the appeal.

Defendants recognize that there are other claims in the case including Plaintiff's breach of contract claim and Defendant Clayton County's counterclaim, both of which are related to Plaintiff's purported employment agreement; however, litigation on those claims should also be stayed. Specifically, Plaintiff's breach of contract claim is inextricably intertwined with the First Amendment claim issue. Specifically, Plaintiff alleges that the issues surrounding her purported employment agreement demonstrate Defendants' alleged unlawful motive in support of her First Amendment claim. (Doc. 1, *passim*). Therefore, any discovery on the breach of

[4]

contract claim would necessarily veer into discovery on the First Amendment claim.

Accordingly, Defendants respectfully request that the Court grant their motion and enter an order staying these proceedings pending Defendant Hambrick's appeal to the Eleventh Circuit Court of Appeals.

Respectfully submitted,

*/s/ Melissa A. Tracy*
Ken E. Jarrard
Georgia Bar No. 389550
kjarrard@jarrard-davis.com
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com
Jarrard & Davis, LLP
222 Webb Street
Cumming, Georgia  30040
Tel: 678-455-7150
*Counsel for Defendant Felicia Franklin*

*/s/ Randall C. Farmer*
Randall C. Farmer
Georgia Bar No. 255345
rfarmer@gdcrlaw.com
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, Georgia  30060
Tel: 770-422-1776
*Counsel for Alieka Anderson*

*/s/ Kirsten S. Daughdril*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Ste. 1600
Atlanta, Georgia  30339-5948
Tel: 770-818-0000
*Counsel for Defendant Gail Hambrick*

[5]

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(C) (Times New Roman font, 14-point).

This 8th day of September, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril
Georgia Bar No. 633350

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T:  770.818.0000
F:  770.937.9960
E: Kirsten.daughdril@fmglaw.com

[6]

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day electronically submitted the foregoing

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**AND MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the

CM/ECF system which will automatically send electronic mail notification of such

filing to all counsel of record who are CM/ECF participants.

This 8th day of September, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com

*Counsel for Defendant Gail Hambrick*

100 Galleria Parkway, Ste. 1600
Atlanta, Georgia  30339-5948
Tel: (770) 818-0000
Fax: (770) 937-9960