# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF GEORGIA
### 2211 UNITED STATES COURTHOUSE
### 75 TED TURNER DRIVE, SW
### ATLANTA, GEORGIA 30303-3361

KEVIN P. WEIMER
DISTRICT COURT EXECUTIVE
 AND CLERK OF COURT

DOCKETING SECTION
404-215-1655

September 8, 2023

Clerk's Office
U.S. Court of Appeals
Eleventh Circuit
56 Forsyth Street, NW
Atlanta, Georgia     30303

**U.S.D.C. No.: 1:22-cv-4149-WMR**
**U.S.C.A. No.: 00-00000-00**
**In re:        Ramona Thurman Bivins v. Felicia Franklin et al**

Enclosed are documents regarding an appeal in this matter.   Please acknowledge receipt on the enclosed copy of this letter.

| | |
|---|---|
| **X** | **Certified copies of the Notice of Appeal, Clerk's Judgment, Opinion & Order and Docket Sheet appealed enclosed.** |
| _____ | This is not the first notice of appeal. Other notices were filed on . |
| _____ | There is no transcript. |
| **X** | **The court reporter is Geraldine Glover.** |
| _____ | There is sealed material as described below: . |
| _____ | Other: . |
| **X** | **Fees paid electronically on 9/8/23. (Receipt# AGANDC-12872085)** |
| _____ | Appellant has been   leave to proceed *in forma pauperis*. |
| _____ | This is a bankruptcy appeal.   The Bankruptcy Judge is . |
| _____ | The Magistrate Judge is . |
| **X** | **The District Judge is William M. Ray, II.** |
| _____ | This is a **DEATH PENALTY** appeal. |

Sincerely,

Kevin P. Weimer
District Court Executive
and Clerk of Court

By:   /s/P. McClam
Deputy Clerk

4months,APPEAL,STAY,SUBMDJ,WMRLC3

# U.S. District Court
# Northern District of Georgia (Atlanta)
# CIVIL DOCKET FOR CASE #: <u>1:22–cv–04149–WMR</u>

Bivins v. Franklin et al

Assigned to: Judge William M. Ray, II

Cause: 42:1983 Civil Rights Act

Date Filed: 10/17/2022

Jury Demand: Both

Nature of Suit: 440 Civil Rights: Other

Jurisdiction: Federal Question

**Plaintiff**

**Ramona Thurman Bivins**                 represented by    **Andrew Ready Tate**
Peiffer Wolf Carr Kane Conway & Wise
LLP
235 Peachtree Street NE
Suite 400
Atlanta, GA 30303
404–282–4806
Fax: 504–608–1465
Email: atate@peifferwolf.com
*TERMINATED: 04/11/2023*
*LEAD ATTORNEY*

**Edward D. Buckley**
Buckley Bala Wilson Mew LLP
600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
404–781–1100
Email: edbuckley@bbwmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Jay Pontrelli**
Buckley Beal LLP
600 Peachtree Street NE
Ste 3900
Atlanta, GA 30308
404–920–0311
Fax: 404–781–1101
Email: jpontrelli@bbwmlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Felicia Franklin**                 represented by    **Kenneth Edward Jarrard**
*in her individual and official capacities*              Jarrard & Davis, LLP
222 Webb St.

1

Cumming, GA 30040
678–455–7150
Fax: 678–455–7149
Email: kjarrard@jarrard–davis.com
*ATTORNEY TO BE NOTICED*

**Melissa Angeleah Tracy**
Jarrard & Davis, LLP
222 Webb Street
Cumming, GA 30040
678–455–7150
Email: mtracy@jarrard–davis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alieka Anderson**
*in her individual and official capacities*

represented by **Dasha Michelle Jackson**
Dasha Michelle Jackson
400 Pryor Street
#50038
Atlanta, GA 30302
404–509–1212
Email: Djackson@csvl.law
*TERMINATED: 07/17/2023*
*LEAD ATTORNEY*

**Randall C. Farmer**
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, GA 30060
770–422–1776
Fax: .
Email: rfarmer@gregorydoylefirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gail Hambrick**
*in her individual and official capacities*

represented by **Arash A. Sabzevari**
Freeman Mathis & Gary, LLP
661 Forest Parkway
Suite E
Forest Park, GA 30297
404–366–1000
Fax: 404–361–3223
Email: asabzevari@fmglaw.com
*ATTORNEY TO BE NOTICED*

**Jack Reynolds Hancock**
Freeman Mathis & Gary, LLP
661 Forest Parkway
Suite E
Forest Park, GA 30297
404–717–0519

Email: jhancock@fmglaw.com
*ATTORNEY TO BE NOTICED*

**John Douglas Bennett**
Freeman Mathis & Gary, LLP –Atl
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339–5948
770–818–0000
Fax: 770–937–9960
Email: jbennett@fmglaw.com
*ATTORNEY TO BE NOTICED*

**Kirsten Searle Daughdril**
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Ste 1600
Atlanta, GA 30339–5948
770–818–1429
Email: kirsten.daughdril@fmglaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Clayton County, Georgia**<br>*in her individual and official capacities* | represented by | **Arash A. Sabzevari**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Jack Reynolds Hancock**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John Douglas Bennett**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Kirsten Searle Daughdril**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Counter Claimant**

| | | |
|---|---|---|
| **Clayton County, Georgia**<br>*in her individual and official capacities* | represented by | **Arash A. Sabzevari**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Jack Reynolds Hancock**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **John Douglas Bennett**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

3

Kirsten Searle Daughdril
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Ramona Thurman Bivins**                        represented by  **Andrew Ready Tate**
(See above for address)
*TERMINATED: 04/11/2023*
*LEAD ATTORNEY*

**Edward D. Buckley**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Jay Pontrelli**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/17/2022 | 1 | | COMPLAINT with Jury Demand filed by Ramona Thurman Bivins. (Filing fee $402, receipt number AGANDC−12137844) (Attachments: # 1 Exhibit 1 – Employment Agreement, # 2 Civil Cover Sheet)(gas) Please visit our website at http://www.gand.uscourts.gov/commonly−used−forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 10/18/2022) |
| 10/18/2022 | 2 | | Electronic Summons Issued as to Felicia Franklin. (gas) (Entered: 10/18/2022) |
| 10/18/2022 | 3 | | Electronic Summons Issued as to Alieka Anderson. (gas) (Entered: 10/18/2022) |
| 10/18/2022 | 4 | | Electronic Summons Issued as to Gail Hambrick. (gas) (Entered: 10/18/2022) |
| 10/18/2022 | 5 | | Electronic Summons Issued as to Clayton County, Georgia. (gas) (Entered: 10/18/2022) |
| 10/18/2022 | 6 | | STANDING ORDER REGARDING CIVIL LITIGATION. Signed by Judge William M. Ray, II on 10/18/2022. (tas) (Entered: 10/18/2022) |
| 11/09/2022 | 7 | | Return of Service Executed by Ramona Thurman Bivins. Felicia Franklin served on 11/1/2022, answer due 11/22/2022. (Tate, Andrew) (Entered: 11/09/2022) |
| 11/09/2022 | 8 | | Return of Service Executed by Ramona Thurman Bivins. Alieka Anderson served on 11/1/2022, answer due 11/22/2022. (Tate, Andrew) (Entered: 11/09/2022) |
| 11/09/2022 | 9 | | Return of Service Executed by Ramona Thurman Bivins. Gail Hambrick served on 10/27/2022, answer due 11/17/2022. (Tate, Andrew) (Entered: 11/09/2022) |
| 11/09/2022 | 10 | | |

| | | | |
|---|---|---|---|
| | | | Return of Service Executed by Ramona Thurman Bivins. Clayton County, Georgia served on 10/26/2022, answer due 11/16/2022. (Tate, Andrew) (Entered: 11/09/2022) |
| 11/10/2022 | 11 | | Consent MOTION for Extension of Time Answer, Plead, or Otherwise Respond to Plaintiffs Complaint re: 1 Complaint, with Brief In Support by Clayton County, Georgia, Gail Hambrick. (Attachments: # 1 Text of Proposed Order Proposed Order)(Bennett, John) Modified on 11/14/2022 to edit event (tas). (Entered: 11/10/2022) |
| 11/14/2022 | | | Submission of 11 Consent MOTION for Extension of Time Answer, Plead, or Otherwise Respond to Plaintiff's Complaint re: 1 Complaint, to District Judge William M. Ray II. (tas) (Entered: 11/14/2022) |
| 11/14/2022 | 12 | | ORDER GRANTING 11 Motion for Extension of Time to File Answer, Plead, or Otherwise Respond to Plaintiff's 1 Complaint. Clayton County, Georgia Answer due 12/5/2022; Gail Hambrick Answer due 12/5/2022. Signed by Judge William M. Ray, II on 11/14/2022. (tas) (Entered: 11/14/2022) |
| 11/14/2022 | 13 | | NOTICE of Appearance by Kirsten Searle Daughdril on behalf of Clayton County, Georgia, Gail Hambrick (Daughdril, Kirsten) (Entered: 11/14/2022) |
| 11/14/2022 | 14 | | NOTICE of Appearance by Arash A. Sabzevari on behalf of Clayton County, Georgia, Gail Hambrick (Sabzevari, Arash) (Entered: 11/14/2022) |
| 11/14/2022 | 15 | | NOTICE of Appearance by Jack Reynolds Hancock on behalf of Clayton County, Georgia, Gail Hambrick (Hancock, Jack) (Entered: 11/14/2022) |
| 11/17/2022 | 16 | | NOTICE of Appearance by Melissa Angeleah Tracy on behalf of Felicia Franklin (Tracy, Melissa) Modified on 11/18/2022 – Incorrect judge initials in caption. QC email sent. (bgt). (Entered: 11/17/2022) |
| 11/17/2022 | 17 | | MOTION for Extension of Time Answer, Plead or Otherwise Respond to Plaintiff's Complaint re: 1 Complaint, by Felicia Franklin. (Attachments: # 1 Text of Proposed Order Proposed Order Extending Time for Responsive Pleadings)(Jarrard, Kenneth) Modified on 11/18/2022 – Incorrect judge initials in caption. QC email sent. (bgt). (Entered: 11/17/2022) |
| 11/18/2022 | 18 | | ORDER granting Defendant Felicia Franklin's 17 Consent Motion to Extend the Deadline to Answer, Plead, or Otherwise Respond to Plaintiff's Complaint. Defendant Felicia Franklin shall have through and including December 12, 2022 to answer, plead, or otherwise respond to Plaintiff's Complaint. All defenses are hereby reserved. Signed by Judge William M. Ray, II on 11/18/2022. (bgt) (Entered: 11/18/2022) |
| 11/22/2022 | 19 | | ANSWER to 1 COMPLAINT by Alieka Anderson. Discovery ends on 4/21/2023.(Farmer, Randall) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 11/22/2022) |
| 11/29/2022 | 20 | | Certificate of Interested Persons by Alieka Anderson. (Farmer, Randall) (Entered: 11/29/2022) |
| 11/29/2022 | 21 | | Certificate of Interested Persons by Ramona Thurman Bivins. (Tate, Andrew) (Entered: 11/29/2022) |

| 12/05/2022 | 22 | | MOTION to Dismiss *Plaintiff's Complaint* with Brief In Support by Clayton County, Georgia, Gail Hambrick. (Attachments: # 1 Brief Brief in Support)(Daughdril, Kirsten) (Entered: 12/05/2022) |
| 12/05/2022 | 23 | | MOTION to Stay *all discovery* with Brief In Support by Clayton County, Georgia, Gail Hambrick. (Attachments: # 1 Text of Proposed Order Proposed Order)(Sabzevari, Arash) (Entered: 12/05/2022) |
| 12/05/2022 | 24 | | ORDER GRANTING 23 Motion to Stay All Discovery. All discovery in this case, including disclosures and planning conferences pursuant to Fed. R. Civ. P. 26 and L.R. 26.1, shall be stayed pending the final resolution of Defendant's Motion to Dismiss. Signed by Judge William M. Ray, II on 12/5/2022. (tas) (Entered: 12/05/2022) |
| 12/12/2022 | 25 | | *Defendant Felicia Franklin's* ANSWER to 1 COMPLAINT by Felicia Franklin.(Tracy, Melissa) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 12/12/2022) |
| 12/12/2022 | 26 | | Certificate of Interested Persons by Felicia Franklin. (Tracy, Melissa) (Entered: 12/12/2022) |
| 12/16/2022 | 27 | | MOTION for Extension of Time to Respond to Defendants' Motion to Dismiss re: 22 MOTION to Dismiss *Plaintiff's Complaint* by Ramona Thurman Bivins. (Attachments: # 1 Text of Proposed Order)(Tate, Andrew) (Entered: 12/16/2022) |
| 12/20/2022 | 28 | | ORDER GRANTING 27 MOTION for Extension of Time to Respond to Defendants' Motion to Dismiss re: 22 MOTION to Dismiss *Plaintiff's Complaint*. Plaintiff's deadline to respond to Defendants' Motion to Dismiss [Doc. 22] is extended to 1/9/2023. Signed by Judge William M. Ray, II on 12/20/2022. (tas) (Entered: 12/20/2022) |
| 12/22/2022 | 29 | | MOTION for Judgment on the Pleadings with Brief In Support by Alieka Anderson. (Farmer, Randall) (Entered: 12/22/2022) |
| 12/30/2022 | 30 | | *AMENDED* ANSWER to 1 COMPLAINT by Felicia Franklin. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Tracy, Melissa) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 12/30/2022) |
| 01/04/2023 | 31 | | Consent MOTION for Extension of Time to File Response to the Motion for Judgment on the Pleadings filed by Defendant Alieka Anderson re: 29 MOTION for Judgment on the Pleadings by Ramona Thurman Bivins. (Attachments: # 1 Text of Proposed Order)(Tate, Andrew) (Entered: 01/04/2023) |
| 01/04/2023 | 32 | | ORDER granting 31 Consent MOTION for Extension of Time to File Response to 29 MOTION for Judgment on the Pleadings. Time is extended to 1/12/2023. Signed by Judge William M. Ray, II on 1/12/2023. (dmb) (Entered: 01/05/2023) |
| 01/09/2023 | 33 | | RESPONSE in Opposition re 22 MOTION to Dismiss *Plaintiff's Complaint* filed by Ramona Thurman Bivins. (Tate, Andrew) (Entered: 01/09/2023) |
| 01/12/2023 | 34 | | RESPONSE in Opposition re 29 MOTION for Judgment on the Pleadings filed by Ramona Thurman Bivins. (Tate, Andrew) (Entered: 01/12/2023) |

| 01/16/2023 | 35 | | Notice for Leave of Absence for the following date(s): 1/23/23–1/26/23, 2/10/23–2/12/23, 2/15/23, 2/23/23, 4/3/23–4/7/23, 6/23/23–6/27/23, by John Douglas Bennett. (Bennett, John) (Entered: 01/16/2023) |
| 01/20/2023 | 36 | | Consent MOTION for Extension of Time Reply in Support of their Motion to Dismiss Plaintiff's Complaint re: 22 MOTION to Dismiss *Plaintiff's Complaint*, 33 Response in Opposition to Motion with Brief In Support by Clayton County, Georgia, Gail Hambrick. (Attachments: # 1 Text of Proposed Order Proposed Order)(Daughdril, Kirsten) (Entered: 01/20/2023) |
| 01/23/2023 | 37 | | ORDER GRANTING 36 Consent MOTION for Extension of Time Reply in Support of their Motion to Dismiss Plaintiff's Complaint re: 22 MOTION to Dismiss *Plaintiff's Complaint*, 33 Response in Opposition to Motion. Defendant's reply deadline is extended to 1/30/2023. Signed by Judge William M. Ray, II on 1/23/2023. (tas) (Entered: 01/23/2023) |
| 01/23/2023 | 38 | | Consent MOTION for Extension of Time File Reply In Support of Defendant's Motion for Judgment on the Pleadings with Brief In Support by Alieka Anderson. (Farmer, Randall) (Entered: 01/23/2023) |
| 01/23/2023 | 39 | | ORDER GRANTING 38 Consent MOTION for Extension of Time File Reply In Support of Defendant's Motion for Judgment on the Pleadings. The reply in support of the motion is extended to 2/3/2023. Signed by Judge William M. Ray, II on 1/23/2023. (tas) (Entered: 01/23/2023) |
| 01/30/2023 | 40 | | REPLY BRIEF re 22 MOTION to Dismiss *Plaintiff's Complaint* filed by Clayton County, Georgia, Gail Hambrick. (Daughdril, Kirsten) (Entered: 01/30/2023) |
| 01/31/2023 | | | Submission of 22 MOTION to Dismiss *Plaintiff's Complaint*, to District Judge William M. Ray II. (tas) (Entered: 01/31/2023) |
| 02/03/2023 | 41 | | REPLY to Response to Motion re 29 MOTION for Judgment on the Pleadings filed by Alieka Anderson. (Farmer, Randall) (Entered: 02/03/2023) |
| 02/06/2023 | | | Submission of 29 MOTION for Judgment on the Pleadings , to District Judge William M. Ray II. (sll) (Entered: 02/06/2023) |
| 02/15/2023 | 42 | | NOTICE of Hearing on Motion re: 29 MOTION for Judgment on the Pleadings, 22 MOTION to Dismiss *Plaintiff's Complaint*. Motion Hearing set for 3/17/2023 at 01:30 PM in ATLA Courtroom 1705 before Judge William M. Ray II. (tas) (Entered: 02/15/2023) |
| 02/15/2023 | 43 | | NOTICE by Ramona Thurman Bivins *of Change of Firm Name and Email Addresses* (Buckley, Edward) (Entered: 02/15/2023) |
| 03/03/2023 | 44 | | MOTION for Judgment on the Pleadings with Brief In Support by Felicia Franklin. (Attachments: # 1 Brief Defendant Franklin Brief in Support of Motion for Judgment on Pleadings)(Tracy, Melissa) (Entered: 03/03/2023) |
| 03/06/2023 | 45 | | Consent MOTION for Hearing re 42 Notice of Hearing on Motion by Felicia Franklin. (Attachments: # 1 Text of Proposed Order Proposed Order on Consent Motion to Reschedule Hearing)(Tracy, Melissa) Modified on 3/13/2023 (bgt). (Entered: 03/06/2023) |
| 03/07/2023 | | | |

| | | | |
|---|---|---|---|
| | | | Submission of 45 Consent MOTION for Hearing re 42 Notice of Hearing on Motion, to District Judge William M. Ray II. (tas) (Entered: 03/07/2023) |
| 03/13/2023 | 46 | | ORDER granting Defendant Felicia Franklin's 45 Motion to Reschedule Hearing. The motions hearing scheduled for 3/17/2023 shall be postponed to 5/22/2023 at 9:30 AM in ATLA Courtroom 1705 before Judge William M. Ray II. Signed by Judge William M. Ray, II on 3/13/2023. (bgt) (Entered: 03/13/2023) |
| 03/13/2023 | | | NOTICE OF HEARING: Motion Hearing on Defendant Clayton County's and Defendant Gail Hambrick's Motion to Dismiss (Doc. 22 ), Defendant Alieka Anderson's Motion for Judgment on the Pleadings (Doc. 29 ), and Defendant Felicia Franklin's Motion for Judgment on the Pleadings (Doc. 44 ) is set for 5/22/2023 at 9:30 AM in ATLA Courtroom 1705 before Judge William M. Ray II. (bgt) (Entered: 03/13/2023) |
| 03/16/2023 | 47 | | Consent MOTION for Extension of Time to Respond to Defendant Franklin's Motion for Judgment on the Pleadings re: 44 MOTION for Judgment on the Pleadings by Ramona Thurman Bivins. (Attachments: # 1 Text of Proposed Order)(Tate, Andrew) (Entered: 03/16/2023) |
| 03/17/2023 | 48 | | ORDER granting Plaintiff's 47 Consent Motion for an Extension of Time to Respond to Defendant Felicia Franklin's Motion for Judgment on the Pleadings. Plaintiff's deadline to respond to Defendant Franklin's 44 Motion for Judgment on the Pleadings is extended to March 31, 2023. Signed by Judge William M. Ray, II on 3/17/2023. (bgt) (Entered: 03/17/2023) |
| 03/31/2023 | 49 | | RESPONSE in Opposition re 44 MOTION for Judgment on the Pleadings filed by Ramona Thurman Bivins. (Tate, Andrew) (Entered: 03/31/2023) |
| 04/03/2023 | | | Submission of 44 MOTION for Judgment on the Pleadings , to District Judge William M. Ray II. (sll) (Entered: 04/03/2023) |
| 04/06/2023 | 50 | | MOTION to Withdraw Andrew Ready Tate as Attorneyby Ramona Thurman Bivins. (Attachments: # 1 Text of Proposed Order)(Tate, Andrew) (Entered: 04/06/2023) |
| 04/11/2023 | 51 | | Consent MOTION for Extension of Time File Reply in Support of Motion for Judgment on Pleadings re: 49 Response in Opposition to Motion, 44 MOTION for Judgment on the Pleadings by Felicia Franklin. (Attachments: # 1 Text of Proposed Order Proposed Order Extending Time for Reply in Support of Motion for Judgment on Pleadings)(Tracy, Melissa) (Entered: 04/11/2023) |
| 04/11/2023 | 52 | | ORDER GRANTING 50 Motion to Withdraw as Attorney. Attorney Andrew Ready Tate terminated. Signed by Judge William M. Ray, II on 4/11/2023. (tas) (Entered: 04/12/2023) |
| 04/11/2023 | 53 | | ORDER GRANTING 51 Consent MOTION for Extension of Time File Reply in Support of Motion for Judgment on Pleadings through and including 4/28/2023. Signed by Judge William M. Ray, II on 4/11/2023. (tas) (Entered: 04/12/2023) |
| 04/28/2023 | 54 | | REPLY BRIEF re 44 MOTION for Judgment on the Pleadings filed by Felicia Franklin. (Tracy, Melissa) (Entered: 04/28/2023) |
| 05/22/2023 | 55 | | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Judge William M. Ray, II: Motion Hearing held on 5/22/2023 re 44 MOTION for Judgment on the Pleadings, 22 MOTION to Dismiss *Plaintiff's Complaint*, and 29 MOTION for Judgment on the Pleadings. The Court heard response from Plaintiff and rebuttal from Defendants Hambrick and Franklin. The Court defers ruling on ultra vires issue. The Court will issue a ruling to allow the constitutional claims to continue. (Court Reporter Geraldine Glover)(tas) (Entered: 05/22/2023) |
| 05/22/2023 | 56 | | NOTICE of Appearance by Paul Jay Pontrelli on behalf of Ramona Thurman Bivins (Pontrelli, Paul) (Entered: 05/22/2023) |
| 05/22/2023 | 57 | | NOTICE of Appearance by Randall C. Farmer on behalf of Alieka Anderson (Farmer, Randall) (Entered: 05/22/2023) |
| 05/31/2023 | 58 | | MOTION to Withdraw Dasha Michelle Jackson as Attorneyby Alieka Anderson. (Jackson, Dasha) (Entered: 05/31/2023) |
| 06/29/2023 | | | Submission of 58 MOTION to Withdraw Dasha Michelle Jackson as Attorney, to District Judge William M. Ray II. (sll) (Entered: 06/29/2023) |
| 07/11/2023 | 59 | | Request for Leave of Absence for the following date(s): 8/18/23, 8/19/23, 8/20/23, 8/21/23, 8/22/23, 8/23/23, 8/24/23, 8/25/23, 8/26/23, 8/27/23, 8/28/23, by Kenneth Edward Jarrard. (Jarrard, Kenneth) (Entered: 07/11/2023) |
| 07/17/2023 | 60 | | ORDER GRANTING 58 Motion to Withdraw as Attorney. Attorney Dasha Michelle Jackson terminated. Signed by Judge William M. Ray, II on 7/17/2023. (tas) (Entered: 07/18/2023) |
| 08/10/2023 | 61 | | ORDER DENYING 44 Motion for Judgment on the Pleadings; DENYING 22 Motion to Dismiss ; DENYING 29 Motion for Judgment on the Pleadings as Plaintiff has pled sufficient facts against each individual defendant and Clayton County to state a claim. Signed by Judge William M. Ray, II on 8/10/2023. (tas) (Entered: 08/11/2023) |
| 08/24/2023 | 62 | | *Defendant Clayton County, Georgia's* ANSWER to 1 COMPLAINT with Jury Demand , COUNTERCLAIM against Ramona Thurman Bivins with Jury Demand by Clayton County, Georgia. (Attachments: # 1 Exhibit Employment Agreement)(Daughdril, Kirsten) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/24/2023) |
| 08/24/2023 | 63 | | ANSWER to 1 COMPLAINT by Gail Hambrick.(Daughdril, Kirsten) Please visit our website at http://www.gand.uscourts.gov to obtain Pretrial Instructions. (Entered: 08/24/2023) |
| 08/25/2023 | 64 | | Certificate of Interested Persons by Clayton County, Georgia. (Daughdril, Kirsten) (Entered: 08/25/2023) |
| 08/25/2023 | 65 | | Certificate of Interested Persons by Gail Hambrick. (Daughdril, Kirsten) (Entered: 08/25/2023) |
| 09/08/2023 | 66 | | NOTICE OF APPEAL as to 61 Order on Motion for Judgment on the Pleadings,, Order on Motion to Dismiss,,, by Gail Hambrick. Filing fee $ 505, receipt number AGANDC–12872085. Transcript Order Form due on 9/22/2023 (Daughdril, Kirsten) (Entered: 09/08/2023) |

| 09/08/2023 | 67 | | Joint MOTION to Stay *Proceedings Pending Appeal and Memorandum of Law in Support* with Brief In Support by Clayton County, Georgia. (Attachments: # 1 Text of Proposed Order Proposed Order)(Daughdril, Kirsten) (Entered: 09/08/2023) |
| 09/08/2023 | 68 | | USCA Appeal Transmission Letter to USCA– 11th Circuit re: 66 Notice of Appeal filed by Gail Hambrick. (pjm) (Entered: 09/08/2023) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |
|---|---|
| RAMONA THURMAN BIVINS,<br><br>    Plaintiff,<br><br>v.<br><br>FELICIA FRANKLIN, in her individual and official capacities; ALIEKA ANDERSON, in her individual and official capacities; GAIL HAMBRICK, in her individual and official capacities; and CLAYTON COUNTY, GEORGIA,<br><br>    Defendants. | CIVIL ACTION NO.<br>1:22-cv-4149-WMR |

## ORDER

This matter is before the Court on the following motions: Defendants Gail Hambrick ("Hambrick") and Clayton County's Motion to Dismiss [Doc. 22]; Defendant Alieka Anderson's ("Anderson") Motion for Judgment on the Pleadings [Doc. 29]; and Defendant Felicia Franklin's ("Franklin") Motion for Judgment on the Pleadings [Doc. 44]. The Court held a hearing on these motions on May 22, 2023. [Doc. 55]. At this hearing, the Court informed the parties it would not be granting Defendants' motions as their arguments require evidence not available at this stage of the proceedings. Now, the Court memorializes that order, and Defendants' motions [Docs. 22; 29; 44] are **DENIED**.

1

## I.    Background

This action arises out of Defendants' termination of Plaintiff Ramona Thurman Bivins from her role as the Chief Financial Officer ("CFO") for the Clayton County Board of Commissioners. [Doc. 1 at 9–10]. The individual Defendants all serve as commissioners on the Clayton County Board of Commissioners. [*Id.* at 2:2–4]. Plaintiff was employed as the CFO for the Board of Commissioners from April 8, 2013, to June 7, 2022. [*Id.* at 3:9]. Plaintiff's position was up for renewal on the Board of Commissioners' meeting agenda on June 7, 2022. [*Id.* at 9:37]. At this meeting, the Board of Commissioners voted 3-2 to both refuse to renew Plaintiff's position and to terminate Plaintiff, with the individual Defendants making up the three-member majority. [*Id.* at 9–10]. The individual Defendants also voted to declare Plaintiff's employment agreement with the county *ultra vires* and void. [*Id.* at 10].

In response, Plaintiff filed this action pursuant to 42 U.S.C. § 1983 asserting claims for violations of her First Amendment rights, breach of contract, and punitive damages. [*Id.* at 19, 24–25]. Plaintiff alleges that the Defendants retaliated against her for the political speech and association of her husband. [*Id.* at 19–20]. Plaintiff asserts that her husband engaged in campaign activities for Clayton County Commissioner DeMont Davis. [*Id.* at 6]. Plaintiff alleges that Defendants Franklin and Anderson openly campaigned in support of Commissioner Davis's opponent,

2

Janice Scott. [*Id.* at 6–7]. She further alleges that all Defendants were aware of her husband's political activities. [*Id.* at 6]. Plaintiff alleges that the Defendants had supported her in her position as CFO up until the time her husband began campaigning for Commissioner Davis. [*Id.* at 11–12]. Because of this, Plaintiff alleges that the Defendants' votes to refuse to renew her position, terminate her employment, and declare her agreement with Clayton County *ultra vires* were done in retaliation for her husband's speech and political association. [*Id.* at 12, 19–23]. Plaintiff alleges that these actions violated her First Amendment right of association. [*Id.* at 20]. Plaintiff also alleges that Defendant Clayton County breached the employment agreement between Plaintiff and Clayton County by refusing to pay Plaintiff severance she was due after being terminated. [*Id.* at 24]. Lastly, Plaintiff alleges that the individual Defendants willfully violated statutory and constitutional law such that she is entitled to punitive damages. [*Id.* at 25].

## II.  **Legal Standard**

Defendants Hambrick and Clayton County filed a motion to dismiss. [Doc. 22]. Under the Federal Rules of Civil Procedure, a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff to must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Therefore, a claim can only survive a motion

to dismiss if the complaint's factual allegations are "enough to raise a right to relief above the speculative level[.]" *Id.* at 555. The Court must ignore barebones allegations that constitute mere legal conclusions and accept well pleaded factual allegations as true when determining whether a complaint plausibly gives rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. at* 679.

Defendants Anderson and Franklin have filed motions for judgment on the pleadings. [Docs. 29; 44]. A party may move for judgment on the pleadings after the pleadings are closed, but it is still early enough not to delay trial. Fed. R. Civ. P. 12(c). The Court may grant a motion for judgment on the pleadings when "no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." *Andrx Pharms., Inc. v. Elan Corp.*, 421 F.3d 1227, 1232–33 (11th Cir. 2005). The standard for reviewing a motion for judgment on the pleadings is the same as the standard applicable to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, the Court applies the same standard of review to all the Defendants' motions.

## III. Discussion

### a. Individual Defendants

Plaintiff asserts that all the individual Defendants—Franklin, Anderson, and Hambrick—took the following actions due to the political speech and association of Plaintiff's husband: voting not to renew Plaintiff's employment agreement, voting to terminate Plaintiff, and voting to declare Plaintiff's employment agreement *ultra vires*. [Doc. 1 at 20–21]. Because of this, Plaintiff asserts the individual Defendants violated Plaintiff's First Amendment right of association by retaliating against Plaintiff for the political speech and association of her husband. [*Id.*]

The First Amendment protects "[t]he right of intimate association, which is . . . 'the freedom to choose to enter into and maintain certain intimate human relationships[.]'" *Gaines v. Wardynski*, 871 F.3d 1203, 1212 (11th Cir. 2017) (quoting *McCabe v. Sharrett*, 12 F.3d 1558, 1562–63 (11th Cir. 1994)). Thus, federal courts have recognized that marriage to one's spouse is a form of expression "protected from undue government intrusion 'as a fundamental aspect of personal liberty.'" *Id.* To bring a claim that a public employer impermissibly burdened the First Amendment right of association, "the employee must first demonstrate that the asserted right is protected by the Constitution and that he or she suffered an 'adverse employment action' for exercising the right." *McCabe*, 12 F.3d at 1562. "Upon making these two showings, the employee is entitled to prevail if the adverse

5

employment action was taken in such a way as to infringe the constitutionally protected right."[1] *Id.* To survive a motion to dismiss here, Plaintiff must plausibly plead that her First Amendment right of intimate association is protected and that she suffered an adverse employment action for exercising that right. The Court finds that Plaintiff has done both.

First, the right of intimate association is protected by the First Amendment of the Constitution. *Roberts v. U.S. Jaycees*, 468 U.S. 609, 617–18 (1984). Second, there is no question that Defendants took adverse employment actions against Plaintiff in voting to terminate her. Thus, the only question at this stage is whether Plaintiff has plausibly pled that the Defendants voted to take adverse employment actions against Plaintiff because she exercised her right of intimate association. Said another way, the Court looks to whether Plaintiff has sufficiently plead enough factual allegations against each individual Defendant to allege that they took the actions at issue in this case because of the political speech and association of Plaintiff's husband.

---

[1] To prevail on the merits, Plaintiff will have to meet one of the Supreme Court's substantive tests for balancing the rights of an employee against the interests of the government. *See McCabe*, 12 F.3d at 1564–66 (discussing three possible standards that could control in a First Amendment right of intimate association claim—*Pickering*, *Elrod-Branti*, and strict scrutiny). It is unclear at this stage which test should apply, and the parties have not briefed this issue. Likewise, it is unnecessary for the Court to resolve this issue in considering the parties' motions, so the Court declines to do so now.

### i. Franklin

Plaintiff has alleged that Defendant Franklin took the adverse employment actions against Plaintiff in this case because of the political speech and activity of her husband. [Doc. 1 at 20]. Thus, the only question at this stage is whether Plaintiff has plausibly pled that Defendant Franklin voted to take adverse employment actions against Plaintiff because she exercised her right of intimate association. Defendant Franklin argues that the Court must grant her motion because Plaintiff has failed to allege facts demonstrating that Defendant Franklin's decisions were motivated by Plaintiff's association with her husband. [Doc. 44-1 at 11]. However, Plaintiff has alleged specific facts in the complaint that support her allegations against Defendant Franklin.

Plaintiff pleads that Defendant Franklin knew that Plaintiff's husband openly campaigned for Commissioner Davis. [Doc. 1 at 6]. Plaintiff further pleads that Defendant Franklin openly supported Commissioner Davis's political opponent, Ms. Scott, in the upcoming election. [*Id.* at 6–7]. Defendant Franklin admits that both of these allegations are true. [Doc. 44-1 at 12].

Plaintiff also alleges that there was in incident in May 2022 where Commissioner Davis reported to Plaintiff's husband that campaign workers for Ms. Scott stole campaign signs Davis placed in the community. [Doc. 1 at 7]. Plaintiff asserts that her husband became involved in reporting this incident to the police. [*Id.*]

Plaintiff further asserts that Defendant Franklin emailed a reporter at the local newspaper, the Clayton Crescent, audio recordings of Commissioner Davis and Plaintiff's husband speaking about this campaign sign incident to the Clayton County police. [*Id.* at 7–8]. Plaintiff asserts that her husband was named repeatedly in these recordings, and the Clayton Crescent reported on the incident and named both Plaintiff and her husband. [*Id.* at 8:31].

Plaintiff further pleads that Defendant Franklin then voted to terminate Plaintiff and nullify her contract with the County the very next month. [*Id.* at 9–10]. At the Board of Commissioners meeting where this vote was held, Plaintiff alleges that Defendant Franklin said to Defendant Anderson before the vote, "It's going to be a good night." [*Id.* at 9:38]. Plaintiff further alleges that after the vote Defendant Franklin said to Defendant Anderson, "I can sleep good tonight." [*Id.* at 11:48].

The Court finds that this set of allegations plausibly pleads that Defendant Franklin was motivated to take adverse employment actions against Plaintiff because of her husband's political activities. *See DeMartini v. Town of Gulf Stream*, 942 F.3d 1277, 1289 (11th Cir. 2019) ("[W]hen a governmental employee claims that [s]he was fired because [s]he engaged in First Amendment activity, [the court] looks to whether the defendant governmental employer's retaliatory motivation was the but-for cause of the adverse employment decision."). The fact that Defendant Franklin sent a reporter an audio recording of Plaintiff's husband discussing the alleged theft

of political signs by campaign workers of a candidate Plaintiff claims Franklin supports would allow a reasonable fact finder to infer that Defendant Franklin had a political motivation in terminating Plaintiff and that motivation was a but-for cause in Defendant Franklin's votes to take action against Plaintiff.

Likewise, Plaintiff also alleges that the Clayton County Chief of Police told the reporter for the Clayton Crescent that Defendant Franklin requested that the Chief provide the audio recording to the press. [Doc. 1 at 8:29]. This indicates that Defendant Franklin was motivated to take the adverse employment actions at issue in this case by the political activities of Plaintiff's husband. Furthermore, the fact that the alleged sign theft incident occurred on May 23, 2022 [*Id.* at 8:31] and Defendant Franklin voted to terminate Plaintiff on June 7, 2022 [*Id.* at 9] allows a reasonable fact finder to infer that these two events are casually related. *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 745 (11th Cir. 1996) ("Where termination closely follows protected activity, it is usually reasonable to infer that the activity was the cause of the adverse employment decision.").

Defendant Franklin argues that Plaintiff cannot allege that Franklin's votes to take actions against Plaintiff were retaliatory because Franklin's contract is void and Plaintiff was not legally entitled to her position such that she cannot bring a lawsuit for loss of that position. [Doc. 44-1 at 6]. Defendant Franklin asserts that Plaintiff must demonstrate that the Defendants took an adverse employment action here, and

that no such action occurred because Plaintiff's position never lawfully existed. [*Id.* at 9–10]. While Defendant Franklin could still ultimately prevail on this argument, the relevant evidence about the creation of Plaintiff's position and whether Plaintiff's contract was indeed *ultra vires* are not currently before the Court. As such, Defendant Franklin's motion does nothing to change the fact that Plaintiff was terminated by a vote of the Board of Commissioners. A termination is a classic adverse employment action, and there is insufficient evidence in the record for the Court to rule otherwise. Thus, because Plaintiff has made specific factual allegations that Defendant Franklin voted to terminate Plaintiff because of her husband's political activity, Defendant Franklin's motion for judgment on the pleadings [Doc. 44] is **DENIED IN PART**.

Plaintiff also filed suit against Defendant Franklin in her official capacity. [Doc. 1 at 19]. Defendant Franklin argues that Plaintiff's constitutional claims against Franklin in her official capacity should be dismissed because they are duplicative of her claims against Clayton County. [Doc. 44-1 at 10–11]. At the hearing on these motions, Plaintiff conceded this point. As such, the parties agree that Plaintiff's claim against Defendant Franklin in her official capacity is duplicative, and Defendant Franklin's motion for judgment on the pleadings [Doc. 44] is **GRANTED IN PART** to the extent it argues that Plaintiff's official capacity claim is duplicative.

10

### ii. Anderson

Plaintiff must meet the same burden to plead a plausible claim for retaliation against Defendant Anderson. Thus, the only question at this stage is whether Plaintiff has plausibly pled that Defendant Anderson voted to take adverse employment actions against Plaintiff because she exercised her right of intimate association. Defendant Anderson argues that the Court must grant her motion because Plaintiff has failed to plead anything more than conclusory allegations that Anderson acted with a retaliatory motive. [Doc. 29 at 8]. Defendant Anderson argues that her motive in voting to take adverse employment actions against Plaintiff was that Plaintiff's contract with the County was *ultra vires*. [*Id.*] However, Plaintiff has alleged specific facts in the complaint that support her allegations against Defendant Anderson.

Plaintiff pleads that Defendant Anderson knew that Plaintiff's husband openly campaigned for Commissioner Davis. [Doc. 1 at 6]. Plaintiff further pleads that Defendant Anderson openly supported Commissioner Davis's political opponent in the upcoming election. [*Id.* at 6–7]. Plaintiff also asserts that Defendant Anderson praised Plaintiff's work on the annual budget roughly a month before voting to terminate Plaintiff. [*Id.* at 12:50]. Plaintiff then alleges that Defendant Anderson was aware that her husband was involved in the May 23, 2022, campaign sign incident between Commissioner Davis and his political opponent Ms. Scott. [*Id.* at 11–12]. It is undisputed that Defendant Anderson and the other individual Defendants voted

11

to terminate Plaintiff and declare her employment agreement *ultra vires* on June 7, 2022. [*Id.* at 9].

Plaintiff pleads that, after the Board of Commissioners meeting where this vote was held, Defendant Anderson asked Defendant Franklin, "Do I need to get us a bottle?" [*Id.* at 11]. While this statement could be interpreted in many ways, one reasonable interpretation is that Anderson perceived termination of Plaintiff and nullification of her contract as a matter worthy of celebration. This statement would allow a reasonable fact finder to infer that Defendant Anderson had some personal motive in taking adverse employment actions against Plaintiff. Likewise, the temporal proximity between the campaign sign incident and Defendant Anderson's vote to terminate Plaintiff would allow a reasonable fact finder to infer that these two events were casually related. *See Mize*, 93 F.3d at 745 ("Where termination closely follows protected activity, it is usually reasonable to infer that the activity was the cause of the adverse employment decision.").

Lastly, Plaintiff pleads that Clayton County paid for university courses for certain management employees. [Doc. 1 at 5, 16]. Plaintiff claims that the County paid for courses for her in the Leadership and Learning in Organizations program at Vanderbilt University. [*Id.* at 5]. Plaintiff also pleads that the County paid for university courses for another employee, Detrick Stanford. [*Id.* at 16]. Plaintiff alleges that Defendant Anderson asked Mr. Stanford to investigate the tuition

payments the County made for Plaintiff. [*Id.* at 16:76]. Plaintiff further alleges Mr. Stanford offered to pay the County back for his own tuition payments and that Defendant Anderson told Mr. Stanford "[y]ou don't have to do that. We're only going after Ramona." [*Id.*] Defendant Anderson and the other individual Defendants then voted to terminate Plaintiff on June 7, 2022. [*Id.* at 9–10]. Next, Plaintiff alleges that Defendant Anderson and the other individual Defendants voted on September 6, 2022, to begin procedures to recoup the payments the County made to Vanderbilt University for Plaintiff's courses. [*Id.* at 16:77].

Plaintiff pleads that Defendant Anderson told another Clayton County employee "[w]e're only going after Ramona." [*Id.* at 16:76]. This allegation alone is enough to plead that Defendant Anderson had a personal motive in taking actions against Plaintiff beyond negating an unlawful contract. As such, Plaintiff plausibly pled Defendant Anderson was motivated by the political activity of Plaintiff's husband in taking adverse employment actions against Plaintiff. Thus, Defendant Anderson's motion for judgment on the pleadings [Doc. 29] is **DENIED IN PART**.

Plaintiff also filed suit against Defendant Anderson in her official capacity. [Doc. 1 at 19]. Defendant Anderson argues that Plaintiff's constitutional claims against Anderson in her official capacity should be dismissed because they are duplicative of her claims against Clayton County. [Doc. 29 at 7]. At the hearing on these motions, Plaintiff conceded this point. As such, the parties agree that Plaintiff's

13

claim against Defendant Anderson in her official capacity is duplicative, and Defendant Anderson's motion for judgment on the pleadings [Doc. 29] is **GRANTED IN PART** to the extent it argues that Plaintiff's official capacity claim is duplicative.

### iii. Hambrick

Plaintiff must meet the same burden to plead a plausible claim for retaliation against Defendant Hambrick. Thus, the only question at this stage is whether Plaintiff has plausibly pled that Defendant Hambrick voted to take adverse employment actions against Plaintiff because she exercised her right of intimate association. Defendant Hambrick argues that these claims should be dismissed because Plaintiff allegedly fails to plead sufficient facts to demonstrate that Hambrick had a retaliatory motive in casting these votes against Plaintiff. [Doc. 22-1 at 9]. Reviewing the facts of the case, the Court finds that Plaintiff has pled sufficient facts to survive a motion to dismiss.

Plaintiff pleads that Defendant Hambrick knew that Plaintiff's husband openly campaigned for Commissioner Davis. [Doc. 1 at 6]. Plaintiff further pleads that the other individual Defendants in this action openly supported Commissioner Davis's political opponent in the upcoming election. [*Id.* at 6–7]. Lastly, Plaintiff pleads that the individual Defendants demonstrated that they were looking for means

14

to take actions against her because Defendant Anderson told another Clayton County employee "[w]e're only going after Ramona." [*Id.* at 16:76].

The Court finds that the fact that one of the individual Defendants in this action told another Clayton County employee that "[w]e're only going after" the Plaintiff is sufficient to plead plausibly here that Defendant Hambrick voted to take adverse employment actions against Plaintiff based on a personal motivation. While Plaintiff does not directly allege statements or actions taken by Defendant Hambrick that demonstrate that Hambrick took these actions because of Plaintiff's association with her husband, taking Plaintiff's allegations as true, Plaintiff has still plead enough facts from which a reasonable fact finder could infer that Hambrick had political motivation to take adverse employment actions against Plaintiff.[2] *See Iqbal*, 556 U.S. at 663 ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

At the hearing on these motions, counsel for Defendant Hambrick argued that Plaintiff has not pled sufficient facts to rebut Hambrick's assertion that she was not unlawfully motivated in voting for adverse employment actions against Plaintiff.

---

[2] The Court notes that this is not its first experience with politics. Review of a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court finds that common sense dictates that, if a subgroup of a political body acted together to take these actions against Plaintiff, a reasonable jury could conclude that those actions were politically motivated. Plaintiff has pled enough here to be entitled to discovery to determine whether these allegations are supported by the evidence.

15

[Doc. 55]. However, Plaintiff has pointed to statements by one named Defendant that suggest that multiple members of the Clayton County government were "going after" the Plaintiff. In a retaliation case like the one before the Court, a plaintiff must prove a defendant's motivation. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (holding that, in a First Amendment retaliation claim, the defendant's retaliatory "motive must *cause* the injury") (emphasis in original). If it were enough for a defendant to file a motion to dismiss and state, "I did not have an unlawful motivation," causes of action for retaliation would cease to exist. Without the power of discovery, plaintiffs would almost never have the ability to determine the motivations of opposing parties.

The Court acknowledges that Plaintiff's pleadings are weakest against Defendant Hambrick. However, Plaintiff has still plead facts from which a reasonable fact finder could infer that Defendant Hambrick was motivated to vote for adverse employment actions against Plaintiff because of the political activities of her husband. This is enough to survive a motion to dismiss because the Court must make all reasonable inferences supported by the facts in favor of the non-moving party. *Iqbal*, 556 U.S. at 663. Thus, this case must survive to discovery where the facts can bear out whether the evidence supports these allegations and inferences. As such, Defendant Hambrick's motion [Doc. 22] is **DENIED**.

16

Plaintiff also filed suit against Defendant Hambrick in her official capacity. [Doc. 1 at 19]. Defendant Hambrick argues that Plaintiff's constitutional claims against Hambrick in her official capacity should be dismissed because they are duplicative of her claims against Clayton County. [Doc. 22-1 at 8]. At the hearing on these motions, Plaintiff conceded this point. As such, the parties agree that Plaintiff's claim against Defendant Anderson in her official capacity is duplicative, and Defendant Hambrick's motion to dismiss [Doc. 22] is **GRANTED IN PART** to the extent it argues that Plaintiff's official capacity claim is duplicative.

### iv. *Qualified Immunity*

The individual Defendants also argue that they are all entitled to qualified immunity. [Doc. 22-1 at 13–14; Doc. 29 at 11–12; Doc. 44-1 at 15–16]. To be entitled to qualified immunity, a defendant must establish that he was acting within the scope of his discretionary authority. *Gaines*, 871 F.3d at 1208. Once a defendant meets this burden, the burden shifts to the plaintiff to demonstrate "(1) that the defendant violated her constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established . . . in light of the specific context of the case, not as a broad general proposition[.]'" *Id.* (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). Here, the parties do not dispute that the Defendants were acting within the scope of their discretionary authority as members of the Board of Commissioners when they voted to take adverse employment actions against Plaintiff. Thus, the

17

burden falls on Plaintiff to show both that the Defendants violated her constitutional rights and that those rights were clearly established.

Defendant Franklin argues that Plaintiff failed to allege a deprivation of any constitutional rights such that Franklin is entitled to qualified immunity. [Doc. 44-1 at 16]. Defendant Anderson argues that she is entitled to qualified immunity because the law at issue is not clearly established. [Doc. 29 at 11–12]. Defendant Hambrick argues both that Plaintiff failed to establish that any constitutional right has been violated and that the law is not clearly established. [Doc. 22-1 at 13]. However, the Court rejects these arguments.

As to the Defendants' arguments that Plaintiff failed to allege a violation of her First Amendment rights, the Court reviewed Plaintiff's allegations against each individual Defendant and found that Plaintiff had stated a claim for a violation of her First Amendment right of intimate association by alleging that the Defendants terminated her for the political activities of her husband. Based on this analysis, the Court also finds that Plaintiff has sufficiently alleged a violation of her First Amendment right of intimate association against each individual Defendant for the purposes of qualified immunity.

As to the Defendants' arguments that the law at issue here is not clearly established, the Court disagrees. There is no question that the First Amendment right of intimate association is clearly established in this Circuit. *Gaines*, 871 F.3d at 1213

("The question in this case is not whether there is a First Amendment right to intimate association; there is.") Likewise, there is also no question that government officials cannot subject government employees to adverse employment actions for exercising that right. *Id.* ("Nor is the question whether a public employee can be subjected to an adverse employment action for exercising that right; she can't. Nor is the question whether the employee will prevail if the adverse action infringed on her right to intimate association; she will."). Thus, as the Eleventh Circuit has emphasized, the question here is more specific: was it clearly established in 2022 that the Defendants would violate the right of intimate association if they terminated Plaintiff because of the political association of Plaintiff's husband? *Id.* The Court finds the answer to this question is yes.

In this Court's view, the Defendants had fair notice as of 1994 that taking an adverse employment action against a government employee solely based on who that employee married would violate the First Amendment right of intimate association. The Eleventh Circuit detailed in *McCabe v. Sharrett*, 12 F.3d 1558 (11th Cir. 1994), the analysis for when government officials impermissibly burden a government employee's right to be married. In *McCabe*, a police chief transferred his secretary solely because she was married to a police officer. 12 F.3d at 1560–61. While the Eleventh Circuit ultimately held that this transfer was justified because of the police chief's concerns about maintaining confidentiality within his office, the

19

Circuit nonetheless held that the transfer burdened the constitutional right to be married. *Id.* at 1569. Thus, the Eleventh Circuit clearly found that taking an adverse action against an employee solely on the basis of to whom she is married burdened the First Amendment right of intimate association in ruling that "the only issue we need address is whether . . . McCabe's transfer, although burdening her constitutional right to be married, was nonetheless justified." *Id.*[3]

That is the exact situation at issue in the case before this Court. The Defendants here allegedly took multiple adverse employment actions against Plaintiff solely because of to whom she is married. In comparison to the allegations in *McCabe*, Plaintiff's allegations in the case before this Court are far more egregious. Plaintiff was not merely transferred. Instead, Plaintiff served as a County employee for ten years with positive feedback from the Board of Commissioners. [Doc. 1 at 4–5, 20]. Then, Plaintiff's husband began campaigning for a member of the Board of Commissioners. [*Id.* at 6, 19–20]. In response, taking Plaintiff's allegations as true, a majority of the Board of Commissioners voted to terminate

---

[3] Furthermore, though Plaintiff did not raise these cases in their briefing, the Eleventh Circuit has gone on to reaffirm this rule that taking adverse employment actions solely due to the intimate relationship status of a government employee burdens the First Amendment right of intimate association. *See, e.g.*, *Shahar v. Bowers*, 114 F.3d 1097, 1107 (11th Cir. 1997); *Lawson v. Curry*, 244 F. App'x 986, 989 (11th Cir. 2007). The Eleventh Circuit even denied qualified immunity in such a case when a plaintiff was fired from her position at a jail because she was in an interracial relationship. *Lawson*, 244 F. App'x at 989. Likewise, the facts of these cases are very different, yet the Eleventh Circuit found the Plaintiff's rights were burdened regardless of whether the acts of the Defendants were justified. *Id.* at 988–89; *Shahar*, 114 F.3d at 1107.

Plaintiff solely because her husband began campaigning for a member of the Board of Commissioners that a majority of the Board did not support for reelection. [*Id.* at 9–10]. Thus, Plaintiff asserts that elected officials sought to punish her because those officials supported a different political candidate than did Plaintiff's husband. If the Eleventh Circuit found that a mere transfer to another position because of a government employee's marital status burdened the First Amendment right of intimate association, how much more so must a political vendetta by elected officials burden that same right?

While *McCabe* is not precisely on point to the facts before the Court, the Supreme Court does not require that a case be directly on point. *Ashcroft v. al–Kidd*, 563 U.S. 731, 741 (2011). Instead, case law must make the unlawfulness of the defendant's actions apparent such that the defendant had fair warning. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). Viewing the facts of the case in the light most favorable to the Plaintiff, three members of the Clayton County Board of Commissioners voted to terminate a government employee because of the political affiliation of that employee's husband. In the view of this Court, case law establishing that government officials cannot take adverse employment actions against government employees based on their marital associations gave the Defendants in this case fair warning that doing so here would violate the First Amendment. Such precedent serves as even more of a warning in this case because

21

the Defendants alleged actions here more directly violate the First Amendment than those in *McCabe*.

The Court recognizes that qualified immunity is hard to overcome for plaintiffs bringing a claim under the First Amendment. *Gaines*, 871 F.3d at 1210. However, if the First Amendment right of intimate association means anything, government officials cannot take unjustified actions against someone because of to whom they are married. *See Roberts*, 468 U.S. at 618 ("The Court has long recognized that, because the Bill of Rights is designed to secure individual liberty, it must afford the formation and preservation of certain kinds of highly personal relationships a substantial measure of sanctuary from unjustified interference by the State."). Likewise, courts have long recognized that core a purpose of the First Amendment is to prevent government officials from placing a thumb on the scale in political discourse.[4] *See Buckley v. Valeo*, 424 U.S. 1, 14 (1976) ("Although First Amendment protections are not confined to the exposition of ideas, there is

---

[4] While Plaintiff's complaint centers on the actions taken by the Defendants because of her marriage to her spouse, she also pleads that these actions violated her right of expressive association. [Doc. 1 at 19]. "The right of expressive association—the freedom to associate for the purpose of engaging in activities protected by the First Amendment, such as speech, assembly, petition for the redress of grievances, and the exercise of religion—is protected by the First Amendment as a necessary corollary of the rights that the amendment protects by its terms." *McCabe*, 12 F.3d at 1563. The Court notes that Plaintiff pleads that the Clayton Crescent reported that both Plaintiff and her husband engaged in campaign activities. [Doc. 1 at 8:31]. Thus, the fact that this case may involve both the rights of intimate and expressive association doubly put the Defendants on notice that taking adverse actions against Plaintiff for the exercise of those rights would violate clearly established law. *See, e.g.*, *Calvert v. Fulton Cnty., Georgia*, 152 F. App'x 820, 822 (11th Cir. 2005) (holding that the right to be free from adverse employment actions for political patronage is clearly established).

22

practically universal agreement that a major purpose of that Amendment was to protect the free discussion of governmental affairs. . . . of course includ(ing) discussions of candidates . . . ."). Here, Plaintiff alleges that the Defendants voted to fire Plaintiff from her government employment because the Defendants support a different political candidate than does the Plaintiff's husband. If this is true, the Defendants have committed a cardinal sin under the First Amendment—taking actions which attempt to influence the free exchange of ideas concerning political candidates.

One of the purposes of qualified immunity is to protect public officials who do not have fair warning that their acts would violate the law. *Hope*, 536 U.S. at 741. Assuming Plaintiff's allegations are true, Defendants had fair warning that terminating Plaintiff to advance their own political goals would violate the law. Thus, the Court finds that qualified immunity does not shield the Defendants from these allegations.

Lastly, Defendants argue that they are entitled to qualified immunity because it was not clearly established that it would burden Plaintiff's right of intimate association to terminate Plaintiff because her employment agreement was *ultra vires*. [Doc. 21-1 at 13–14; Doc. 29 at 11–12; Doc. 44-1 at 8–9]. However, this argument requires the Court to accept that the real reason the Defendants terminated Plaintiff was due to the fact that her employment agreement was *ultra vires* because

23

her position was allegedly impermissibly created by the Board of Commissioners. [Doc. 44-1 at 8–9]. However, at this point in the proceedings, the Court must accept the Plaintiff's allegations as true. Plaintiff alleges that this is not the real reason she was terminated. Likewise, only Defendant Franklin makes an argument for why Plaintiff's employment agreement was *ultra vires* [*id.*], and none of the Defendants include any exhibits or other support that these arguments are in fact true [*see* Docs. 22-1, 29, 44-1]. Because of this, the Court finds that the Defendants have failed to present sufficient facts that show that Plaintiff's employment agreement was in fact *ultra vires* and void from the time it was created. Instead, the Court views the facts in light of Plaintiff's allegations. Plaintiff alleges that she had worked for the County for ten years, and, after one of the Defendants told another County employee "[w]e're only going after Ramona[,]" she was terminated. [Doc. 1 at 16]. These facts suggest that members of the Clayton County Board of Commissioners were looking for a way to take action against the Plaintiff. Discovery will demonstrate whether that was for a lawful or unlawful purpose.

   b. <u>Clayton County</u>

Defendant Clayton County argues that Plaintiff's constitutional claims should be dismissed because the County had no official policy or practice that would constitute a basis for liability under § 1983. [Doc. 22-1 at 14]. The County can be liable for suit under § 1983 for an action taken by a majority of the members of a

governing body with final decision-making authority. *Matthews v. Columbia Cnty.*, 294 F.3d 1294, 1297 (11th Cir. 2002). However, the County can only be liable if the majority of that body shared an unconstitutional motive in taking that action. *Id.* Here, the Court has already found that Plaintiff stated a claim against a majority of the Clayton County Board of Commissioners because they allegedly voted to take adverse employment actions against Plaintiff with a shared unconstitutional motive. Likewise, the parties do not dispute that the Board of Commissioners has final decision-making authority for the County as a whole. [Doc. 22-1 at 15]. Thus, the Court has already found that this standard is met, and Plaintiff has stated a claim against the County.

Defendant Clayton County also argues that Plaintiff's breach of contract claim should be dismissed because her contract was *ultra vires* and void. [*Id.* at 16]. However, as the Court addressed in ruling on qualified immunity, the County has not carried its burden to show that the creation of Plaintiff's position was in fact improper and thus resulted in an ultra vires contract. This analysis requires facts that are not currently before the Court. *See City of McDonough v. Campbell*, 710 S.E.2d 537, 538 (Ga. 2011) (considering the facts surrounding the creation of contracts by a city in declaring the contract void under Georgia law). However, the County did not brief these facts when filing this motion. [Doc. 22-1 at 16-18]. Thus, the Court

cannot determine if the County is entitled to relief, and the County's motion to dismiss [Doc. 22] is **DENIED**.

## IV. Conclusion

Plaintiff has pled sufficient facts against each individual Defendant and Clayton County to state a claim. Accordingly, Defendants' motions [Docs. 22, 29, 44] are **DENIED**.

**SO ORDERED**, this 10th day of August, 2023.

William M. Ray II

WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RAMONA THURMAN BIVINS,

    Plaintiff,

vs.

FELICIA FRANKLIN, in her individual
and official capacities;
ALIEKA ANDERSON, in her individual
and official capacities;
GAIL HAMBRICK, in her individual
and official capacities; and
CLAYTON COUNTY, GEORGIA,

    Defendants.

CIVIL ACTION NO.:
1:22-cv-04149-WMR

**DEFENDANT GAIL HAMBRICK'S NOTICE OF APPEAL**

Notice is hereby given that Defendant Gail Hambrick, in her individual capacity, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order [Doc. No. 61] entered in this action on August 10, 2023.

Respectfully submitted this 8th day of September, 2023.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
kirsten.daughdril@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com

*Counsel for Defendant Gail Hambrick*

100 Galleria Parkway, Ste. 1600
Atlanta, Georgia  30339-5948
Tel: (770) 818-0000
Fax: (770) 937-9960

CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing **Notice of Appeal** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Andrew Ready Tate
Edward D. Buckley
Buckley Beal LLP
600 Peachtree Street, NE
Suite 3900
Atlanta, Georgia 30308
atate@buckleybeal.com
edbuckley@buckleybeal.com

*Counsel for Plaintiff*

This 8th day of September, 2023.

**FREEMAN MATTHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com