# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FELICIA FRANKLIN, in her individual ) <br> and official capacities; ) <br> ALIEKA ANDERSON, in her individual ) <br> and official capacities; ) <br> GAIL HAMBRICK, in her individual ) <br> and official capacities; and ) <br> CLAYTON COUNTY, GEORGIA, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO.: <br> 1:22-cv-04149-WMR |

## **PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM**

Plaintiff Ramona Thurman Bivins (Ms. Bivins), by and through undersigned counsel, hereby submits her Answer to Clayton County, Georgia's (Clayton County) Counterclaim, as follows:

1.

Admitted.

## PARTIES

2.

Admitted except as to the allegation that Clayton County "brings [its counterclaim] pursuant to O.C.G.A. § 9-4-3." As to this specific allegation, Ms. Bivins is without sufficient knowledge or information to form a belief as to the accuracy of this allegation and such allegation is therefore denied.

3.

Admitted except that personal service of the counterclaim on Bivens is unnecessary.

## FACTUAL BACKGROUND

4.

Admitted.

5.

Admitted.

6.

Admitted.

7.

Admitted.

8.

Admitted.

9.

Admitted in part; denied as to the parties' written Agreement being described as "purported." Further responding to paragraph 9 of the counterclaim, the attached Exhibit A is a writing that speaks for itself, and it appears to be a true and correct copy of the parties' contract.

10.

Admitted. Further responding to paragraph 10 of the counterclaim, the Agreement is a writing that speaks for itself. To the extent an allegation is inconsistent with the written terms of the Agreement, such allegation is denied.

11.

Admitted.

12.

Admitted.

13.

Admitted in part. Denied to the extent paragraph 13 of the counterclaim alleges the parties' Agreement is "purported," "*ultra vires*" and/or "void."

14.

Admitted.

15.

Admitted except as to the allegation "through December 2024," which is denied.

16.

Admitted.

17.

Admitted.

18.

Denied.

19.

Denied. Further responding to paragraph 19 of the counterclaim, Ms. Bivins states that Clayton County Chairman Jeffery Turner directed Clayton County COO Detrick Stanford to sign the paperwork authorizing Ms. Bivins to enroll in the Vanderbilt Program. The program, and payment for it, were properly authorized by Clayton County.

20.

Denied.

21.

Admitted except as to the allegation "purported."

22.

Ms. Bivins is without sufficient knowledge or information to form a belief as to the accuracy of the allegations contained within paragraph 22 of the counterclaim and such allegations are therefore denied.

23.

Admitted.

24.

Denied. The tuition for the Vanderbilt program was a component of Plaintiff's compensation for the performance of her duties. Consequently, Ms. Bivins has no obligation to repay the County.

25.

Admitted.

## COUNT I: DECLARATORY JUDGMENT

26.

Ms. Bivins incorporates and restates, as if fully stated herein, her responses to the allegations contained in her responses to paragraphs 1 through 25 above.

27.

Denied.

28.

Denied.

29.

Denied.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

To the extent paragraph 36 of the counterclaim calls for legal conclusions it is denied. Ms. Bivins asks the Court to deny the relief sought within paragraph 36 of the counterclaim in its entirety and award Ms. Bivins the costs associated with defending the counterclaim.

## COUNT II: UNJUST ENRICHMENT

39.

Ms. Bivins incorporates and restates, as if fully stated herein, the responses to the allegations contained in her responses to paragraphs 1 through 36 above.

40.

Denied.

41.

Admitted.

42.

Denied.

43.

Denied.

44.

Denied.

45.

Denied.

46.

Admitted, but Counterclaim Defendant shows that the tuition reimbursement was a component of her compensation for the performance of her duties.

47.

Denied.

48.

Denied.

49.

Denied.

## PRAYER FOR RELIEF

To the extent that the section of the counterclaim entitled "Prayer for Relief" requires a response, Ms. Bivins denies it in its entirety. Unless specifically admitted herein, all allegations contained within the counterclaim are denied.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Defendant's Counterclaim fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant's Counterclaim is barred because none of the alleged acts or omissions of Plaintiff were the proximate cause of any injuries allegedly sustained by Defendant.

### THIRD DEFENSE

Defendant's Counterclaim is barred, in whole or in part, by the doctrines of waiver and estoppel, laches, and/or unclean hands.

### FOURTH DEFENSE

Defendant's Counterclaim is barred because Defendant has suffered no damages.

## FIFTH DEFENSE

The damages claimed by Defendant, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

## SIXTH DEFENSE

The damages claimed by Defendant, the existence of which is expressly denied, are barred to the extent that Defendant has failed to mitigate its alleged damages.

## SEVENTH DEFENSE

The Court lacks subject matter jurisdiction over Defendant's claims.

## RESERVATION OF RIGHTS

Plaintiff hereby gives notice that she intends to rely on such other defenses and affirmative defenses as might become available or apparent during discovery, and, thus, reserves the right to amend this answer to the counterclaim and serve such defenses and otherwise supplement the foregoing defenses.

WHEREFORE, having answered Defendant Clayton County, Georgia's Counterclaim and having asserted her defenses thereto, Plaintiff asks that Defendant's Counterclaim be dismissed in its entirety.

Respectfully submitted, this 14th day of September 2023.

                                             **BUCKLEY BALA WILSON MEW LLP**

By:   */s/ Paul Jay Pontrelli*
        Edward D. Buckley
        Georgia Bar No. 092750
        edbuckley@bbwmlaw.com
        Paul Jay Pontrelli
        Georgia Bar No. 583513
        jpontrelli@bbwmlaw.com
        600 Peachtree Street NE
        Suite 3900
        Atlanta, Georgia 30308
        Telephone:  (404) 781-1100
        Facsimile:   (404) 781-1101

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,       )<br>                              )<br>     Plaintiff,              )<br>                              )   CIVIL ACTION NO.:<br>vs.                           )   1:22-cv-04149-WMR<br>                              )<br>FELICIA FRANKLIN, in her individual )<br>and official capacities;      )<br>ALIEKA ANDERSON, in her individual )<br>and official capacities;      )<br>GAIL HAMBRICK, in her individual )<br>and official capacities; and  )<br>CLAYTON COUNTY, GEORGIA,      )<br>                              )<br>     Defendants.              )<br>_____) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023, I served the foregoing **PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM** on all counsel of record using the CM/ECF system which will automatically send e-mail notification to all attorneys of record.

                                                              **BUCKLEY BALA WILSON MEW LLP**

                                                              /s/ *Paul Jay Pontrelli*
                                                              Paul Jay Pontrelli
                                                              Georgia Bar No. 583513