## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:22-cv-04149-WMR |
| | ) | |
| FELICIA FRANKLIN, in her individual | ) | |
| and official capacities; | ) | |
| ALIEKA ANDERSON, in her individual | ) | |
| and official capacities; | ) | |
| GAIL HAMBRICK, in her individual | ) | |
| and official capacities; and | ) | |
| CLAYTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL

Plaintiff Ramona Thurman Bivins ("Plaintiff" or "Ms. Bivins"), by and through her undersigned counsel, files her response to the Defendants' Joint Motion to Stay Proceedings Pending Appeal. [Dkt. 67]. This Court should deny the joint motion because the alleged grounds for the notice of appeal [Dkt. 66], filed only by Defendant Hambrick, are frivolous and designed to delay the underlying proceedings. Alternatively, because three of the four defendants are not even parties to the appeal, *and especially because discovery has not even begun and there is*

*potential for spoliation of evidence during the presumed continuing delay caused by the appeal*, this Court should enter an order granting Plaintiff the right to serve limited document discovery on Defendants Franklin and Anderson while Defendant Hambrick's appeal is before the Eleventh Circuit Court of Appeals.[1]

I.  <u>*This Court should Deny the Joint motion to Stay Because the Appeal Is Frivolous*</u>

Based on the existing Eleventh Circuit law and this Court's recent ruling on the Defendants' dispositive motions, there appears to be no reasonable likelihood that Defendant Hambrick will prevail on her appeal. In its Order dated August 10, 2023 [Dkt. 61], this Court, in part, denied the Defendants' respective motions to dismiss and for judgment on the pleadings on the ground that none of the individual defendants, at this early pleading stage, is entitled to qualified immunity (the

---

[1] The Defendants wrongfully discharged Ms. Bivens on June 7, 2022. She filed her Complaint [Dkt. 1] on October 17, 2022. For civil appeals in the Eleventh Circuit, as of September 30, 2022, the median time from the filing of the appellee's brief to oral argument or submission on the briefs was 4.3 months, and the median time from the filing of a notice of appeal to the last opinion or final order was 11.8 months. https://www.uscourts.gov/sites/default/files/data_tables/jb_b4a_0930.2022.pdf Defendant Hambrick filed her notice of appeal on September 8, 2023. [Dkt. 66]. If the Hambrick appeal follows the median timeline, then a final Eleventh Circuit Court of Appeals' decision will not be entered until early September 2024—*roughly twenty-six months after Ms. Bivins was terminated and nearly two years after she filed her complaint.*

"Order").[2]

Only Defendant Hambrick has elected to appeal the Court's ruling on qualified immunity. Nevertheless, Defendant Hambrick's appeal has no basis in fact or law. In its Order, this Court correctly finds that *"[t]here is no question* that the First Amendment right of intimate association is clearly established in this Circuit." *See* Order at pp. 18-19 (emphasis added) (quoting *Gaines v. Wardynski*, 871 F.3d 1203, 1213 (11th Cir. 2017) ("The question in this case is not whether there is a First Amendment right to intimate association; there is."). The Court also finds that "*there is also no question* that government officials cannot subject government employees to adverse employment actions for exercising that right." *See* Order at p. 19 (emphasis added) (quoting *Gaines*, *id*.) ("Nor is the question whether a public employee can be subjected to an adverse employment action for exercising that right; she can't. Nor is the question whether the employee will prevail if the adverse action infringed on her right to intimate association; she will.").

The Order continues, "*as the Eleventh Circuit has emphasized*, the question here is more specific: was it clearly established in 2022 that the Defendants would violate the right of intimate association if they terminated Plaintiff because of the

---

[2] The Court also denied the dispositive motions to the extent they sought dismissal for failure to state a claim and/or judgment on the pleadings.

political association of Plaintiff's husband? *The Court finds the answer to this question is yes*." *See* Order at p. 19 (emphasis added) (citing *Gaines*, *id*.). The Order continues, "[i]n this Court's view, *the Defendants had fair notice as of 1994 that taking an adverse employment action against a government employee solely based on who that employee married would violate the First Amendment right of intimate Association*." *See* Order at p. 19 (emphasis added) (citing *McCabe v. Sharrett*, 12 F.3d 1558 (11th. Cir. 1994). Finally, this Court also finds that, when compared to the facts involved in the *McCabe* case, *supra*, "Plaintiff's allegations are *far more egregious*." *Id*. (emphasis added). Thus, it is indisputable that Plaintiff Bivins's fact allegations unequivocally show, "(1) that the defendant[s] violated her constitutional rights, and (2) that, at the time of the violation, those rights were 'clearly established . . . in light of the specific context of the case, not as a broad general proposition[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Hambrick's appeal on the qualified immunity issue is frivolous.[3] As such, the

---

[3] This response does not argue that the district court proceedings should proceed against the other three defendants simply because they did not appeal. Eleventh Circuit law seems clear that, when a *non-frivolous* appeal is pending, a stay will cover all parties where the fact allegations against all defendants are "intertwined." *K.M. v. Alabama Department of Youth Services*, 209 F.R.D. 493, 495 (M.D. Ala. 2002), *aff'd*, 73 F. App'x. 386 (11th Cir. 2003); *see also Summit Med. Assoc., P.C. v. James*, 998 F. Supp. 1339, 1342 (M.D. Ala. 1998) (staying underlying proceedings pending *non-frivolous interlocutory appeal* based on Eleventh Amendment immunity). Ms. Bivins only argues that the stay should be denied *because* it is

Court should deny the motion to stay. In ruling on an analogous motion to stay proceedings pending an interlocutory appeal of the denial of a motion to compel arbitration, the Eleventh Circuit Court of Appeals held that a district court must grant a stay unless it finds the appeal to be frivolous. *Blinco v. Green Tree Serv.*, LLC, 366 F.3d 1249, 1251 (11th Cir. 2004) ("[P]roceedings in the district court ... should be stayed pending resolution of a non-frivolous appeal from the denial of a motion to compel arbitration"). As the *Blinco* Court holds, "[T]he concern about frivolous appeals is equally applicable to appeals from the denial by a district court of entitlement of a government official to immunity ... A district court, therefore, properly stays discovery pending appeal of a denial of immunity." *Id*.

The *Blinco* decision fails to offer a definition of when an appeal is deemed "frivolous" when a district court determines whether to stay the underlying proceedings. However, the Seventh Circuit decision in *Apostol v. Gallion*, which is favorably cited in *Blinco* and which, like here, addresses an appeal from the denial of a motion to dismiss based on qualified immunity, offers helpful language. 870 F.2d 1335, 1339 (7th Cir. 1989). The *Apostol* court stated that an appeal is frivolous if "the disposition is so plainly correct that nothing can be said on the other side." *Id*. Based on the language quoted above from the Order, and clear Eleventh Circuit

---

frivolous.

law, there is "nothing that can be said on the other side."

Many Eleventh Circuit district courts have looked to *Apostol* for guidance in determining when an appeal is frivolous. *See, e.g., Summit Med. Assocs,* 998 F. Supp. at 1342 (considering appeal from denial of motion to dismiss based on qualified immunity); *see also Ferrari v. D R Horton, Inc.*, 2015 WL 12990486, *1 (N.D. Ala. Mar. 26, 2015); *Morris v. Town of Lexington*, 2013 WL 550266, **1-3 (N.D. Ala. Feb. 13, 2013); *Scott v. Miami-Dade Department of Corrections*, 2015 WL 13899814, *2 (S.D. Fla. Aug. 14, 2015) (also citing *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) ("[e]ither the court of appeals or the district court may declare that the appeal is frivolous, and if it is the District Court may carry on with the case. Otherwise, preparation for trial must be suspended until the court of appeals renders a decision.")). Moreover, a second way in which an appeal may be considered frivolous is where the district court finds that "the claim of immunity [on appeal] is a sham and asserted solely for the purpose of delay." *Summit Medical Associates, P.C. v. James*, 998 F. Supp. at 1342.[4]

---

[4] "[I]t is generally proper for a district court to stay proceedings pending an interlocutory appeal of a denial of immunity. However, the fact that a defendant files an interlocutory appeal does not render the district court powerless to retain jurisdiction over the case. Indeed, the district court may 'declare that the appeal [of immunity] is frivolous, and ... carry on with the case.' A defendant also loses their

Courts caution that just because a district court finds a defendant's arguments to be wrong, that does not necessarily indicate that the arguments are frivolous. *See generally Oxford Asset Management v. Jaharis*, 297 F.3d 1182, 1195 (11th Cir. 2002) (holding that an "argument, though ultimately rejected, was not frivolous"); *Castro v. Melchor*, 760 F.Supp.2d 970, 1002 (D. Haw. 2011) (holding that "[t]his Court stands by its ruling ... that Defendant Bauman is not entitled to qualified immunity.... This Court, however, cannot find that Defendant Bauman's claim of qualified immunity is frivolous.") (alteration supplied). However, *here*, the Court's Order, and Eleventh Circuit legal precedent, unequivocally establish that Defendant Hambrick's invocation of qualified immunity rests on the flimsiest and thinnest of imaginable reeds.[5]

II. <u>Should the Court Not Find the Appeal Frivolous or Designed Solely for Delay, Then Plaintiff Should Be Granted Limited Document Discovery with Respect to the Non-Appealing Individual Defendants</u>

Should a stay be granted, then Plaintiff requests an order allowing limited

---

right to take an interlocutory appeal when the appeal is taken for the purpose of delay." *Rigdon v. Georgia Board of Regents*, 594 F. Supp. 2d 1312, 1316 (S.D. Ga. 2008) (citations omitted); *see also Skrtich v. Thornton*, 280 F.3d 1295, 1306–07 (11th Cir. 2002).

[5] In making its determination whether to stay the proceedings, this Court should strongly consider the fact that the two other "intertwined" individual defendants (*i.e.*, Franklin and Anderson) elected not to join Hambrick in her qualified immunity appeal.

document discovery on Defendants Franklin and Anderson. A stay at this point in the litigation risks potential spoliation of evidence especially since the discovery process has not even begun and there will be at least one more year of delay. *C.f. Youth Servs.*, 209 F.R.D. at 496 (allowing plaintiffs to engage in limited discovery during the stay to prevent spoliation of evidence); *compare WBY, Inc. v. DeKalb County, Georgia*, 2016 WL 7334648, *9 (N.D. Ga. Apr. 11, 2016) ("a stay at this point in the litigation does not risk spoliation of evidence *as discovery has ended*.") (emphasis added).

In *Youth Servs*, *supra*, the district court found that, while the litigation should be stayed pending the resolution of interlocutory appeal addressing qualified immunity, the plaintiffs were entitled to collect limited discovery to preserve documents potentially central to the litigation with respect to the defendants who did not appeal the denial of qualified immunity. "Therefore, some leeway is appropriate to give the plaintiffs the assurance that this passage of time will not irrevocably prejudice their claims against the non-appealing defendants." *Id*. at 496.

The reason why limited discovery is so crucial here is because when Plaintiff served an Open Records Act (ORA) request on Clayton County, the County was unable to produce certain documents, including relevant personal texts and emails in the possession, custody, or control of the individual defendants. Plaintiff Bivins

needs to serve Defendants Franklin and Anderson with document requests that include requests for their personal emails and text messages. For example, Plaintiff knows from the County's ORA response that Defendant Anderson forwarded numerous government related emails to a personal email address. *See, e.g.*, **Ex. A**. Her personal email account is obviously relevant here.

The district court judge in *Youth Servs.* addressed the discovery issue by finding that "[b]ecause the parties are in the best position to advise the court as to how to achieve this goal with the interest of all taken into consideration, the court will order that the parties confer and submit to the court a joint "preservation" plan that satisfies the goals expressed in this order." *Id*. at 496. This Court should embrace a similar resolution here. Plaintiff Bivins suggests that ordering Defendants Franklin and Anderson to respond to the proposed document requests contained within the attached **Exhibit B** will properly address Plaintiff Bivins legitimate concerns regarding preserving evidence and avoiding spoliation.

WHEREFORE, Plaintiff asks this Court to deny the Joint Motion to Stay Proceedings Pending Appeal because Defendant Hambrick's appeal is frivolous and a sham designed solely for delay; alternatively, Plaintiff requests an order granting Plaintiff limited document discovery from Defendants Franklin and Anderson, the individuals who did not join Defendant Hambrick in her qualified immunity-based

appeal.

Respectfully submitted, this 22nd day of September 2023.

**BUCKLEY BALA WILSON MEW LLP**

By:   */s/ Paul Jay Pontrelli*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com
Paul Jay Pontrelli
Georgia Bar No. 583513
jpontrelli@bbwmlaw.com
600 Peachtree Street NE
Suite 3900
Atlanta, Georgia 30308
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

## **<u>LR 7.1(D) FONT COMPLIANCE CERTIFICATION</u>**

The undersigned counsel certifies that the within and foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION TO STAY PROCEEDINGS PENDING APPEAL** in support thereof was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 22nd day of September, 2023.

BUCKLEY BALA WILSON MEW LLP

/s/ *Paul Jay Pontrelli*
Paul Jay Pontrelli
Georgia Bar No. 583513

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:22-cv-04149-WMR |
| | ) | |
| FELICIA FRANKLIN, in her individual | ) | |
| and official capacities; | ) | |
| ALIEKA ANDERSON, in her individual | ) | |
| and official capacities; | ) | |
| GAIL HAMBRICK, in her individual | ) | |
| and official capacities; and | ) | |
| CLAYTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I served the foregoing

**PLAINTIFF'S RESPONSE TO DEFENDANTS' JOINT MOTION TO STAY**

**PROCEEDINGS PENDING APPEAL** on all counsel of record using the CM/ECF

system which will automatically send e-mail notification to all attorneys of record.

BUCKLEY BALA WILSON MEW LLP

/s/ *Paul Jay Pontrelli*
Paul Jay Pontrelli
Georgia Bar No. 583513