IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,<br><br>Plaintiff,<br><br>v.<br><br>FELICIA FRANKLIN, in her individual and official capacities; ALIEKA ANDERSON, in her individual and official capacities; GAIL HAMBRICK, in her individual and official capacities; and CLAYTON COUNTY, GEORGIA,<br><br>Defendants. | CIVIL ACTION NO.<br>1:22-cv-4149-WMR |

## ORDER

Before the Court is Defendant Felicia Franklin's, Alieka Anderson's, Gail Hambrick's, and Clayton County's (collectively "Defendants") Joint Motion to Stay Proceedings Pending Appeal. [Doc. 67]. Also before the Court is Plaintiff Ramona Thurman Bivins's Response to Defendants' Motion. [Doc. 74]. For the reasons stated below, the Court **DENIES** Defendants' Motion to the extent it requests discovery be stayed in its entirety. However, the Court **GRANTS** Defendants' Motion insofar as it requests that proceedings be stayed while Defendant Hambrick's appeal is pending before the Eleventh Circuit.

1

I.   **Background**

The Court incorporates the Background portion of its Order of August 10, 2023, [Doc. 61], into this Order as if set forth fully herein, and adds only those background facts that are relevant to the instant Motion.

After Plaintiff served her Complaint, Defendants Hambrick and Clayton County filed a Motion to Dismiss, [Doc. 22], Defendant Anderson filed a Motion for Judgment on the Pleadings, [Doc. 29], and Defendant Franklin filed a Motion for Judgment on the Pleadings. [Doc. 44]. In its Order of August 10, 2023, the Court denied Defendants' motions, holding that Plaintiff had pled sufficient factual allegations to state a First Amendment claim against Defendants. [Doc. 61 at 7–17]. The Court also held that the individual Defendants were not entitled to qualified immunity because it was clearly established law that terminating Plaintiff for her husband's political association would violate Plaintiff's right of intimate association. [*Id.* at 19]. Finally, the Court denied Defendant Clayton County's motion to dismiss Plaintiff's breach of contract claim against it. [*Id.* at 25–26].

Following the Court's Order, Defendant Clayton County filed counterclaims against Plaintiff for unjust enrichment in connection with a program that the County allegedly paid for Plaintiff to attend and seeking a declaratory judgment that the Employment Agreement it had with Plaintiff was *ultra vires* and void. [Doc. 62 at 43–47]. Defendant Hambrick has also appealed the Court's finding that she is not

entitled to qualified immunity. [Doc. 66]. In conjunction with that appeal, Defendants filed the Joint Motion to Stay Proceedings Pending Appeal. [Doc. 67].

Defendants argue in their Motion, pursuant to Federal Rule of Civil Procedure 8, that the Court should stay all proceedings—including discovery—while Defendant Hambrick's appeal is before the Eleventh Circuit. [*Id.* at 1]. Defendants reason that if Defendant Hambrick is successful on appeal, Plaintiff's First Amendment claim would be no longer viable against any of the Defendants. [*Id.* at 3]. Thus, for the sake of judicial economy and to avoid subjecting Defendants to a "two front war," Defendants argue the case should be stayed. [*Id.*]. Finally, Defendants argue that because Plaintiff's breach of contract claim and Clayton County's counterclaims are "inextricably intertwined with" the First Amendment issues, discovery on those claims should be stayed too. [*Id.* at 4–5].

Plaintiff, on the other hand, argues that the case should proceed, or alternatively, that limited discovery should be allowed. [Doc. 74 at 1–2]. In support of her argument, Plaintiff claims that Defendant Hambrick's appeal is legally frivolous and designed to delay the underlying proceedings in this Court. [*Id.*]. Plaintiff also argues that staying discovery—which has not yet begun—would result in lost evidence, as Defendant Hambrick's appeal may not be decided for many months. [*Id.* at 2].

3

## II.   Discussion

Federal Rule of Civil Procedure Rule 8 provides that a party must ordinarily move for the district court to stay proceedings pending appeal. Fed. R. Civ. Pro. 8(a)(1)(A). While the Supreme Court has cautioned that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously," the Court has also noted that the filing of a notice of appeal only "divests the district court of its control over *those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 56 (1982) (emphasis added). Ultimately, the district court "has the inherent power to control their own dockets, including the power to stay proceedings." *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). And, in determining whether to grant a stay, courts consider "(1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case; and (3) whether discovery is complete and a trial date has been set." *Tomco*, 542 F. Supp. 2d at 1307. "The Court must weigh each factor and determine if a stay will serve the interests of justice." *Id.*

Considering the factors above, the Court finds that it will not serve the interests of justice to stay all discovery in this case, as Defendants request. First, Plaintiff would be prejudiced and placed at a tactical disadvantage if she were denied

4

discovery for possibly a year or more while the Eleventh Circuit considers the appeal. "During the appeal memories fade, attorneys' meters tick, judges' schedules become chaotic (to the detriment of litigants in other cases)[, and p]laintiffs' entitlements may be lost or undermined." *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989); *see also Durling v. Credit Corp Sols., Inc.*, 2021 WL 2885879 at *1 (S.D. Fla. July 8, 2021) (denying a motion to stay after finding that "a stay may prejudice Plaintiff as witness' memories fade [and] documents are lost"). This is especially true where, as here, "the party opposing the stay has other claims pending that are not dependent on the validity of the [appeal] but will nevertheless be put on hold during the stay." *Tomco*, 542 F. Supp. 2d at 1308. Considering the significant risk that evidence may be lost, and because Plaintiff's breach of contract claim and Clayton County's counterclaims are not dependent on the outcome of the appeal, the interests of justice weigh against issuing a blanket stay in this action.

Nor does consideration of the final two factors convince the Court otherwise. Granting a stay here will not simplify the issues in any meaningful way because unresolved issues as to Plaintiff's breach of contract claim and Clayton County's counterclaims will remain after the appeal. Additionally, this litigation is still in its infancy. Although a set trial date could indicate that litigation has progressed too far for a stay, *Tomco*, 542 F. Supp. 2d at 1312, the same can be true when the issues have not yet had an opportunity to develop, for example, through discovery. No

discovery has taken place in this case, and if Plaintiff is unable to engage in discovery for what could be another year, she may lose evidence that is crucial for her claims that are not on appeal.

In conclusion, the Court finds it appropriate to "allow discovery to proceed, to the extent that discovery does not delve into immunity issues. The Eleventh Circuit Court of Appeals requires nothing else." *Foster v. Advanced Corr. Healthcare, Inc.*, 2019 WL 861121 at *1 (N.D. Ala. Feb. 22, 2019). Thus, the Court will stay proceedings in this case while Defendant Hambrick's appeal is pending before the Eleventh Circuit, but discovery shall proceed as to any issues that are not pending on appeal.[1] Stated differently, discovery is limited in scope to matters that are arguably related to any issue besides the issue of Defendants' qualified immunity.[2]

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Joint Motion to Stay Proceedings Pending Appeal, [Doc. 67], to the extent it requests discovery be stayed in its entirety. However, the Court **GRANTS** Defendants' Motion insofar as

---

[1] Although the Court is staying proceedings in this case, the Court will entertain any discovery disputes as to the discovery of issues not on appeal during the pendency of the appeal.

[2] The Court acknowledges that there may be unavoidable overlap between materials that are discoverable for issues that were not appealed and materials that are relevant to the qualified immunity claim that is on appeal. Nevertheless, discovery is proper so long as it is arguably related to an issue that is not appeal.

it requests that proceedings be stayed while Defendant Hambrick's appeal is pending before the Eleventh Circuit.

**IT IS SO ORDERED**, this 4th day of October, 2023.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE