**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:22-cv-04149-WMR |
| | ) | |
| FELICIA FRANKLIN, in her individual | ) | |
| and official capacities; | ) | |
| ALIEKA ANDERSON, in her individual | ) | |
| and official capacities; | ) | |
| GAIL HAMBRICK, in her individual | ) | |
| and official capacities; and | ) | |
| CLAYTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff Ramona Thurman Bivins ("Ms. Bivins") and Defendants Felicia

Franklin ("Franklin"); Alieka Anderson ("Anderson"); Gail Hambrick

("Hambrick"); and Clayton County, Georgia ("County") (collectively

"Defendants"), by and through their undersigned counsel, file their Joint Preliminary

Report and Discovery Plan, pursuant to LR 16.2, stating as follows:

1.    **Description of Case:**

(a)    **Describe briefly the nature of this action.**

Plaintiff has brought an action for First Amendment violations against all four Defendants. Plaintiff alleges that the Defendants took specific adverse employment actions against her in retaliation for Plaintiff's husband's political speech because of Plaintiff's and her husband's intimate association as a married couple, which Plaintiff alleges to be a substantial motivating factor for the adverse actions taken. Plaintiff alleges that Defendants' adverse employment actions violated Plaintiff's First Amendment right to intimate expression. Defendants deny liability. Plaintiff also asserts a breach of contract claim against Defendant Clayton County, which will include breaches of the implied covenant of good faith and fair dealing, that arises out of a June 2019 employment agreement. Plaintiff seeks the lump sum payment of a severance amount provided for within her contract with Clayton County, plus bad faith attorneys' fees. The County has asserted a counterclaim against the Plaintiff for declaratory judgment and unjust enrichment that arises out of that same employment agreement and employment relationship. Certain of the Defendants maintain that Plaintiff's position with Clayton County was never properly created and that Plaintiff's employment agreement was void.

**(b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

<u>**Plaintiff's Response:**</u>

Ramona Thurman Bivins's (Ms. Bivins) complaint arises out of certain events occurring before, during and after a June 7, 2022, meeting of the Clayton County Board of Commissioners (the Board). At this meeting, the individual Defendants and Clayton County violated Ms. Bivins's First Amendment right to "intimate expression." This constitutional violation occurred when a Board majority (Defendants Ms. Hambrick, Ms. Anderson, and Ms. Franklin) voted to terminate Ms. Bivins's written employment agreement as Clayton County's Chief Financial Officer (CFO) and to terminate her employment.

Ms. Bivins's termination was wrongful, substantially motivated by Plaintiff's intimate association (marriage) with her husband and in retaliation for her husband's political speech and conduct. Ms. Bivins alleges that her husband actively supported the reelection campaign of an incumbent Board member whose continuing Board service Defendants Hambrick, Anderson and Franklin opposed. The three individual Defendants supported another candidate, and these three Defendants knew that Bivins's husband: 1) was campaigning actively for the incumbent candidate; and 2)

had participated in reporting an alleged theft of his favored candidate's campaign signs by the opposing candidate's campaign.

Defendants' termination of Ms. Bivins's written employment agreement is based on the manufactured and pretextual position that it is *ultra vires* and, consequently, void. Clayton County argues the employment agreement is ultra vires because it violates Georgia's statutory prohibition that "[o]ne council may not, by an ordinance, bind itself or its successors so as to prevent legislation in matters of municipal government." See O.C.G.A. § 36-30-3(a). Asserting that the statutory prohibition applies equally to government contracts like the Bivins's employment agreement, Clayton County states it is not liable for the contract's early termination severance lump sum—six months of Bivins's annual salary. The County argues that severance is a financial burden (disincentive) that prevents any later elected board from terminating Bivins's employment agreement.

Ms. Bivins counters that the Defendants' contrivance is evidenced in part by the fact that, as of June 2022, the County's Chief Operating Officer was party to a similar written multi-year contract that subsequent elected Boards have never declared ultra vires and void. Ms. Bivins was unjustifiably singled out and targeted in retaliation for her husband's political activities. Because of the wrongful termination of her employment agreement, and her subsequent discharge, as well as

4

the Board's refusal to honor certain benefits afforded Ms. Bivins under the agreement, in particular the specified lump sum severance payment, Ms. Bivins also sues the County for breach of contract. The County has filed a counterclaim (discussed below).

**Defendants' Response:**

Plaintiff Ramona Bivins was previously employed as Chief Financial Officer for the Clayton County Board of Commissioners. On June 7, 2022, Plaintiff's contract was terminated via a majority vote (3-2) of the Clayton County Board of Commissioners. By the same majority vote, the Board of Commissioners declared Plaintiff's contract *ultra vires*. The Commissioners who voted in favor of terminating Plaintiff's contract and declaring the contract *ultra vires* are the individual defendants named in this action – Commissioners Felicia Franklin, Alieka Anderson, and Gail Hambrick, who are sued in their individual capacities (collectively "the Individual Defendants"). The Individual Defendants deny that they were motivated by any improper, unconstitutional, or otherwise legally actionable motive when they cast their votes in favor of terminating Plaintiff's contract and declaring the contract *ultra vires*. Additionally, the Individual Defendants assert that they are entitled to qualified immunity for any claims against them arising out of their votes cast at the June 7, 2022 meeting of the Clayton County Board of

Commissioners, because their conduct did not violate Plaintiff's constitutional rights and because their conduct did not violate clearly established law.

Defendant Clayton County denies that it can be held liable for Plaintiff's First Amendment Retaliation Claim because Plaintiff cannot show that Plaintiff experienced adverse employment action pursuant to an official policy or practice – which, in this case, can only be shown if a majority of the Individual Defendants shared an improper or illegal motive in casting their votes. Moreover, Defendant Clayton County shows that Plaintiff's breach of contract claim must fail because the contract was void as a matter of law due to its 3-year term, which impermissibly binds successor legislative bodies pursuant to O.C.G.A. § 36-30-3(a). The employment contract in question was for a three-year term, starting on July 1, 2019 and ending June 30, 2022. The makeup of the Board of Commissioners changed between the time that the contract was approved and the time that the contract was terminated and declared *ultra vires*.[1]

Defendant Clayton County also asserts a counterclaim against Plaintiff for declaratory judgment and unjust enrichment that arises from Plaintiff's demand for

---

[1] Defendants Franklin and Anderson raise an additional ground under which the contract may be void as a matter of law, based on the Clayton County Board of Commissioners' failure to lawfully create the position of CFO pursuant to the Georgia Constitution's home rule dictates. See GA CONST. Art. 9, § 2, ¶ 1.

payment of severance pursuant to the employment contract and based on the County's payment of approximately $37,402.00 for tuition and transcript fees for Plaintiff to attend courses at Vanderbilt University in furtherance of obtaining a doctoral degree. The County seeks a declaration that the contract was *ultra vires* and void, such that the severance clause in the contract is not enforceable. Additionally, Defendant Clayton County seeks an order requiring Plaintiff to reimburse the County for payment of her Vanderbilt tuition and transcript fees on the basis that she was unjustly enriched by said payments.

    **(c)**    **The legal issues to be tried are as follows:**

    i) Are Defendants liable to Plaintiff for violating her First Amendment Rights and, if so, the damages to which Plaintiff is entitled and the amounts as to each Defendant, whether individually or jointly and severally;

    ii)    Are the Individual Defendants entitled to qualified immunity;

    iii)    Is Plaintiff's June 2019 employment agreement *ultra vires* and/or void as a matter of law;

    (iv)    Was the position of CFO in Clayton County lawfully created;

    iv)    If the employment agreement is not *ultra vires* or void, did the County breach the June 2019 contract;

> v)    Is Clayton County entitled to recover on its counterclaim for unjust enrichment; and,
>
> vi)    Damages, if any, for the breach of contract claim and counterclaim.

**(d)    The cases listed below (include both style and action number) are:**

> (1)    Pending Related Cases: <u>None</u>. However, Defendant Hambrick has appealed the denial of her Motion to Dismiss to the Eleventh Circuit, and that appeal remains pending at this time (Appeal No. 23-13029).
>
> (2)    Previously Adjudicated Related Cases: <u>None</u>.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):** This case is not factually or legally complex, however the parties request an extended discovery period as outlined below.

___ (1)  Unusually large numbers of parties
___ (2)  Unusually large number of claims or defenses
___ (3)  Factual issues are exceptionally complex
___ (4)  Greater than normal volume of evidence
**X**__ (5)  Extended discovery period is needed
___ (6)  Problems locating or preserving evidence
___ (7)  Pending parallel investigations or action by government
___ (8)  Multiple use of experts
___ (9)  Need for discovery outside United States boundaries
___ (10) Existence of highly technical issues and proof

3.    **Counsel:**

The following individually named attorneys are hereby designated as lead counsel for the parties:

<u>**Plaintiff:**</u>
Edward D. Buckley
P. Jay Pontrelli
Buckley Bala Wilson Mew LLP
600 Peachtree Street, N.E., Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
edbuckley@bbwmlaw.com
jpontrelli@bbwmlaw.com

<u>**Defendants:**</u>

*For Defendant Felicia Franklin*:

Ken E. Jarrard
Jarrard & Davis LLP
222 Webb Street
Cumming, Georgia 30040
(678) 455-7150
kjarrard@jarrard-davis.com

*For Defendant Alieka Anderson*:

Randall C. Farmer
Gregory, Doyle, Calhoun & Rogers, LLC
49 Atlanta Street
Marietta, Georgia 30060
(770) 422-1776
rfarmer@gregorydoylefirm.com

*For Defendants Gail Hambrick and Clayton County*:

Jack R. Hancock
Jack.hancock@fmglaw.com
John D. Bennett
Jbennett@fmglaw.com
Ali Sabzevari
asabzevari@fmglaw.com
Kirsten S. Daughdril
Kirsten.Daughdril@fmglaw.com
Freeman Mathis & Gary, LLP
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000

**4.    Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

_____ Yes

  **X**  No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.    Parties to This Action:**

(a)    The following persons are necessary parties who have not been joined:

**N/A.**

(b)    The following persons are improperly joined as parties:

**N/A.**

(c)    The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**N/A.**

(d)    The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings which the parties anticipate will be necessary:

**None**.

(b)    Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning

11

of discovery unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1.A(2).

(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)  *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)  *Motions Objecting to Expert Testimony: Daubert* motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.  Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

The parties will serve their Initial Disclosure within two weeks after their submission of the Joint Preliminary and Planning Report to the Court.

NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

## 9.  Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**N/A.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three (3) discovery tracks: (a) zero-month discovery period, (b) four-month discovery period, and (c) eight month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**1.    Plaintiff's claims and damages;**

**2.    Defendants' defenses.**

**3.    Clayton County's counterclaims and damages**

**4.    Plaintiff's defenses to the counterclaim.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Per order of the District Court dated October 2, 2023 (Doc. 78), the parties

may conduct limited discovery while Defendant Hambrick's appeal on qualified

immunity is pending before the Eleventh Circuit Court of Appeals. The parties

anticipate that party depositions as to the First Amendment claims and defenses may

be deferred until after the disposition of Ms. Hambrick's appeal. Written discovery will commence immediately, however, except as to Defendant Hambrick.

This case involves four Defendants, and it is unknown currently which Defendants possess documents and/or ESI relevant to Plaintiff's case. Additionally, based on the pending appeal, the parties anticipate that additional time may be needed to conduct depositions. To that end, the parties request a six-month discovery track.

**11.     Discovery Limitation:**

    (a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

Pursuant to Fed. R. Civ. P. 5(b)(2)(e), the parties consent to service by electronic means with respect to discovery requests and responses, in which event such service is complete upon transmission. The parties suggest no additional limitations.

    (b)    Is any party seeking discovery of electronically stored information?

   **X**   Yes                   ____   No

If "yes,"

    (1)    **The parties have discussed the sources and scope of the production of electronically stored information and have**

14

**agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree to exchange discovery electronically and will initially provide documents as searchable PDF's, with attachments to any electronic communications produced immediately after the communication to which it was attached and without limitation or waiver of any party's right to seek ESI in native format. Provided, excel sheets shall be produced in their native format.

(2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties agree to exchange discovery electronically and will initially provide documents as searchable PDF's, with attachments to any electronic communications produced immediately after the communication to which it was attached and without limitation or waiver of any party's right to seek ESI in native format. Provided, excel sheets shall be produced in their native format.

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**None currently**.

15

13.    **Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 18- 2023, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff:

Lead counsel (signature): */s/ Edward D. Buckley*
Other participants: P. Jay Pontrelli

For Defendant Felicia Franklin:

Lead counsel (signature): */s/ Ken E. Jarrard*
Other participants: Melissa A. Tracy

For Defendant Alieka Anderson:

Lead counsel (signature): */s/ Randall C. Farmer*

For Defendants Gail Hambrick and Clayton County:

Lead counsel (signature): */s/ Kirsten S. Daughdril*
*Other participants: John D. Bennett*

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:
(__)    A possibility of settlement before discovery is completed.
(X)    A possibility of settlement after discovery.
(__)    A possibility of settlement, but a conference with the judge is needed.
(__)    No possibility of settlement.

(c)    Counsel (_**X**_ ) do or (__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference: To be determined,

depending on disposition of Defendant Hambrick's appeal.

(d)     The following specific problems have created a hindrance to settlement of this case.

Defendant Hambrick's appeal may delay settlement negotiations.

## 14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)     The parties   (___)   do consent to having this case tried before a magistrate judge of this Court in a jury trial. A completed Consent to Jurisdiction by a United States Magistrate Judge form will be submitted to the Clerk of the Court.

(b)     The parties (_X_) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 18th day of January 2024.

/s/ Edward D. Buckley
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com
Paul Jay Pontrelli
Georgia Bar No. 583513
jpontrelli@bbwmlaw.com

**BUCKLEY BALA WILSON MEW
LLP**
600 Peachtree Street, NE, Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101

ATTORNEYS FOR PLAINTIFF

/s/Randall C. Farmer (w/express
permission)
Randall C. Farmer
Georgia Bar Number 255345
rfarmer@gregorydoylefirm.com

**GREGORY, DOYLE,
CALHOUN, & ROGERS, LLC**
49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155

ATTORNEYS FOR DEFENDANT
ALIEKA ANDERSON

/s/ Ken E. Jarrad (w/express permission)
Ken E. Jarrard
Georgia Bar No. 389550
kjarrad@jarrard-davis.com
Melissa A. Tracy
Georgia Bar No. 714477
mtracy@jarrard-davis.com

**JARRARD & DAVIS, LLP**
222 Webb Street
Cumming, Georgia 30040
(678) 455- 7150

ATTORNEYS FOR DEFENDANT
FELICIA FRANKLIN

*s/ Kirsten S. Daughdril (w/express permission)*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com


**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960

ATTORNEYS FOR DEFENDANTS GAIL HAMBRICK AND CLAYTON
COUNTY, GEORGIA

\* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____ 2024

_____
The Honorable William M. Ray, II
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RAMONA THURMAN BIVINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | 1:22-cv-04149-WMR |
| | ) | |
| FELICIA FRANKLIN, in her individual | ) | |
| and official capacities; | ) | |
| ALIEKA ANDERSON, in her individual | ) | |
| and official capacities; | ) | |
| GAIL HAMBRICK, in her individual | ) | |
| and official capacities; and | ) | |
| CLAYTON COUNTY, GEORGIA, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed the foregoing **Joint Preliminary Report and Discovery Plan** using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

A. Ali Sabzevari - asabzevari@fmglaw.com
Kirsten S. Daughdril - kirsten.daughdril@fmglaw.com
John D. Bennett - jbennett@fmglaw.com
Jack R. Hancock - jhancock@fmglaw.com
Ken E. Jarrard - kjarrard@jarrard-davis.com

Melissa A. Tracy - mtracy@jarrard-davis.com
Randall C. Farmer - rfarmer@gdcrlaw.com

**BUCKLEY BALA WILSON MEW LLC**

*/s/ Paul Jay Pontrelli*
Paul Jay Pontrelli
Georgia Bar No. 583513
jpontrelli@bbwmlaw.com
*Attorney for Plaintiff*

600 Peachtree Street, NE
Suite 3900
Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile:  (404) 781-1101