IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,<br><br>     Plaintiff,<br><br>vs.<br><br>FELICIA FRANKLIN, in her individual and official capacities;<br>ALIEKA ANDERSON, in her individual and official capacities;<br>GAIL HAMBRICK, in her individual and official capacities; and<br>CLAYTON COUNTY, GEORGIA,<br><br>     Defendants. | CIVIL ACTION NO.:<br>1:22-cv-04149-WMR |

### DEFENDANTS CLAYTON COUNTY, GEORGIA AND GAIL HAMBRICK'S INITIAL DISCLOSURES

COME NOW Defendants Clayton County, Georgia ("the County") and Gail Hambrick in her individual capacity (collectively "Defendants") by and through counsel, and pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, submits their initial disclosures as follows:

**(1)     If the Defendant is improperly identified, state Defendant's correct identification and state whether Defendant will accept service of an amended**

**summons and complaint reflecting the information furnished in this disclosure response.**

N/A

**(2) Provide the names of any parties whom Defendant contends are necessary parties to this action, but who have not been named by Plaintiff. If Defendant contends that there is a question of misjoinder of parties, provide the reasons for Defendant's contention.**

At this time, Defendants are unaware of any necessary parties who have not been joined.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by Defendant in the responsive pleading.**

Defendant Gail Hambrick's decisions to vote as member of the Clayton County Board of Commissioners not to renew Plaintiff's Employment Agreement, to terminate Plaintiff's Agreement, and to declare the Agreement ultra vires were completely unrelated to Plaintiff's husband's alleged political activity. Plaintiff will be unable to establish that Defendant Hambrick's votes in this case were motivated by an unconstitutional motive and violated Plaintiff's First Amendment right of intimate association.

Additionally, Plaintiff will be unable to overcome Defendant Hambrick's qualified immunity for Plaintiff's First Amendment retaliation claim. Specifically, there is no clearly established law that would have put Defendant Hambrick on notice that any of her actions (or alleged actions) under the facts of this case violated Plaintiff's First Amendment rights. Accordingly, Defendant Hambrick has qualified immunity from Plaintiff's First Amendment retaliation claim.

Plaintiff will also be unable to establish that Defendant Hambrick acted with "malice" or "reckless indifference" to Plaintiff's First Amendment rights, and Plaintiff, therefore, is not entitled to punitive damages or attorney's fees.

Plaintiff's inability to establish an unconstitutional motive for Defendant Hambrick insulates the County from liability for Plaintiff's First Amendment retaliation claim because an alleged unconstitutional motive on the part of only two members of a three-member majority is not sufficient to impute unconstitutional motive to the County as a whole.

The County did not breach its contract in failing to pay Plaintiff severance because, under Georgia law, the Employment Agreement was not a lawful contract. Instead, the Agreement was ultra vires and therefore void. Accordingly, the County did not have the authority or legal obligation to pay Plaintiff severance.

Defendant Clayton County brings a counterclaim against Plaintiff seeking declaratory judgment and reimbursement of the approximate $37,402.00 it paid

Vanderbilt University for her to attend the Leadership and Learning in Organizations program ("Vanderbilt Program"), which consists of 54 credit hours and is designed to be completed in three to four years. Plaintiff began the Vanderbilt Program in May 2021 and was scheduled to complete it in or around December 2024. The completion of the Vanderbilt Program leads to a Doctor of Education degree.  Even if the Employment Agreement was a valid contract (it is not), it only allowed the Plaintiff to take "short courses, institutes, or seminars" – not a three-year doctoral program such as the Vanderbilt Program.  Neither the Agreement nor the Clayton County Board of Commissioners authorized payment of tuition for Plaintiff to attend the Vanderbilt Program. Plaintiff received a significant and substantial benefit from attending the Vanderbilt Program to which she was not entitled.  Defendant Clayton County, therefore, seeks a declaratory judgment that the Employment Agreement was ultra vires and void and that the County was not authorized to enter into the Agreement.

Additionally, Defendant Clayton County brings an action for unjust enrichment against Plaintiff.  Specifically, Defendant Clayton County seeks reimbursement of the benefit that Plaintiff received under the ultra vires Agreement, i.e., the tuition payments the County paid for her to attend the Vanderbilt Program.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Defendant contends are applicable to this action.**

Illustrative authorities include but are not limited to the following:

- First Amendment of the United States Constitution and interpreting case law.

- 42 U.S.C. §§ 1983 and 1988 and interpreting case law, including case law detailing the principles and parameters of qualified immunity.

- Case law detailing the principles and parameters of Plaintiff's claims for attorney's fees and punitive damages.

- Case law detailing the principles and parameters of Plaintiff's state law breach of contract claim.

- Case law detailing the principles and parameters of Defendant Clayton County's state law counterclaim for declaratory judgment.

- Case law detailing the principles and parameters of Defendant Clayton County's state law claim counterclaim for unjust enrichment.

Defendants' research, investigation, and discovery is ongoing, and they reserves the right to supplement these disclosures with additional legal authority.

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed**

**facts alleged with particularity in the pleadings, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)**

<u>See</u> Attachment A.

**(6)     Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

<u>See</u> Attachment B.

**(7)     Provide a copy of, or description by category and location of all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claim or defenses unless solely for impeachment, identifying the subjects of the information.  (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

<u>See</u> Attachment C.

**(8)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered,**

**making such documents or evidentiary material available for inspection and copying under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

<u>See</u> Attachment D.

**(9) If Defendant contends that some other person or legal entity is, in whole or in part, liable to the Plaintiff or Defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

At this time, other than Plaintiff for purposes of Defendant Clayton County's counterclaim, Defendants are unaware of any other person or legal entity liable to Plaintiff or Defendants in this matter.

**(10) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

<u>See</u> Attachment E.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Kirsten S. Daughdril*
Jack R. Hancock
Georgia Bar No. 322450
Jack.hancock@fmglaw.com
Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com
John D. Bennett
Georgia Bar No. 059212
jbennett@fmglaw.com
Kirsten S. Daughdril
Georgia Bar No. 633350
Kirsten.daughdril@fmglaw.com

*Attorneys for Defendants Clayton County, Georgia and Gail Hambrick*

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960

## CERTIFICATE OF SERVICE

I hereby certify that I have submitted the foregoing **DEFENDANTS' INITIAL DISCLOSURES** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants.

This 2nd day of February, 2024.

                                                        FREEMAN MATHIS & GARY, LLP

                                                        */s/ Kirsten S. Daughdril*
                                                        Kirsten S. Daughdril
                                                        Georgia Bar No. 633350

100 Galleria Parkway, Suite 1600
Atlanta, Georgia 30339-5948
T: 770.818.0000
F: 770.937.9960