UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,   )<br>)<br>    Plaintiff,   )<br>)<br>)<br>vs.   )<br>)<br>FELICIA FRANKLIN, in her individual )<br>and official capacities;   )<br>ALIEKA ANDERSON, in her individual)<br>and official capacities;   )<br>GAIL HAMBRICK, in her individual   )<br>and official capacities; and   )<br>CLAYTON COUNTY, GEORGIA,   )<br>)<br>    Defendants.   )<br>_____) | CIVIL ACTION NO.:<br>1:22-cv-04149-WMR |

## **PLAINTIFF'S INITIAL DISCLOSURES**

Plaintiff Ramona Thurman Bivins (hereinafter "Plaintiff" or "Ms. Bivins") hereby submits her Initial Disclosures.

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

### Cause of action

Plaintiff has brought an action for First Amendment violations against all

four Defendants. Plaintiff alleges that the Defendants took specific adverse employment actions against her in retaliation for Plaintiff's husband's political speech because of Plaintiff's and her husband's intimate association as a married couple, which Plaintiff alleges to be a substantial motivating factor for the adverse actions taken. Plaintiff alleges that Defendants' adverse employment actions violated Plaintiff's First Amendment right to intimate expression. Defendants deny liability. Plaintiff also asserts a breach of contract claim against Defendant Clayton County, which will include breaches of the implied covenant of good faith and fair dealing, that arises out of a June 2019 employment agreement. Plaintiff seeks the lump sum payment of a severance amount provided for within her contract with Clayton County, plus bad faith attorneys' fees. The County has asserted a counterclaim against the Plaintiff for declaratory judgment and unjust enrichment that arises out of that same employment agreement and employment relationship. Certain of the Defendants maintain that Plaintiff's position with Clayton County was never properly created and that Plaintiff's employment agreement was void.

**Brief factual outline**

Plaintiff's Complaint arises out of certain events occurring before, during and after a June 7, 2022, meeting of the Clayton County Board of Commissioners (the Board). At this meeting, the individual Defendants and Clayton County

violated Ms. Bivins's First Amendment right to "intimate association." This constitutional violation occurred when a Board majority (Defendants Ms. Hambrick, Ms. Anderson, and Ms. Franklin) voted to terminate Ms. Bivins's written employment agreement as Clayton County's Chief Financial Officer (CFO) and to terminate her employment.

Ms. Bivins's termination was wrongful, substantially motivated by Plaintiff's intimate association—marriage--with her husband and in retaliation for his political speech and conduct. Defendants terminated Ms. Bivins and voided her employment contract because of her marriage and these actions unlawfully intruded on the marriage.

Ms. Bivins alleges that her husband actively supported the reelection campaign of an incumbent Board member whose continuing Board service Defendants Hambrick, Anderson and Franklin opposed. The three individual Defendants supported another candidate, and these three Defendants knew and resented the fact that Bivins's husband: 1) was campaigning actively for the incumbent candidate; and 2) had participated in reporting an alleged theft of his favored candidate's campaign signs by the opposing candidate's campaign.

Defendants' termination of Ms. Bivins's written employment agreement is based on the manufactured and pretextual position that it is *ultra vires* and,

consequently, void. Clayton County argues the employment agreement is ultra vires because it violates Georgia's statutory prohibition that "[o]ne council may not, by an ordinance, bind itself or its successors so as to prevent legislation in matters of municipal government." See O.C.G.A. § 36-30-3(a). Asserting that the statutory prohibition applies equally to government contracts like the Bivins's employment agreement, Clayton County states it is not liable for the contract's early termination severance lump sum—six months of Bivins's annual salary. The County argues that severance is a financial burden (disincentive) that prevents any later elected board from terminating Bivins's employment agreement.

Ms. Bivins counters that the Defendants' contrivance is evidenced in part by the fact that, as of June 2022, the County's Chief Operating Officer was party to a similar written multi-year contract that subsequent elected Boards have never declared *ultra vires* and void. Ms. Bivins was unjustifiably singled out and targeted in retaliation for her husband's political activities. Because of the wrongful termination of her employment agreement, and her contemporaneous firing, as well as the Board's refusal to honor certain benefits afforded Ms. Bivins under the agreement, in particular the specified lump sum severance payment, Ms. Bivins also sues the County for breach of contract. The County has filed a counterclaim.

**Legal Issues**

i) Are Defendants liable to Plaintiff for violating her First Amendment Rights and, if so, the damages to which Plaintiff is entitled and the amounts as to each Defendant, whether individually or jointly and severally;

ii) Are the Individual Defendants entitled to qualified immunity;

iii) Is Plaintiff's June 2019 employment agreement *ultra vires* and/or void as a matter of law;

(iv) Was the position of CFO in Clayton County lawfully created;

iv) If the employment agreement is not *ultra vires* or void, did the County breach the June 2019 contract;

v) Is Clayton County entitled to recover on its counterclaim for unjust enrichment; and,

vi) Damages, if any, for the breach of contract claim and counterclaim.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

Plaintiff notes that this list of authority is not exclusive and anticipates the

need to rely upon additional authority as this litigation progresses:

*Hatcher v. Bd. of Pub. Educ. & Orphanage for Bibb Cty.*, 809 F.2d 1546, 1558 (11th Cir. 1987) (First Amendment freedom of association); *Gaines v. Wardynski*, 871 F.3d 1203, 1212–13 (11th Cir. 2017) (elements of a First Amendment intimate association retaliation claim); *McCabe v. Sharrett*, 12 F.3d 1558 (11th Cir. 1994) (First Amendment prohibits the State from impermissibly burdening an employee's marriage and right to intimate association with spouse); *Roberts v. United States Jaycees*, 468 U.S. 609, 617–18 (1984); *Chesser v. Sparks*, 248 F.3d 1117, 1124 (11th Cir. 2001) ("'At a minimum, the right of intimate association encompasses the personal relationships that attend the creation and sustenance of a family—[specifically] marriage....'"); U.S. Const. amend. I. For a constitutional right to be clearly established so that qualified immunity does not apply, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

**(3)     Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial**

**Disclosures as Attachment A.)**

*See* Attachment A.

**(4)    Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)**

Plaintiff has not retained an expert witness. Plaintiff will amend this response if and when she does so.

**(5)    Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

*See* Attachment C.

**(6)    In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by**

**category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

Plaintiff has not yet determined the full amount of damages to which she is entitled, but makes claim for the following categories of damages:

*Back Pay:* Plaintiff seeks full back pay defined in its usual broad sense to include all lost wages and all benefits reducible to dollar value, as well as all wage and benefits increases Plaintiff reasonably would have received absent her termination, less appropriately counted amounts earned in mitigation, through the date of a verdict in her favor. Plaintiff requires discovery to determine any pay increases or benefits she would have received had she not been subject to unlawful discrimination and retaliation and retained her employment. Plaintiff reserves the right to amend or supplement her back pay calculation as discovery progresses.

*Front Pay*: Plaintiff seeks front pay as the continuation of Plaintiff's back pay from the date of a jury verdict and continuing into the future for a period of time to be determined by the Court.

*Compensatory Damages:* Plaintiff seeks compensation for non-monetary losses, including her emotional distress. Plaintiff will ask the jury to award an amount of money for emotional pain and suffering that will fairly compensate her for the mental and physical pain and suffering endured as a result of the unlawful acts of the Defendants. Plaintiff seeks the maximum amount allowed by law.

*Punitive Damages*: Plaintiffs seek punitive damages from the individual Defendants in an amount commensurate with the harm done and calculated to be sufficient to deter such conduct in the future. Plaintiff seeks the maximum amount allowed by law.

*Attorney's fees and costs of litigation:* Should Plaintiff prevail on her claims, Plaintiff will seek to recover reasonable attorneys' fees and costs associated with the litigation. The amount of such fees and expenses continues to increase.

At a mutually convenient time and place, Plaintiff will produce for inspection all non-privileged documents in her possession, custody and control which may support claims for damages. Plaintiff will supplement or amend the damages calculations as discovery progresses.

**(7)** **Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Any applicable insurance agreements are in the Defendants' possession, custody, or control.

**(8)** **Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.**

Not applicable.

Respectfully submitted this 2nd day of February 2023.

                                              BUCKLEY BALA WILSON MEW LLP

                                              */s/ Edward D. Buckley*
                                              Edward D. Buckley
                                              Georgia Bar No. 092750
                                              edbuckley@bbwmlaw.com
                                              Paul Jay Pontrelli
                                              Georgia Bar No.  583513
                                              jpontrelli@bbwmlaw.com

600 Peachtree Street NE, Suite 3900
Atlanta, Georgia 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

*Counsel for Plaintiff*

# ATTACHMENT A

Plaintiff identifies the following individuals likely to have discoverable information relevant to this litigation. This list is based upon information currently available to Plaintiff and Plaintiff reserves the right to amend it as appropriate.

| | |
|---|---|
| Plaintiff<br>c/o Plaintiff's counsel | Plaintiff has knowledge of the facts supporting her First Amendment retaliation claim and her breach of contract claim, her damages and the fact allegations stated in her Complaint. |
| Clayton, County, GA<br>c/o its legal counsel | This Defendant has knowledge of the facts related to Plaintiff's First Amendment retaliation and breach of contract claim, as alleged in the Complaint. |
| Felicia Franklin<br>c/o her legal counsel | This Defendant has knowledge of the facts related to Plaintiff's First Amendment retaliation and breach of contract claim, as alleged in the Complaint. |
| Alieka Anderson | This Defendant has knowledge of the facts related to Plaintiff's First Amendment retaliation and breach of contract claim, as alleged in the Complaint. |
| Gail Hambrick | This Defendant has knowledge of the facts related to Plaintiff's First Amendment retaliation and breach of contract claim, as alleged in the Complaint. |
| Jeffrey Turner | In his capacity as Clayton County's Chair of the Board of Commissioners, Mr. Turner has knowledge of the facts related to Plaintiff's First Amendment retaliation and breach of contract claim, |

|  | as alleged in the Complaint. Mr. Turner is also aware of Ms. Bivins exemplary performance and great accomplishments as Clayton County CFO. Mr. Turner also knows that Clayton County agreed to pay for and paid for Ms. Bivins' courses in the Leadership and Learning in Organizations program at Vanderbilt University. He also knows that Clayton County also agreed to pay for and paid for university courses for other employees, including Clayton County Chief Operating Officer Dietrick Stanford. Mr. Turner also knows that Board stripped him of certain powers in retaliation for his support of Plaintiff. He knows that the individual Defendants offered no reason why they were terminating Ms. Bivins. |
|---|---|
| Dietrick Stanford | *See* Jeffrey Turner summary, *supra*. Mr. Stanford is also important because his employment contract, with similar terms as Plaintiff's, was never voided by the Board. He also knows about the Board not pursuing him for tuition reimbursement. |
| Charlton Bivins | Mr. Bivins has knowledge of the facts supporting Plaintiff's First Amendment retaliation claim and her breach of contract claim, her damages and the fact allegations stated in her Complaint. He is especially knowledgeable regarding the facts alleged in paragraphs 21 through 36 of the Complaint. |
| DeMont Davis | Generally aware of the fact allegations stated in paragraphs 21 through 36 of the Complaint. |

| | |
|---|---|
| Janice Scott | Generally aware of the fact allegations stated in paragraphs 21 through 36 of the Complaint. |
| Victor Hill | Generally aware of the fact allegations stated in paragraphs 21 through 36 of the Complaint. |
| Dennis Johnson | Mr. Johnson was appointed interim CFO after Defendants wrongfully terminated Plaintiff; he presumably possesses knowledge relevant to the fact allegations in the Complaint. |
| M Michelle Youngblood, Freeman, Mathis & Gary, LLP | Ms. Youngblood may possess non-privileged information related to the County's vindictive decision to challenge Plaintiff's application for unemployment benefits with the GDOL. |
| City of Riverdale Police Department | The Department and officers to be identified know about the fact allegations contained within paragraphs 21-26 of the Complaint. |
| Clayton County Chief Staff Attorney Charles Reed | Mr. Reed may possess non-privileged information related to the County's vindictive decision to pursue Plaintiff for tuition reimbursement. |
| Terminus Municipal Advisors, LLC | The audit referenced in paragraph 79 of the Complaint. |
| Individuals identified by Plaintiff or Defendant in discovery | |
| Plaintiff reserves the right to supplement her witness list during and after discovery is completed. | |
| | |

Defendant Clayton County has contact information for all its current and former

employees. Plaintiff notes that many other individuals may have information that is relevant to this case. Plaintiff expects the identities of these individuals to come to light during the discovery period in this case. Plaintiff reserves the right to alter, add to, or amend this list of individuals as discovery in this matter progresses, either by amendment to these Initial Disclosures or through the identification of said individuals in depositions or responses to written discovery requests.

## ATTACHMENT C

Plaintiff will produce all non-privileged responsive documents in her possession, custody, or control, which documents are currently believed to include:

1. Documents relating to Plaintiff's employment with Defendant Clayton County;

2. Documents relating to Plaintiff's First Amendment retaliation and breach of contract related claims;

3. Documents received pursuant to any Open Records Act requests submitted to Clayton County;

4. Any other documents arising out of or related to Plaintiff's fact allegations and claims.

This list is based on information currently known to Plaintiff, and Plaintiff will supplement this list and her production as appropriate as discovery progresses.

16

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,        )<br>                                                            )<br>        Plaintiff,                            )<br>                                                            )<br>vs.                                                      )<br>                                                            )<br>FELICIA FRANKLIN, in her individual )<br>and official capacities;                 )<br>ALIEKA ANDERSON, in her individual)<br>and official capacities;                 )<br>GAIL HAMBRICK, in her individual  )<br>and official capacities; and            )<br>CLAYTON COUNTY, GEORGIA,    )<br>                                                            )<br>        Defendants.                         )<br>_____) | CIVIL ACTION NO.:<br>1:22-cv-04149-WMR |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, I electronically filed PLAINTIFF'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system, which will automatically send notice of same to the attorneys of record who are CM/ECF participants.

BUCKLEY BALA WILSON MEW LLP

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbbwmlaw.com
