# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS,      )<br>                             )<br>    Plaintiff,               )<br>                             )<br>v.                           )<br>                             )<br>FELICIA FRANKLIN, in her individual )<br>and official capacities;     )<br>ALIEKA ANDERSON, in her individual )<br>and official capacities;     )<br>GAIL HAMBRICK, in her individual )<br>and official capacities; and )<br>CLAYTON COUNTY, GEORGIA,     )<br>                             )<br>    Defendants.              ) | CIVIL ACTION FILE NO.:<br>1:22-cv-04149-WMR |

## DEFENDANT ANDERSON'S INITIAL DISCLOSURES

COMES NOW, Defendant Alieka Anderson ("Anderson"), Defendant in the above-styled action, and by and through her undersigned counsel and pursuant to Fed. R. Civ. P. 26(a) and LR 26.1(B), N.D. Ga., hereby makes her Initial Disclosures.

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

**Response:** Defendant is properly identified. Any claim against Defendant Anderson in her official capacity has been dismissed. (Doc. 61)

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

**Response:** None.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

**Response:** Plaintiff's Complaint states claims under 42 U.S.C. § 1983 for First Amendment Retaliation against Defendant Anderson and seeks punitive damages. Defendant Alieka Anderson denies any wrongdoing and requests all fees and costs associated with the defense of this case. Defendant refers the Plaintiff to the legal citations in her Motion for Judgment on the Pleadings.

Anderson serves as a Commissioner for the Clayton County Board of Commissioners ("Board"). The Plaintiff was previously employed as Chief Financial Officer ("CFO") for the Board. On June 7, 2022, Plaintiff's employment contract was non-renewed and terminated via a majority vote (3-2). By the same majority vote, the Board declared Plaintiff's contract *ultra vires.* Anderson was one of three Commissioners who voted in favor of terminating Plaintiff's contract and declaring the contract *ultra vires.* Plaintiff contends that Anderson (and the other individually

named defendants) cast their votes to terminate her employment in retaliation for Plaintiff's husband's political activities. Thus, Plaintiff alleges that Anderson violated Plaintiff's First Amendment Right to intimate expression.

Anderson denies that Plaintiff's alleged speech, expression, or intimate association motivated the decisions and actions with respect to Anderson's vote to non-renew/terminate Plaintiff's employment. Anderson shows that she at all times acted in good faith and that her decisions as to Plaintiff's employment status were based on legitimate business reasons, including but not limited to whether the County created the Chief Financial position in accordance with Georgia law, as well as Plaintiff's employment contract being *ultra vires*. Anderson's vote to non-renew/terminate Plaintiff's employment was taken in the context of the majority of the Board of Commissioners based on legitimate business reasons, not to retaliate against the Plaintiff based on a protected First Amendment activity. As such, Anderson is entitled to qualified immunity because her action in casting her vote(s) did not violate clearly established law of which reasonable public officials would be on notice in the performance of their discretionary duties.

Finally, Plaintiff will also be unable to establish that Anderson acted with "malice" or "reckless indifference" to Plaintiff's First Amendment rights, and Plaintiff, therefore, is not entitled to punitive damages or attorney's fees.

Anderson reserves the right to supplement or amend this response after further investigation and discovery. Defendant Anderson reserves the right to supplement or amend this response, should Plaintiff file an Amended Complaint.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

**Response:** Illustrative authorities include but are not limited to the following: First Amendment of the United States Constitution and interpreting case law; 42 U.S.C. §§ 1983 and 1988 and interpreting case law, including case law detailing the principles and parameters of qualified immunity.

In addition, Defendant Anderson also refer the Plaintiff to her Motion for Judgment on the Pleadings (See Doc. 29) that was filed in this case as well as any other pleadings or motions filed in this matter. Illustrative cases and statutes include any case law or statutes referred to any briefs filed by the Defendants. See also: Gaines v. Wardynski, 871 F.3d 1203, 1213(11th Cir. 2017); Vinyard v. Wilson, 311 F.3d 1340, 1348 & n.11 (11th Cir. 2002) ("Although we cite and examine other circuits' and district courts' decisions under the first prong of *Saucier,* we point out that these decisions are immaterial to whether the law was 'clearly established' in this circuit for the second prong of *Saucier.*"); Jenkins v. Talladega City Bd. Of Educ., 115 F.3d 821, 827 n.4 (11th Cir. 1997) ("In this

circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose."); Ensley v. Soper, 142 F.3d 1402, 1406 (11th Cir. 1998) ("Any case law that a plaintiff relies upon to show that a government official has violated a clearly established right must pre-date the officer's alleged improper conduct, involve materially similar facts, and 'truly compel' the conclusion that the plaintiff had a right under federal law."); Lassiter v. Alabama A & M Univ., 28 F.3d 1146, 1150 (11th Cir. 1994) ("For qualified immunity to be surrendered, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law *in the circumstances."*); Bogle v. McLure, 332 F.3d 1347, 1355-56 (11th Cir. 2003)("the presence of a jury issue about a defendant's improper intent does not necessarily preclude qualified immunity." A defendant is entitled to qualified immunity even in a mixed-motive case, if the "record *indisputably* establishes that the defendant in fact was motivated, *at least in part,* by lawful considerations" and pre-existing law does not "dictate the merits of the case must be decided in Plaintiff's favor."); Watkins v. Central Broward Regional Park, 799 Fed. Appx. 659, 664 (11th Cir. 2020). (dismissal warranted where all of Defendants'

retaliatory actions "were not motivated" by the plaintiff's First Amendment activity.)

**(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)**

**Response:** See attachment A.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Initial Disclosures as Attachment B.)**

**Response:** See Attachment B.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)**

**Response:** See Attachment C.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)**

**Response:** Defendant is not asserting any claim for damages at this point.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

**Response:** Not Applicable.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the**

**judgment. (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)**

Response:  Defendant is not aware of any insurance for Defendant.

Respectfully submitted this 2nd day of February, 2024.

        **GDCR, LLC**
        Attorneys for Defendant Anderson

        /s/ Randall C. Farmer
        Randall C. Farmer
        Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RAMONA THURMAN BIVINS, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FELICIA FRANKLIN, in her individual ) <br> and official capacities; ) <br> ALIEKA ANDERSON, in her individual ) <br> and official capacities; ) <br> GAIL HAMBRICK, in her individual ) <br> and official capacities; and ) <br> CLAYTON COUNTY, GEORGIA, ) <br> ) <br>    Defendants. ) | CIVIL ACTION FILE NO.: <br> 1:22-cv-04149-WMR |

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, I served **DEFENDANT ANDERSON'S INITIAL DISCLOSURES** via PACER electronic delivery to the following attorney of record:

| | |
|---|---|
| Edward D. Buckley <br> Andrew R. Tate <br> Buckley Beal, LLP <br> 600 Peachtree Street NE <br> Ste. 3900 <br> Atlanta, GA 30308 <br> edbuckley@buckleybeal.com <br> atate@buckleybeal.com | Kristen S. Daughdril <br> A. Ali Sabzevari <br> Jack R. Hancock <br> Freeman Mathis & Gary, LLP <br> 100 Galleria Parkway, Ste. 1600 <br> Atlanta, GA 30339 <br> kristen.daughdril@fmglaw.com <br> asabzevari@fmglaw.com <br> jhancock@fmglaw.com |

Ken Jarrard
Melissa A. Tracy
Jarrard & Davis, LLP
222 Webb Street
Cumming, GA 30040
mtracy@jarrard-davis.com

**GDCR, LLC**
Attorneys for Defendant Anderson

/s/ Randall C. Farmer
Randall C. Farmer
Georgia Bar Number 255345

49 Atlanta Street
Marietta, Georgia 30060
Telephone: 770-422-1776
Facsimile: 770-426-6155
rfarmer@gregorydoylefirm.com

## ATTACHMENT A TO DEFENDANT'S INITIAL DISCLOSURES

The following individuals have knowledge regarding the facts and circumstances relating to Plaintiff's employment and claims:

Alieka Anderson – Dr. Anderson may have information about one or more of the facts surrounding Plaintiff's claims as well as the Plaintiff's contracts of employment and/or benefits. Dr. Anderson can be contacted through the undersigned attorney.

Ramona Bivins – Ms. Bivins may have information about one or more of the facts surrounding Plaintiff's claims as well as the Plaintiff's contracts of employment and/or benefits.  Ms. Bivins can be contacted through her attorney in this lawsuit.

Felicia Franklin – Ms. Franklin may have information about one or more of the facts surrounding Plaintiff's claims as well as the Plaintiff's contracts of employment and/or benefits.  Ms. Franklin can be contacted through her attorney in this lawsuit.

Gail Hambrick -- Ms. Hambrick may have information about one or more of the facts surrounding Plaintiff's claims as well as the Plaintiff's contracts of employment and/or benefits.  Ms. Hambrick can be contacted through her attorney in this lawsuit.

Dietrick Stanford – Mr. Stanford may have information about one or more of the facts surrounding Plaintiff's claims as well as the Plaintiff's contracts of

employment and/or benefits. Mr. Standford for can be contacted through the attorney for Clayton County Board of Commissioners.

Jeffrey Turner -- Mr. Turner may have information about one or more of the facts surrounding Plaintiff's claims as well as the Plaintiff's contracts of employment and/or benefits. Mr. Turner for can be contacted through the attorney for Clayton County Board of Commissioners.

DeMont Davis -- Mr. David may have information about one or more of the facts surrounding Plaintiff's claims as well as the Plaintiff's contracts of employment and/or benefits. Mr. Davis for can be contacted through the attorney for Clayton County Board of Commissioners.

Defendant also identifies all individuals who are identified in the co-Defendant's Initial Disclosures, as well as all individuals who are referenced by name or title in Plaintiff's Complaint, Plaintiff's Initial Disclosures, or any documents produced to Plaintiff by this Defendant, or otherwise referenced during discovery or any deposition by the Defendant.

By providing the above information, Defendant does not consent to *ex parte* communications with current supervisory employees who participated in the decisions at issue and expressly preserve all objections to any such communications.

Defendant reserves the right to supplement this list with additional witnesses that come to light during the course of further investigation and discovery in this action.

## ATTACHMENT B TO DEFENDANT'S INITIAL DISCLSOURES

Defendant has not yet determined whether it will use any expert witness in the trial of this action. Defendant will supplement this disclosure as required by Fed. R. Civ. P. 26(a)(2)(A)(B) and LR 26.1(F).

## ATTACHMENT C TO DEFENDANT'S INITIAL DISCLOSURES

The following description of documents, data compilations, and tangible things in Defendant's Anderson's possession, custody, or control may be relevant to disputed facts alleged with particularity in the pleadings. Defendant Anderson objects to producing, and will not produce, any documents protected by the attorney-client privilege, work product doctrine, or any other privilege, even if such privileged documents happen to be stored within the broad categories of documents listed below. Further, Defendant Anderson reserves the right not to produce any documents containing sensitive and/or confidential information about non-party employees or customers prior to the entry of a protective order sufficient to safeguard such information. Subject to these objections, Defendant Anderson will make the following documents available for inspection and copying at a mutually convenient time and place:

1. Any document produced during discovery by either party related to any of the Defendant's defenses or affirmative defenses;
2. The Plaintiff's employment file, including any documents or emails reflecting any compensation, benefits or reimbursements;
3. Any and all documents related to the Plaintiff's employment agreement with the Clayton County Board of Commissioners and the Board's votes on the same;
4. Any and all documents related to the creation of the Chief Financial Officer position by the Clayton County Board of Commissioners;

5. Any and all documents related to the reimbursement by the Board of Commissioners for the Plaintiff for any graduate program attended by the Plaintiff;

6. Any document produced at a deposition related to any of the Defendant's defenses or affirmative defenses;

7. Any document produced from a third party via a subpoena related to any of the Defendant's defenses or affirmative defenses; or

8. Any document produced to the Plaintiff via an open records act request regarding the case related to any of the Defendant's defenses or affirmative defenses.

Defendant Anderson reserves the right to supplement this list with additional documents that come to light during the course of further investigation and discovery in this action.

3793709v1